UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMERZBANK AG,<br><br>Plaintiff,<br><br>- against -<br><br>U.S. BANK NATIONAL ASSOCIATION and BANK OF AMERICA, N.A.,<br><br>Defendants. | Case No. 1:16-cv-04569-WHP |

**STIPULATION AND [PROPOSED] ORDER GOVERNING EXPERT DISCOVERY**

Plaintiff and Defendants (collectively, the "Parties") to the above-captioned case (hereinafter "this Action"), by and through their respective counsel, HEREBY STIPULATE AND AGREE, subject to the Court's approval, to the following procedures governing Phase I expert witness discovery and testimony in this Action:

1.     **Purpose of Stipulation.** This stipulation reflects the parties' agreement concerning the scope and timing of testifying-expert disclosure and of expert discovery during Phase 1 expert discovery.[1]  Because no agreement can anticipate every conceivable situation, a party may, for good cause shown, ask the court to expand or contract the scope of allowable discovery under this stipulation. Each party reserves the right to oppose such a request.

2.     Unless modified, this stipulation shall control the scope of allowable expert discovery during Phase I. This stipulation shall not be construed to expand the scope of discoverable information under the Federal Rules.

---

[1] Phase 1 expert discovery as defined in Court's Amended Scheduling Order dated January 25, 2019 (ECF No. 206).

3.      Nothing in this stipulation requires or permits discovery of any information that would otherwise be protected from discovery by the attorney-client privilege, work-product doctrine, or other applicable privileges or protections, or information that is irrelevant, unduly burdensome, or disproportionate to the needs of the case.

4.      **Timing and Content of Expert Reports.** Nothing in this stipulation modifies any prior order of the Court concerning the timing of Phase 1 expert testimony. Except as set forth in Paragraph 5, all expert reports shall include the information required by Fed. R. Civ. P. 26(a)(2)(B).

5.      **Timing of Disclosure and Automatic Disclosure of Information Relied Upon.** Within a reasonable time following disclosure of expert reports, and in no event later than 3 calendar days after such disclosure, each party shall provide copies of all non-public facts or data on which the testifying experts relied in forming their opinions subject to paragraphs 6 and 7 below. Facts or data considered by the expert, but not relied upon, need not be produced and shall not be the subject of discovery.

6.      If an expert relies upon information, or data results generated, processed, or modeled by computer, the parties must produce materials sufficient to permit the receiving party to replicate or test the documents or analyses, including:

(a)      Machine-readable copies of the input data;

(b)      Computer program(s) or data that are not publicly or commercially available; and

(c)      Codes and instructions necessary to generate the documents or analyses.

7.      These items may be identified rather than produced:

(a)      Documents produced in this action may be identified by Bates numbers or exhibit numbers;

(b)     Transcripts of depositions taken, produced, or provided in this action may be identified by witness and date;

(c)     Exhibits at depositions in this action may be identified by exhibit number; and

(d)     Publically available articles, cases, statutes, journals, treatises, regulatory filings, or other sources may be identified in a way permitting parties to locate and access them.

8.     **Seeking Additional Documents or Disclosure Concerning Experts.** The parties agree that they will not seek expert witness discovery beyond the discovery specified in this stipulation except for good cause shown, with the exception that the parties currently disagree whether expert witnesses' prior deposition transcripts and prior reports are subject to discovery. The parties will continue to meet and confer regarding the permissibility and scope of such requests, and in the event they cannot agree, they will raise the issue with the Court by joint letter.

9.     **Consulting Experts.** The Parties agree that there shall be no discovery, disclosures, or questioning of testifying experts at deposition, hearing, or trial with respect to consulting experts except as expressly required by the Federal Rules.  For the sake of clarity, this paragraph includes any form of communication between expert witnesses and/or their staff, supporting firms, and consulting experts.

10.     **No Limitations on Examination.** Except as expressly stated in this stipulation, nothing in this stipulation limits the scope or substance of allowable questioning at a deposition or trial. All objections to such questioning are preserved.

11.     **Objections Are Preserved.** Nothing herein shall limit or waive any Party's right to object to the admission into evidence of any opposing Party's expert witness report or opinion(s) or other materials, or to the qualification of any person to serve as an expert

witness, or to any methodology employed by an expert in rendering the Expert's opinion(s).

12. **No Subpoena is Necessary for this Disclosure or for Expert Depositions.**
The parties will take the following actions without the need for subpoena: (1) produce the information required by this stipulation; and (2) make their experts available for deposition without any subpoena.

13. **Procedures to Resolve Disputes Concerning this Agreement.** The parties agree that disagreements concerning this stipulation should be raised and considered promptly in order to permit timely use of discoverable information. If a party believes a production or response is insufficient, it will promptly notify the producing party in a brief letter detailing the nature and reasons supporting the asserted deficiency. The producing party will respond to the notice of deficiency within 3 business days by either (a) committing to produce the requested material by a reasonable, specific date; or (b) stating the reasons for its disagreement. The parties will promptly meet and confer, and if the parties are not able to resolve the issues through good faith discussion they will submit a joint letter of their respective positions to the Court within five business days of the initial notice of deficiency.

14. **Counterparts, Effective Date, and Amendment.** This Stipulation and Order may be executed in counterparts. The stipulation becomes effective upon approval by the Court. Once effective, it may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

Dated:  April 1, 2019

WOLLMUTH MAHER & DEUTSCH LLP

*Ryan A. Kane*

David H. Wollmuth
Ryan A. Kane
Philip R. Schatz
Roselind F. Hallinan
Bridget E. Croutier
500 Fifth Avenue
New York, NY 10110
(212) 382-3300; 212-382-0050 (fax)
dwollmuth@wmd-law.com
rkane@wmd-law.com
pschatz@wmd-law.com
rhallinan@wmd-law.com
bcroutier@wmd-law.com
*Attorneys for Commerzbank AG*

JONES DAY

David F. Adler
Louis A. Chaiten
Shimshon Balanson
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939; (216) 579-0212 (fax)
dfadler@jonesday.com
lachaiten@jonesday.com
sbalanson@jonesday.com

Michael T. Marcucci
100 High Street, 21st Floor
Boston, Massachusetts  02110-1781
(617) 960-3939; (617) 449-6999 (fax)
mmarcucci@jonesday.com

Albert J. Rota
2727 North Harwood Street
Dallas, Texas  75056
(214) 220-3939; (214) 901-5100
ajrota@jonesday.com

Samuel L. Walling
90 South Seventh Street, Suite 4950
Minneapolis, Minnesota  55402
(612) 217-8800; (844) 345-3178 (fax)
swalling@jonesday.com

Andrew S. Kleinfeld
250 Vesey Street
New York, New York  10281-1047
(212) 326-3939; (212) 755-7306 (fax)
askleinfeld@jonesday.com

*Attorneys for Defendant U.S. Bank National
Association*

5

MUNGER TOLLES & OLSON LLP

_____

James Rutten
Jacob Kreilkamp
Wesley T.L. Burrell
Adam P. Barry
Matthew K. Donohue
Nicholas S. Dufau

350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-1560
(213) 683-9100; (213) 683-5147 (fax)
james.rutten@mto.com
jacob.kreilkamp@mto.com
wesley.burrell@mto.com
adam.barry@mto.com
matthew.donohue@mto.com
nick.dufau@mto.com

SIDLEY AUSTIN LLP
David F. Graham
One South Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7000
dgraham@sidley.com

Isaac S. Greaney
Daniel Gimmel
Jon W. Muenz
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-7324
igreaney@sidley.com
dgimmel@sidley.com
jmuenz@sidley.com

*Attorneys for Bank of America, N.A.*

SO ORDERED.

Dated:  April ___, 2019
        New York, New York

_____
William H. Pauley
United States District Judge