# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

————————

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

July 15, 2019

*By ECF*
Hon. William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

*Commerzbank AG v. U.S. Bank Nat'l Ass'n et al.*, No. 16-cv-04569 (WHP)
**Subject: Deadline to Respond to USB's Motion for Clarification [ECF 278]**

Dear Judge Pauley:

We write to confirm our deadline to respond to U.S. Bank's letter filed on Friday [ECF 278], which can perhaps best be characterized as a motion for clarification. Essentially, U.S. Bank contends that it understands the Court's September 27, 2017 order to dismiss all tort claims as well as contract claims for 17 trusts pursuant to so-called no-action clauses.

We are perplexed that U.S. Bank waited until the eve of summary judgment to request this clarification because U.S. Bank has known that Plaintiff understood the tort claims to survive the order *since December 2017*,[1] and the parties have engaged in vigorous fact and expert discovery as to the 17 trusts since then. U.S. Bank's letter raises a host of arguments and cases that were not previously briefed because U.S. Bank previously only moved to dismiss contract claims based on the no-action clauses. The appropriate place to brief these issues is in U.S. Bank's forthcoming summary judgment motion, not by letters on the eve of summary judgment.

Be that as it may, we cannot find a direct reference to this type of letter in the Court's rules, and we ask for the opportunity to respond to U.S. Bank's letter before the Court considers it to the extent that the Court does not direct U.S. Bank to raise its new no-action clause arguments in its summary judgment motion. We ask for 5 business days, through and until July 19, 2019, to respond to U.S. Bank's letter motion for clarification.

Respectfully Submitted,

*/s/ Ryan A. Kane*

Ryan A. Kane

cc: Counsel of Record (via ECF)

---

[1] On this date, in connection with negotiating a case schedule, we informed U.S. Bank's counsel by email that the tort claims remained in the case for these 17 trusts.