| | |
|---|---|
| COMMERZBANK AG, | Case No. 1:16-cv-04569-WHP |
| Plaintiff, | ECF Case |
| - against - | |
| U.S. BANK NATIONAL ASSOCIATION and BANK OF AMERICA, N.A., | |
| Defendants. | |

**DECLARATION OF MICHAEL T. MARCUCCI IN SUPPORT OF**
**U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR PARTIAL SUMMARY**
**JUDGMENT**

I, MICHAEL T. MARCUCCI, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am a partner in the law firm of Jones Day, and I am admitted *pro hac vice* as counsel for Defendant U.S. Bank National Association ("U.S. Bank") in the above-captioned action.   I submit this declaration in support of U.S. Bank's Motion for Summary Judgment ("Motion").  This declaration is made based on my personal knowledge.

2.     U.S. Bank is being sued in the above-referenced Action in its capacity as trustee of the following 56 residential mortgage-backed security ("RMBS") trusts:  ABSHE 2005-HE8; ABSHE 2006-HE1; ABSHE 2006-HE5; BSARM 2006-2; BSABS 2005-EC1; BSABS 2005-HE4; BSABS 2005-HE7; BSABS 2005-HE9; BSABS 2005-HE10; CHASE 2006-A1; CMLTI 2005-10; CMLTI 2005-HE1; CMLTI 2005-HE3; CMLTI 2005-HE4; CMLTI 2006-AR7; CMLTI 2006-NC2; CMLTI 2006-WFHE2; CMLTI 2006-WFHE3; CMLTI 2006-WFHE4; CMLTI 2007-AMC2; CMLTI 2007-AR1; CMLTI 2007-WFHE1; CMLTI 2007-WFHE2; CSAB 2006-4; FFMER 2007-2; GSAA 2006-12; GSAA 2007-1; GSAMP 2006-HE5; GSAMP 2006-HE6; HEAT 2005-2; HEAT 2005-4; HEAT 2005-9; HEAT 2006-4; HEAT 2006-6; HEAT 2007-2; JPALT

2006-A6; JPALT 2007-S1; JPMAC 2005-FRE1; JPMAC 2005-WMC1; JPMAC 2006-CH1; JPMAC 2006-CH2; JPMAC 2006-CW2; JPMAC 2006-NC2; MABS 2005-FRE1; MABS 2006-AM2; MABS 2006-AM3; MABS 2006-NC2; MARM 2007-HF2; MLMI 2006-AHL1; MSM 2006-15XS; SABR 2006-WM1; SURF 2007-BC1; WAMU 2007-OA2; WAMU 2007-OA6; WMALT 2007-OA2; and WMALT 2007-OC1 (the "Covered Trusts" and each a "Covered Trust").

3.      Each Covered Trust is governed by several agreements, including, as applicable, a Pooling and Servicing Agreement or Master Servicing and Trust Agreement (each, a "PSA"), a Mortgage Loan Purchase Agreement ("MLPA") or Mortgage Loan Purchase and Warranties Agreement ("MLPWA"), and a Custodial Agreement (collectively, the "Governing Agreements").

4.      Attached hereto as Exhibit 1 is "Exhibits Submitted With Moving Papers, August 1, 2019", an index of the exhibits to this Declaration.

5.      Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's Complaint in this action, redacted to remove references to allegations or information dated later than December 31, 2011.

     5.1      I supervised the preparation of this exhibit.

     5.2      To prepare this exhibit, a copy of Plaintiff's Complaint in this action was reviewed for information or allegations dated later than December 31, 2011. Where post-2011 information or allegations were identified in the Complaint, those statements were redacted.

     5.3      To the extent that a statement or assertion in the Complaint relied on citations or information from both before and after December 31, 2011, the statement or

assertion was left unredacted, but any supporting citation dated after December 31, 2011 was redacted.

5.4 The Complaint was filed by Plaintiff and is therefore available for Plaintiff to review.

6. Attached hereto as Exhibit 3 are true and correct copies of excerpts of the PSAs for the Covered Trusts, as cited in U.S. Bank's Motion and Statement of Undisputed Facts.

7. Attached hereto as Exhibit 4 is a true and correct copy of the cited excerpts of the Prospectus for the ABSHE 2006-HE1 trust, previously produced in this action at USBCOMMERZ00285268.

8. Attached hereto as Exhibit 5 is a true and correct copy of the PSA for the HEAT 2006-4 trust, previously produced in this action at USBCOMMERZ00037191.

9. Attached hereto as Exhibit 6 is a true and correct copy of the Instrument of Appointment and Acceptance of Successor Trustee and Custodian for the MSM 2006-15XS trust, dated October 31, 2008, previously produced in this action at USBCOMMERZ00014339.

10. Attached hereto as Exhibit 7 is a true and correct copy of the Instrument of Appointment and Acceptance of Successor Trustee for the WMALT 2007-OA2 trust, dated February 9, 2009, previously produced in this action at USBCOMMERZ00847178.

11. Attached hereto as Exhibit 8 is a true and correct copy of the Instrument of Appointment and Acceptance of Successor Trustee for the FFMER 2007-2 trust, dated March 31, 2009, previously produced in this action at USBCOMMERZ00754030.

12. Attached hereto as Exhibit 9 is a true and correct copy of the Instrument of Appointment and Acceptance of Successor Trustee for the MLMI 2006-AHL1 trust, dated March 31, 2009, previously produced in this action at USBCOMMERZ00753703.

13. Attached hereto as Exhibit 10 is a true and correct copy of an affidavit from Charles F. Pedersen, and its accompanying schedule, providing dates for which U.S. Bank succeeded to the role of Trustee for certain trusts, previously produced in this action at USBCOMMERZ00941123.

14. Attached hereto as Exhibit 11 is a true and correct copy of the Omnibus Instrument of Acceptance of U.S. Bank National Association as Successor Trustee or Indenture Trustee and Related Ancillary Trust Roles for the GSAMP 2006-HE5 trust, dated March 23, 2011, previously produced in this action at USBCOMMERZ00850888.

15. Attached hereto as Exhibit 12 is a true and correct copy of an August 1, 2011 letter from Standard & Poor's to U.S. Bank, confirming that the transfer of trustee duties from Bank of America to U.S. Bank will not result in a ratings downgrade and making the transfer of trustee duties effective, previously produced in this action at USBCOMMERZ00850902.

16. Attached hereto as Exhibit 13 is Chart 1 ("Number Of Loans In Each Of The Covered Trusts At Closing"), submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

16.1 I supervised the preparation of this chart. Based on the process used to create it, this chart summarizes the total number of mortgage loans in each Covered Trust, as listed in each Prospectus Supplement for the Covered Trusts.

16.2 To prepare the chart, Prospectus Supplements for each Covered Trust were reviewed to ascertain the total number of loans in each Covered Trust, as reflected in each Prospectus Supplement.

16.3 This chart reflects the total number of loans listed in each Prospectus Supplement for the 56 Covered Trusts.

16.4     The Prospectus Supplements were collected from U.S. Bank's records and were previously produced to Plaintiff in this action and are therefore available to Plaintiff to review.

17.     Attached hereto as Exhibit 14 is a true and correct copy of the cited excerpts of Commerzbank's Supplemental Responses and Objections to Interrogatories 1, 3, 4, and 5 of U.S. Bank National Association's First Set of Interrogatories to Commerzbank AG, and Exhibit A thereto, dated December 7, 2018.

18.     Attached hereto as Exhibit 15 are Chart 2-A ("The Covered Trusts' Certificates And The Related Entity Or Transaction: Eurohypo Certificates And Eurohypo NAC Certificates"), Chart 2-B ("The Covered Trusts' Certificates And The Related Entity Or Transaction: Duke Repo Certificates"), Chart 2-C ("The Covered Trusts' Certificates And The Related Entity Or Transaction: Palmer Square 3 Certificates And Palmer Square 3 NAC Certificates"), Chart 2-D ("The Covered Trusts' Certificates And The Related Entity Or Transaction: Barrington II Certificates And Barrington II NAC Certificates"), Chart 2-E ("The Covered Trusts' Certificates And The Related Entity Or Transaction: FFMER 2007-2 Certificate"), and Chart 2-F ("The Covered Trusts' Certificates And The Related Entity Or Transaction: Cambridge 1 CIRC Certificates"), identifying the specific RMBS certificates (the "Certificates") at issue in this action. These charts are submitted under Federal Rule of Evidence 1006 as a summary of voluminous documents.

18.1     I supervised the process of preparing these charts, which summarize information regarding Plaintiff's RMBS holdings contained on Plaintiff's Complaint and the exhibits thereto, Plaintiff's interrogatory responses, and

other documents produced in this action. Based on the process used to create them, these charts reflect the contents of these materials.

18.2 To prepare the charts, Exhibit B to Plaintiff's Complaint was reviewed and reorganized into sub-charts based on the assigning (if any) entity or transaction from or through which Plaintiff allegedly acquired the Certificates. Information contained in the chart columns labeled "Trust," "ISIN Code," "Tranche," and "Purchase Amount" reflects information contained in Exhibit B to Plaintiff's Complaint or Exhibit A to Plaintiff's Supplemental Responses and Objections to Interrogatories 1, 3, 4 and 5 of U.S. Bank National Association's First Set of Interrogatories to Commerzbank AG, dated Dec.7, 2018 ("Exhibit A to Plaintiff's Response to Interrogatory No. 1").

18.3 Where Exhibit B to Plaintiff's Complaint did not identify an "assignor," Exhibit A to Plaintiff's Response to Interrogatory No. 1, as well as documents produced in this action at CB_USB00604721, CB_USB00333463, and CB_USB00333465 were reviewed to determine the assignor.

18.4 The Complaint and the exhibits thereto, Exhibit A to Plaintiff's Response to Interrogatory No. 1, and the documents produced in this action were all prepared, and filed or served, or otherwise available to Plaintiff in this action, and are therefore available to Plaintiff to review.

19. Attached hereto as Exhibit 16 is a true and correct copy of the publication "Commerzbank Prefers to Stay Solo" written by Carter Dougherty and published in the New York Times on November 15, 2005, available at

https://www.nytimes.com/2005/11/15/business/worldbusiness/commerzbank-prefers-to-stay-solo.html.

20.     Attached hereto as Exhibit 17 is a true and correct copy of the cited excerpts of the Dresdner Bank AG Financial Report 2008, available at https://www.commerzbank.com/media/aktionaere/aktuell/Finanzbericht_AG_englisch_09-03-26.pdf.

21.     Attached hereto as Exhibit 18 is a true and correct copy of a Commerzbank Press Release, titled "Dresdner Bank Merged Into Commerzbank," dated May 11, 2009, available at https://www.commerzbank.com/en/hauptnavigation/presse/pressemitteilungen/archiv1/2009/quartal_09_02/presse_archiv_detail_09_02_5610.html.

22.     Attached hereto as Exhibit 19 is a true and correct copy of Dresdner's "Commitment Committee - SPV Approval" form concerning Palmer Square 3, previously produced in this action at CB_USB06065786.

23.     Attached hereto as Exhibit 20 is a true and correct copy of the "Barrington II ABS Collaterlised Debt Obligation" SPOC Presentation dated November 2006, previously produced in this action at CB_USB00300636.

24.     Attached hereto as Exhibit 21 is a true and correct copy of the spreadsheet included in an analysis prepared for Commerzbank, previously produced in this action at CB_USB00604721.

25.     Attached hereto as Exhibit 22 is a true and correct copy of the document titled "3.2.1.1.3.2 Consolidation aspects," previously produced in this action at CB_USB04334270.

26.     Attached hereto as Exhibit 23 is a true and correct copy of an email from Juliet Ward dated November 26, 2009 attaching a spreadsheet listing the Cambridge 1 CIRC assets, previously produced in this action at CB_USB00333463 and CB_USB00333465.

27.     Attached hereto as Exhibit 24 is a true and correct copy of the "U.S. Residential Mortgage Exposure - Deterioration of the Sub-prime Market" memorandum dated March 15, 2007, previously produced in this action at CB_USB02783162.

28.     Attached hereto as Exhibit 25 is a true and correct copy of cited excerpts of the transcript of the deposition of Robert Boelstler in *Commerzbank AG v. Bank of New York Mellon et al.*, Case No. 15-cv-10029 (S.D.N.Y.), dated October 19, 2018, previously produced by Plaintiff in this action.

29.     Attached hereto as Exhibit 26 are Chart 3-A ("New York Governing Law Provisions: Trusts For Which, Under BANA's Arguments, The Governing Law Provision Supplies The Applicable Statute Of Limitations"), Chart 3-B ("New York Governing Law Provisions: Trusts For Which, Under BANA's Arguments, The Governing Law Provision Would Not Supply The Applicable Statute Of Limitations"), and Chart 3-C ("Delaware Governing Law Provisions: Trusts For Which, Under BANA's Arguments, The Governing Law Provision Supplies The Applicable Statute Of Limitations"), containing the governing law provisions extracted from each of the PSAs for the Covered Trusts, submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

29.1    I supervised the process of preparing these charts, as well as all other charts cited herein that summarize the content of the Governing Agreements for the Covered Trusts. Based on the process used to create them, these charts reflect the contents of the Governing Agreements cited therein.

29.2   To prepare the charts, the Governing Agreements for each of the Covered Trusts were reviewed and significant provisions in each of the Governing Agreements were compared to identify provisions in the Covered Trusts that were materially similar to one another.

29.3   Having determined that provisions of certain Covered Trusts were materially similar, the relevant contractual provisions were grouped into categories that reflected the content of the provisions.  The groupings of materially similar provisions were then reviewed against the Governing Agreements to confirm that the relevant provisions were placed into the proper grouping.

29.4   For certain of the charts summarizing the content of the Governing Agreements for the Covered Trusts, the relevant provision for each trust in the chart has been transcribed into the chart.  For all other charts summarizing the content of the Governing Agreements for the Covered Trusts, a sample provision for each category of contractual provisions was transcribed and a chart was prepared listing all other Covered Trusts with, and citations to, Governing Agreements containing substantially and materially identical language for purposes of the Motion.

29.5   The Governing Agreements cited in the various charts attached to this declaration were collected from U.S. Bank's records and were all previously produced to Plaintiff in this action, or were previously filed in this case or are otherwise publicly available and attached to this Declaration, and are therefore available to Plaintiff to review.

30.     Attached hereto as Exhibit 27 are Chart 4-A ("U.S. Bank's Duties Limited To Those Specifically Set Forth In The PSA") and Chart 4-B ("U.S. Bank's Duties Are Determined Solely By The Express Provisions Of The PSA"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

31.     Attached hereto as Exhibit 28 are Chart 5-A ("The PSA Does Not Impose An Obligation On U.S. Bank To Monitor The Servicer Or Master Servicer"), Chart 5-B ("The Master Servicer Is Obligated To Monitor The Servicer"), Chart 5-C ("U.S. Bank Is Not Responsible Or Liable For The Manner Of Performance Or Conduct Of The Servicer Or Master Servicer"), Chart 5-D ("The Master Servicer Is Required To Monitor The Servicer And U.S. Bank Is Not Responsible For The Manner Of Performance Of The Master Servicer And/Or Servicer"), and Chart 5-E ("U.S. Bank Has No Responsibility Or Liability For Servicer Conduct And Is Not Obligated To Supervise Or Monitor The Servicer"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

32.     Attached hereto as Exhibit 29 is Chart 6 ("U.S. Bank Is Not Required To Investigate Facts And Matters Absent Direction And Indemnification"), setting forth a sample provision and identifying provisions from Covered Trusts that are substantially identical for purposes of the Motion.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

33.     Attached hereto as Exhibit 30 is Chart 7 ("U.S. Bank Has No Duty To Spend Funds Without Assured Repayment"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

34.     Attached hereto as Exhibit 31 are Chart 8-A ("U.S. Bank's Permissive Rights Under The PSAs Shall Not Be Construed As Duties") and Chart 8-B ("U.S. Bank's Right To Perform Discretionary Acts Shall Not Be Construed As A Duty"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion.  These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

35.     Attached hereto as Exhibit 32 is Chart 9 ("No Implied Covenants Or Obligations May Be Imposed Against U.S. Bank"), setting forth a sample provision and identifying provisions from other trusts that are substantially identical for purposes of the Motion.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

36.     Attached hereto as Exhibit 33 are Chart 10-A ("U.S. Bank May Conclusively Rely On The Truth Of Statements In Certificates Or Opinions") and Chart 10-B ("U.S. Bank May Conclusively Rely And Is Protected In Acting Or Refraining From Acting Upon Documents"), setting forth sample provisions and identifying provisions from other trusts that are substantially identical for purposes of the Motion.  These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

37.     Attached hereto as Exhibit 34 is Chart 11 ("U.S. Bank Is Not Liable For Any Action Taken Or Omitted By It In Good Faith"), setting forth a sample provision and identifying provisions from other trusts that are substantially identical for purposes of the Motion.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

38.     Attached hereto as Exhibit 35 is Chart 12 ("Certificateholders May Direct U.S. Bank To Exercise Any Of Its Rights Under The PSAs"), setting forth a sample provision and identifying provisions from other trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

39.     Attached hereto as Exhibit 36 are Chart 13-A ("Event Of Default Defined As Servicer Material Breach That Continues Unremedied After Written Notice To The Servicer"), Chart 13-B ("Event Of Default Defined As Master Servicer Material Breach That Continues Unremedied After Written Notice To The Master Servicer"), Chart 13-C ("Event Of Default Defined As Servicer Material Breach That Continues Unremedied After The Earlier Of Written Notice To The Servicer Or Actual Knowledge By A Servicing Officer Of The Servicer"), Chart 13-D ("Event Of Default Defined As Servicer Material Breach That Continues Unremedied After Written Notice To The Servicer Or Actual Knowledge Of The Servicer, Or Master Servicer Material Breach That Continues Unremedied After Written Notice To The Master Servicer Or Actual Knowledge Of The Master Servicer"), Chart 13-E ("Event Of Default Defined As Master Servicer Material Breach That Continues Unremedied After The Earlier Of Written Notice To The Master Servicer Or Actual Knowledge Of The Master Servicer"), Chart 13-F ("Event Of Default Defined As Servicer Or Master Servicer Material Breach That Continues Unremedied After

Written Notice To The Servicer Or Master Servicer"), Chart 13-G ("Event Of Default Defined As Servicer Material Breach That Continues Unremedied After Written Notice To The Servicer Or Actual Knowledge Of The Servicer, Or Master Servicer Material Breach That Continues Unremedied After Written Notice To The Master Servicer"), and Chart 13-H ("Event Of Default Defined As Depositor Material Breach That Continues Unremedied After Written Notice To The Depositor"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

40.     Attached hereto as Exhibit 37 is a true and correct copy of the "Credit Report: Corporate (Watchlist/Workout Unit)" related to the Duke Repo, previously produced in this action at CB_USB00453852.

41.     Attached hereto as Exhibit 38 is a true and correct copy of the Master Repurchase Agreement by and between Duke Funding High Grade II-S/EGAM I, Ltd. and Dresdner Bank AG, dated March 15, 2006, previously produced in this action at CB_USB07211602.

42.     Attached hereto as Exhibit 39 is a true and correct copy of the document titled "Credit Closeout – Project Jazz" dated December 12, 2007, previously produced in this action at CB_USB00760465.

43.     Attached hereto as Exhibit 40 is a true and correct copy of the spreadsheet referenced in the "Credit Closeout - Project Jazz" document dated December 12, 2007, previously produced in this action at CB_USB00760488.

44.     Attached hereto as Exhibit 41 is a true and correct copy of an email dated August 20, 2007 and excerpts of an attached spreadsheet concerning Dresdner's repo transactions, previously produced in this action at CB_USB02590813 and CB_USB02590818.

44.1    To prepare the PDF excerpt of the native Excel spreadsheet, the worksheet titled "Counterparty Summary" was excluded.

44.2    The worksheet titled "All Positions" was filtered to show only information relating to the following Duke Repo Certificates: BSARM 2006-2 3A3, CMLTI 2006-AR7 1A3B, JPALT 2006-A6 2A8, MABS 2006-AM2 A4, MABS 2006-AM3 A4, and SABR 2006-WM1 A2C.

44.3    Several irrelevant columns in the "All Positions" worksheet were excluded and all remaining content was then converted to PDF.

45.     Attached hereto as Exhibit 42 is a true and correct copy of Defendants' First Joint Set of Requests for Production to Plaintiff, dated November 18, 2016.

46.     Attached hereto as Exhibit 43 is a true and correct copy of a letter from Samuel L. Walling to Ryan A. Kane dated February 22, 2019 concerning outstanding discovery requests or items missing from Plaintiff's productions.

47.     Attached hereto as Exhibit 44 is a true and correct copy of cited excerpts of the transcript of the deposition of Commerzbank's Rule 30(b)(6) corporate witness Robert Boelstler in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.,* Case No. 16-cv-04569-WHP (S.D.N.Y.), dated April 26, 2019.

48.     Attached hereto as Exhibit 45 is a true and correct copy of "Defendants' Joint Notice of Rule 30(b)(6) Deposition to Plaintiff" entered as Exhibit 1278 in the deposition of

Commerzbank's Rule 30(b)(6) corporate witness Robert Boelstler in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 16-cv-04569-WHP (S.D.N.Y.), dated April 26, 2019.

49.     Attached hereto as Exhibit 46 is Chart 14 ("Sale Information Concerning The Sold Certificates And Sold NAC Certificates"), identifying those at-issue RMBS certificates sold by Plaintiff to third parties in 2011 and 2012 (the "Sold Certificates").  This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous documents.

49.1     I supervised the process of preparing this chart, which summarizes information regarding Plaintiff's RMBS holdings contained on Plaintiff's Complaint and the exhibits thereto, Exhibit A to Plaintiff's Response to Interrogatory No. 1, and other documents produced in this action.  Based on the process used to create them, these charts reflect the contents of these materials.

49.2     To prepare the chart, Exhibit B to the Complaint and Exhibit A to Plaintiff's Response to Interrogatory No. 1 were reviewed, along with documents produced in this action, to determine which Certificates had been sold by Plaintiff to third parties prior to the filing of this action.  The documents produced in this action that were reviewed to prepare this Chart were identified to U.S. Bank by Plaintiff in a January 22, 2019 email transmitting a spreadsheet of materials related to Exhibit A to Plaintiff's Response to Interrogatory No. 1.

49.3     Exhibit B to Plaintiff's Complaint was reviewed according to the process described in paragraph 18, above.  Information contained in the chart columns labeled "Trust," "Tranche," and "Sale Date" reflects information contained in Exhibit B to Plaintiff's Complaint.  Information contained in the chart columns labeled "Related Transaction," "Seller's DTC Depot and Nostro Account,"

"Purchaser," and "Purchaser's DTC Depot and Nostro Account" reflects information contained in the reviewed Exhibits and production documents.

49.4 The Complaint and the exhibits thereto, Exhibit A to Plaintiff's Response to Interrogatory No. 1, and the documents produced in this action were all prepared, and filed or served, or otherwise available to Plaintiff in this action, and are therefore available to Plaintiff to review.

50. Attached hereto as Exhibit 47 is a true and correct copy of a trade ticket for MSM 2006-15XS A3 dated June 11, 2012, previously produced in this action at DCP_THR_03038218.

51. Attached hereto as Exhibit 48 is a true and correct copy of a trade ticket for HEAT 2005-9 M2 dated August 14, 2012, previously produced in this action at DCP_THR_03376860.

52. Attached hereto as Exhibit 49 is a true and correct copy of cited excerpts of the transcript of the deposition of Oliver Bader in *Commerzbank AG v. HSBC Bank USA, Nat'l Ass'n*, Case No. 15-cv-10032 (S.D.N.Y.), dated April 5, 2017, previously produced by Plaintiff in this action.

53. Attached hereto as Exhibit 50 is a true and correct copy of the Issuer Letter of Representations related to BSABS 2005-HE7 dated July 29, 2005, previously produced in this action at USBCOMMERZ00293210.

54. Attached hereto as Exhibit 51 is a true and correct copy of the document titled "Credit Synopsis Stock Exchanges" concerning the Depository Trust & Clearing Corporation, dated April 6, 2015, previously produced in this action at CB_USB02339765.

55. Attached hereto as Exhibit 52 is a true and correct copy of the cited excerpts of the Depository Trust Company: Disclosure Framework for Covered Clearing Agencies and Financial Market Infrastructures (Dec. 2018), available at

http://www.dtcc.com/~/media/Files/Downloads/legal/policy-and-

compliance/DTC_Disclosure_Framework.pdf.

56.     Attached hereto as Exhibit 53 is a true and correct copy of the cited excerpts of the

Rules, By-Laws, and Organization Certificate of the Depository Trust Company, available at

http://www.dtcc.com/~/media/Files/Downloads/legal/rules/dtc_rules.pdf.

57.     Attached hereto as Exhibit 54 is Chart 15 ("Sold Certificates And Sold NAC

Certificates Transferred Through DTC"), setting forth sample provisions and identifying

provisions from other trusts that are substantially identical for purposes of the Motion.  This chart

is limited to those trusts identified on Chart 14, according to the procedure described in Paragraph

48.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to

the procedure described in Paragraph 29.

58.     Attached hereto as Exhibit 55 is a true and correct copy of cited excerpts of the

transcript of the 30(b)(6) deposition of Robert Boelstler in *Commerzbank AG v. Deutsche Bank

Nat'l Trust Co., et al.*, Case No. 15-cv-10031 (S.D.N.Y.), dated March 9, 2018, previously

produced by Plaintiff in this action.

59.     Attached hereto as Exhibit 56 is a true and correct copy of cited excerpts of the

transcript of the 30(b)(6) deposition of Simon Bowmer in *BlackRock Allocation Target Shares:

Series S Portfolio, et al. v. Wells Fargo Bank, National Association*, Case No. 14-cv-9731

(S.D.N.Y.), dated June 7, 2017, previously produced by Plaintiff in this action.

60.     Attached hereto as Exhibit 57 is a true and correct copy of the "DTC Participant

Report (Numerical Sort)," available at http://www.dtcc.com/~/media/Files/Downloads/client-

center/DTC/numerical.pdf (last updated June 30, 2019).

61.     Attached hereto as Exhibit 58 is a true and correct copy of the email from Rainer Zorn to Sylvia Charmant dated November 16, 2011, previously produced in this action at CB_USB00038813.

62.     Attached hereto as Exhibit 59 is a true and correct copy of the email from Rainer Zorn to Robert Boelstler dated November 18, 2011, previously produced in this action at CB_USB00082136.

63.     Attached hereto as Exhibit 60 is a true and correct copy of an email from Robert Glover at Citi dated August 13, 2015 concerning "US RMBS BWIC," previously produced in this action at CB_USB01506466.

64.     Attached hereto as Exhibit 61 is a true and correct copy of an email from Bob Rosman at Wells Fargo dated August 13, 2015 concerning "US RMBS BWIC," previously produced in this action at CB_USB01506468.

65.     Attached hereto as Exhibit 62 is a true and correct copy of an October 26, 2007 Notice from U.S. Bank to Holders of MABS 2006-AM2, previously produced in this action at USBCOMMERZ00742685.

66.     Attached hereto as Exhibit 63 is a true and correct copy of an October 26, 2007 Notice from U.S. Bank to Holders of MABS 2006-AM3, previously produced in this action at USBCOMMERZ00742688.

67.     Attached hereto as Exhibit 64 is a true and correct copy of the cited excerpts of a September 21, 2009 Notice to Holders of MABS 2005-FRE1, previously produced in this action at USBCOMMERZ00903587.

68.     Attached hereto as Exhibit 65 is a true and correct copy of a November 1, 2011 Notice from U.S. Bank to Holders of CMLTI 2006-AR7, previously produced in this action at USBCOMMERZ00826695.

69.     Attached hereto as Exhibit 66 is a true and correct copy of the cited excerpts of the Offering Circular for the Barrington II CDO, dated June 25, 2007, publicly available at https://www.ise.ie/debt_documents/barr_7434.pdf.

70.     Attached hereto as Exhibit 67 is a true and correct copy of Chart 16 ("U.S. Bank Is Not Required To Institute Litigation Absent Direction And Indemnification"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

71.     Attached hereto as Exhibit 68 is a true and correct copy of a Notice from U.S. Bank regarding the GSAMP 2006-HE6 trust, dated September 23, 2009, previously produced in this action at USBCOMMERZ00938942.

72.     Attached hereto as Exhibit 69 is a true and correct copy of Commerzbank's presentation "Creating the Pre-Eminent Commercial Bank in Germany: Acquisition of Eurohypo" dated November 17, 2005, available at https://www.commerzbank.com/media/aktionaere/service/archive/vortrag/2005_4/conference_call_051117.pdf.

73.     Attached hereto as Exhibit 70 is a true and correct copy of the Complaint in *Commerzbank AG London Branch v. UBS AG*, No. 654464/2013, NYSCEF No. 28 (N.Y. Sup. Ct. May 20, 2014).

74. Attached hereto as Exhibit 71 is a true and correct copy of the cited excerpts of Commerzbank's 2005 Annual Report, available at https://www.commerzbank.de/media/aktionaere/service/archive/konzern/2005_3/gb2005/downlo ad/commerz_gb_e_2005.pdf.

75. Attached hereto as Exhibit 72 is a true and correct copy of a December 13, 2005 memorandum to the Board of Directors from J.T. Coe and M. Seimetz, previously produced in this action at CB_USB00000783.

76. Attached hereto as Exhibit 73 is a true and correct copy of cited excerpts of the transcript of the deposition of John Reid in *Commerzbank AG v. Wells Fargo Bank, N.A.*, Case No. 14-cv-10033 (S.D.N.Y.), dated March 15, 2017, previously produced by Plaintiff in this action.

77. Attached hereto as Exhibit 74 is a true and correct copy of a May 11, 2007 email from Martin Seimetz to Gerhard Kebbel, previously produced in this action at CB_USB00002677.

78. Attached hereto as Exhibit 75 is a true and correct copy of an August 21, 2007 email from Louis Gaitan to John Reid regarding Unrealized loss subprime 08/21/07, with an attachment, previously produced in this action at CB_USB00434709 and CB_USB00434710.

79. Attached hereto as Exhibit 76 is a true and correct copy of an August 29, 2008 email from Sharon Bryant to Gerhard Kebbel and Andreas Holsten, with attachment, previously produced in this action at CB_USB00249303 & CB_USB00249304.

80. Attached hereto as Exhibit 77 is a true and correct copy of a November 7, 2008 email from Sharon Bryant to Andreas Holsten, previously produced in this action at CB_USB07335840.

81.     Attached hereto as Exhibit 78 is a true and correct copy of cited excerpts of the transcript of the deposition of John Reid in *Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, Case No. 15-cv-10031 (S.D.N.Y.), dated March 22, 2018, previously produced by Plaintiff in this action.

82.     Attached hereto as Exhibit 79 is a true and correct copy of a November 20, 2006 email from John Reid to J.T. Coe, previously produced in this action at CB_USB03975706.

83.     Attached hereto as Exhibit 80 is a true and correct copy of Exhibit 141 in the deposition of John Reid in *Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, Case No. 15-cv-10031 (S.D.N.Y.), dated March 22, 2018, previously produced by Plaintiff in this action.

84.     Attached hereto as Exhibit 81 is a true and correct copy of an April 27, 2007 Bloomberg.com article, containing a handwritten note from Martin Seimetz to Sharon Bryant dated April 30, 2007, excerpted from a compilation of documents previously produced in this action at CB_USB00004136.  Martin Seimetz acknowledged the note as his own in his deposition in *Commerzbank A.G. v. U.S. Bank Nat'l Ass'n, et al.*, No. 1:16-cv-04569-WHP (Dec. 5, 2018), at 215:21-22.

85.     Attached hereto as Exhibit 82 is a true and correct copy of the cited excerpts of the Dresdner     Bank     AG     Financial     Report     2007,     available     at https://www.commerzbank.com/media/aktionaere/aktuell/DreBa_Finanzbericht_2007_Konzern_ englisch.pdf.

86.     Attached hereto as Exhibit 83 is a true and correct copy of "The German Merger Against the Odds" published in Time Magazine dated September 1, 2008, available at http://content.time.com/time/business/article/0,8599,1837861,00.html.

87.     Attached hereto as Exhibit 84 is a true and correct copy of a February 15, 2009 memorandum from Keith Collins and Jens-Peter Neumann to Klaus Rosenfeld and Stefan Jentzsch, previously produced in this action at CB_USB04881433.

88.     Attached hereto as Exhibit 85 is a true and correct copy of the cited excerpts of Exhibit 31 in the deposition of Andreas Holsten in *Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, Case No. 15-cv-10031 (S.D.N.Y.), dated December 8, 2017, previously produced by Plaintiff in this action.

89.     Attached hereto as Exhibit 86 is a true and correct copy of the cited excerpts of Exhibit 76 in the deposition of Vijay Radhakishun in *Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, Case No. 15-cv-10031 (S.D.N.Y.), dated January 19, 2018, previously produced by Plaintiff in this action.

90.     Attached hereto as Exhibit 87 are Chart 17-A ("Certificate-By-Certificate Analysis Of Covered Certificates In Palmer Square 3 As Reported On October 31, 2008"), and Chart 17-B ("Analysis Of Covered FFMER 2007-2 Certificate As Reported On December 15, 2008"), summarizing information prepared for Commerzbank in October and December of 2008.  These charts are submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

      90.1    I supervised the process of preparing these charts, which summarize the content of reports prepared by an analyst for Commerzbank in 2008.  Based on the process used to create them, these charts reflect the contents of those reports.

      90.2    To prepare these charts, the reports prepared by an analyst for Commerzbank produced in this action as Exhibit 76 to the deposition of Vijay Radhakishun in the case of *Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, Case No. 15-cv-10031 (S.D.N.Y.), and Exhibit 31 to the deposition of Andreas

Holsten in the case of *Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, Case No. 15-cv-10031 (S.D.N.Y.), were reviewed to identify any Certificates for Covered Trusts listed on the reports prepared by an analyst for Commerzbank.

90.3    For each Certificate for Covered Trusts listed in the reports prepared by an analyst for Commerzbank, a determination was made regarding which prior entity held the Certificate according to the procedure described in Paragraph 18. Separate charts were prepared for each of these entities and the Certificates for the Covered Trusts listed on the reports prepared by an analyst for Commerzbank were added to the relevant prior holder chart.

90.4    Information from the reports prepared by an analyst for Commerzbank was then populated into chart columns on the charts.

90.5    The reports prepared by an analyst for Commerzbank reviewed to create these charts were all previously produced by Plaintiff in this action, and are available to Plaintiff to review.

91.    Attached hereto as Exhibit 88 is a true and correct copy of cited excerpts of the transcript of the deposition of Brett Jetter in *Commerzbank AG v. Wells Fargo Bank, N.A.*, Case No. 14-cv-10033 (S.D.N.Y.), dated February 2, 2017, previously produced by Plaintiff in this action.

92.    Attached hereto as Exhibit 89 is a true and correct copy of a July 22, 2009 email from Joerg Hessenmueller to Oliver Bader, Vijay Radhakishun, and Ian Smith, previously produced in this action at CB_USB04889932.

93.     Attached hereto as Exhibit 90 is a true and correct copy of the cited excerpts of the 2011 Commerzbank Annual Report, previously produced in this action at CB_USB07162081.

94.     Attached hereto as Exhibit 91 is a true and correct copy of a December 22, 2010 email from J. Hessenmueller to I. Smith regarding a Commerzbank article about the PRU, previously produced in this action at CB_USB04190317.

95.     Attached hereto as Exhibit 92 is a true and correct copy of the cited excerpts of Plaintiff Commerzbank AG's Supplemental Responses and Objections to U.S. Bank National Association's Third Set of Interrogatories to Commerzbank AG, dated February 26, 2019.

96.     Attached hereto as Exhibit 93 is a true and correct copy of the cited excerpts of Plaintiff's Responses and Objections to Defendants' First Joint Set of Requests for Admission, dated March 5, 2019.

97.     Attached hereto as Exhibit 94 is a true and correct copy of cited excerpts of the transcript of the deposition of Brett Jetter in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 16-cv-04569-WHP (S.D.N.Y.), dated December 7, 2018.

98.     Attached hereto as Exhibit 95 is a true and correct copy of cited excerpts of the transcript of the deposition of Robert Boelstler in *Commerzbank AG v. Wells Fargo Bank, N.A.*, Case No. 14-cv-10033 (S.D.N.Y.), dated February 24, 2017, previously produced by Plaintiff in this action.

99.     Attached hereto as Exhibit 96 is a true and correct copy of cited excerpts of the transcript of the deposition of Vijay Radhakishun in *Commerzbank AG v. Bank of N.Y. Mellon, et al.*, Case No. 15-cv-10029 (S.D.N.Y.), dated September 28, 2018, previously produced by Plaintiff in this action.

100.     Attached hereto as Exhibit 97 is a true and correct copy of cited excerpts of the transcript of the deposition of John Reid in *Commerzbank AG v. Bank of N.Y. Mellon, et al.*, Case No. 15-cv-10029 (S.D.N.Y.), dated October 16, 2018, previously produced by Plaintiff in this action.

101.     Attached hereto as Exhibit 98 are Chart 18-A ("German-Bank Trust Remittance Report Data, November 2009"), and Chart 18-B ("German-Bank Trust Remittance Report Data, October 2011"), identifying information reported on remittance reports for the Covered Trusts regarding mortgage loans that were delinquent, in foreclosure, in bankruptcy proceedings, REO, had realized losses, been modified, or were otherwise liquidated, repurchased, or substituted. This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous documents.

    101.1     I supervised the process of preparing this chart, which summarizes the content of certain documents produced in this action, as well as publicly available information. Based on the process used to create them, these charts reflect the contents of these documents.

    101.2     To prepare Chart 18-A, remittance reports were collected and reviewed for those Covered Trusts held by Eurohypo, Dresdner, or Commerzbank by October 2011 (the "German-Bank Trusts"). For Chart 18-A, remittance reports from November 2009 were collected and reviewed. The remittance reports for the Covered Trusts were either previously produced in this action or publicly available. Information contained in the chart columns labeled "Delinquent 90+," "Bkrtcy," "Foreclosure," "REO," "Loans w/ Losses," "Mods," "Liquidations," "Repurch," and "Subs" reflects the information contained on the applicable remittance reports for November 2009. Where the data reported

on the remittance reports was cumulative, rather than a monthly figure, the corresponding chart column entry notes that the listed figure is cumulative.

101.3    The process described above was repeated for the remittance reports from October 2011 for those German-Bank Trusts to create Chart 18-B. Where the data reported on the remittance reports was cumulative, rather than a monthly figure, the corresponding chart column entry notes that the listed figure is cumulative.

101.4    Information available publicly on Intex, a provider of structured fixed-income cashflow models and information, was then reviewed to determine, for both the November 2009 and October 2011 time periods, the total cumulative realized losses for each Covered Trust. This publicly available information was transcribed into the chart column labeled "Realized Losses."

101.5    The remittance reports reviewed to prepare this Chart were all previously produced to Plaintiff in this action, or are otherwise publicly available, and are therefore available to Plaintiff to review.

102.    Attached hereto as Exhibit 99 is a true and correct copy of the cited excerpts of the October 25, 2011 Remittance Report for ABSHE 2005-HE8, previously produced in this action at USBCOMMERZ00052052.

103.    Attached hereto as Exhibit 100 is Chart 19 ("Ratings Agency Downgrades On The Certificates"), setting forth ratings information made public by certain ratings agencies. This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous documents.

103.1   I supervised the process of preparing this chart, which summarizes the content of publicly available ratings information. Based on the process used to create them, these charts reflect the ratings information.

103.2   To prepare this chart, publicly available ratings information for the Certificates for the Covered Trusts was located on Bloomberg and transcribed into the chart. Each row of the chart reflects a unique Certificate, as denoted by the "Trust" and "Tranche" chart columns.

103.3   To determine the date in the "First Downgrade" chart column, the ratings history was reviewed for each Certificate to determine when the Certificate was first downgraded from the initial rating applicable at or around the Closing Date.

103.4   Information contained in the chart columns labeled "Initial Credit Rating," "Rating After First Downgrade," "November 2009 Rating," "Date of Rating Informing 11/09," "October 2011 Rating," and "Total Downgrades Before 12/28/11" reflects information published by the rating agencies on Bloomberg.

103.5   The materials reviewed to prepare this Chart were all publicly available, and are therefore available to Plaintiff to review.

104.    Attached hereto as Exhibit 101 is a true and correct copy of a September 27, 2010 email from Peter O'Sullivan to John Reid, previously produced in this action at CB_USB04874651.

105.    Attached hereto as Exhibit 102 is a true and correct copy of an October 8, 2010 email from Bruce Harris to several Commerzbank employees, previously produced in this action at CB_USB04874664.

106.    Attached hereto as Exhibit 103 is a true and correct copy of an October 19, 2010 email from Bruce Harris to Peter O'Sullivan, Marco Grimaldi, and Matthew McCabe, previously produced in this action at CB_USB08136495.

107.    Attached hereto as Exhibit 104 is a true and correct copy of an October 19, 2010 email from Barclays Capital Securitized Products Research to Brett Jetter, previously produced in this action at CB_USB02552657.

108.    Attached hereto as Exhibit 105 is a true and correct copy of an October 19, 2010 email from Barclays Capital Securitized Products Research to John Reid, previously produced in this action at CB_USB03874490.

109.    Attached hereto as Exhibit 106 is a true and correct copy of a February 10, 2011 email from Matthaeus Wojciechowski to Vijay Radhakishun and others, with the cited excerpts of an attachment, previously produced in this action at CB_USB07556773 and CB_USB07556774.

110.    Attached hereto as Exhibit 107 is a true and correct copy of a February 9, 2011 email from Ben Johns to Vijay Radhakishun, previously produced in this action at CB_USB08430090.

111.    Attached hereto as Exhibit 108 is a true and correct copy of the cited excerpts of a November 17, 2011 presentation by Commerzbank's Portfolio Restructuring Unit, previously produced in this action at CB_USB00603475.

112.    Attached hereto as Exhibit 109 is a true and correct copy of the Seventh Amended Complaint in *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08-cv-07508 (S.D.N.Y. Feb. 18, 2011).

113.    Attached hereto as Exhibit 110 is a true and correct copy of an October 17, 2011 memorandum from Simon Bowmer and Matthew McCabe to Vijay Radhakishun regarding

"Representation and warranty claims: US RMBS," previously produced in this action at CB_USB08116286.

114. Attached hereto as Exhibit 111 is a true and correct copy of the Summons with Notice filed in the case captioned *Commerzbank AG London Branch v. UBS AG et al.*, No. 654464/2013 (N.Y. Sup. Ct. Dec. 26, 2013) (NYSCEF Doc. No. 1).

115. Attached hereto as Exhibit 112 is a true and correct copy of the Decision/Order filed in the case captioned *Commerzbank AG London Branch v. UBS AG et al.*, No. 654464/2013 (N.Y. Sup. Ct. June 18, 2015) (NYSCEF Doc. No. 103).

116. Attached hereto as Exhibit 113 is Chart 20 ("Covered Certificates Involved In Commerzbank Fraud Action"), summarizing those Covered Trusts that were also at issue in the case captioned *Commerzbank AG London Branch v. UBS AG et al.*, No. 654464/2013 (N.Y. Sup. Ct.). This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous documents.

116.1 I supervised the process of preparing this chart, which summarizes the content of the Complaint in the case captioned *Commerzbank AG London Branch v. UBS AG et al.*, No. 654464/2013 (N.Y. Sup. Ct.) (the "2013 *Commerzbank* action"). Based on the process used to create it, this chart reflects the contents of that document.

116.2 To prepare this chart, the Complaint in the 2013 *Commerzbank* action was reviewed to determine which RMBS trusts and certificates were at issue in that action. That information was then cross-referenced against the Certificates at issue in this action. To the extent that a particular certificate was at issue in both actions, that certificate is noted on this Chart 20.

116.3   The information contained in the chart column labeled "Related Entity or Transaction" was entered according to the process described in Paragraph 18.

116.4   The materials reviewed to prepare this chart were publicly available, and are available for Plaintiff to review.

117.   Attached hereto as Exhibit 114 is a a true and correct copy of cited excerpts of the transcript of the deposition of Martin Seimetz in *Commerzbank A.G. v. U.S. Bank Nat'l Ass'n*, *et al.*, No. 1:16-cv-04569-WHP (Dec. 5, 2018).

118.   Attached hereto as Exhibit 115 is a true and correct copy of a May 17, 2007 email from Martin Seimetz to Sharon Bryant (cc to John Reid and Silvia Parks), previously produced in this action at CB_USB03979140.

119.   Attached hereto as Exhibit 116 is a true and correct copy of an October 2, 2007 email from John Reid to Silvia Parks, previously produced in this action at CB_USB08142489.

120.   Attached hereto as Exhibit 117 is Chart 21 ("Commerzbank Allegations Of Publicly Available Evidence Of Pervasive R&W Breaches By Originators And Sponsors"), summarizing Plaintiff's allegations in the Complaint regarding publicly available evidence of pervasive breaches of representations and warranties by Originators and Sponsors.  This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous documents.

120.1   I supervised the process of preparing this chart and other charts that summarize the content of Exhibit F to Plaintiff's Complaint.  Based on the process used to create it, this chart reflects the contents of that document.

120.2   To prepare this chart,  Exhibit F to the Complaint was reviewed for information discussing the  Originators and/or Sponsors for each Covered Trust.  Exhibit F discusses  certain  events  and  information  regarding  the  Originators  and

Sponsors for the Covered Trusts, and any events that occurred, based on the allegations in Exhibit F, before January 1, 2012, were noted.

120.3 For each Originator or Sponsor (or group of same), each event that occurred prior to January 1, 2012 was categorized as a government report or order, litigation, press report, or article.

120.4 Each Covered Trust was listed in Chart 21. For each Covered Trust, the chart column "Sponsor(s)/Originator(s)" reflects the Sponsor and/or Originator identified in paragraph 96 of the Complaint in this action.

120.5 If Complaint Exhibit F included one or more government report or order dated before January 1, 2012, for the Originator or Sponsor listd in the "Sponsor(s)/Originator(s)" chart column, "Yes" was placed in the "Pre-2012 Govt Report/Order" chart column. If it did not, "No" was placed in that chart column.

120.6 If Complaint Exhibit F included one or more litigation matters dated before January 1, 2012, for the Originator or Sponsor in the "Sponsor(s)/Originator(s)" chart column, or for the parent or subsidiary of the Sponsor or Originator, "Yes" was placed in the "Pre-2012 Litigation" chart column. If it did not, "No" was placed in that chart column.

120.7 If Complaint Exhibit F included one or more press report or article dated before January 1, 2012, for the Originator or Sponsor in the "Sponsor(s)/Originator(s)" chart column, "Yes" was placed in the "Pre-2012 Press Report" chart column. If it did not, "No" was placed in that chart column.

120.8 The material reviewed to prepare this Chart was prepared and filed by Plaintiff, and is therefore available to Plaintiff to review.

121. Attached hereto as Exhibit 118 is Chart 22 ("Commerzbank Allegations Of Publicly Available Evidence Of Pervasive Breaches By Servicers And Master Servicers"), summarizing Plaintiff's allegations in the Complaint regarding publicly available evidence of pervasive breaches of representations and warranties by Servicers and Master Servicers. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 120.

121.1 Where Exhibit F to the Complaint was reviewed for the creation of Chart 21, Exhibit G to the Complaint was reviewed to create this chart.

121.2 To identify the Servicer(s) and/or Master Servicer(s) for each Covered Trust, Exhibit G to the Complaint was reviewed according to the procedure described above in Paragraph 120.

122. Attached hereto as Exhibit 119 is Chart 23 ("Pre-December 2011 RMBS Investor Lawsuits Involving German-Bank Trusts"), summarizing lawsuits filed by investors against sponsors, originators, and underwriters prior to December 2011 that involved the same Covered Trusts at issue in this action. This Chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

122.1 I supervised the process of preparing this chart, which summarizes the content of the complaints in the cases referenced in the chart. Based on the process used to create it, this chart reflects the contents of those complaints.

122.2 To prepare this chart, court dockets and filings were reviewed for complaints filed by investors prior to December 2011 involving RMBS trusts. The

complaints were reviewed and the RMBS trusts at issue in the complaints were cross-referenced against the Covered Trusts at issue in this action.

122.3   Where one or more Covered Trusts was at issue in a prior action, that Covered Trust is listed on the chart, along with the applicable case caption and the date that the case was filed. Information contained in the chart columns "Covered Trust," "Case Caption(s)," and "Date of Relevant Complaint" reflects information contained in the dockets and complaints in the referenced cases.

122.4   The materials reviewed to prepare this chart were publicly available, and are available for Plaintiff to review.

123.    Attached hereto as Exhibit 120 is a true and correct copy of "Trustees Pulled Into Loan Put-Back War," *American Banker*, Vol. 176, Iss. 98, 2011 WLNR 12635336, June 27, 2011.

124.    Attached hereto as Exhibit 121 is a true and correct copy of the Amended Complaint in *Knights of Columbus v. Bank of N.Y. Mellon*, No. 651442/2011, NYSCEF No. 20 (N.Y. Sup. Ct. Aug. 16, 2011).

125.    Attached hereto as Exhibit 122 is a true and correct copy of the Complaint in *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of N.Y. Mellon*, No. 11-cv-5459, ECF No. 1 (S.D.N.Y. Aug. 5, 2011).

126.    Attached hereto as Exhibit 123 is a true and correct copy of the Complaint in *Okla. Police Pension & Ret. Sys. v. U.S. Bank Nat'l Ass'n* , No. 11-cv-8066, ECF No. 1 (S.D.N.Y. Nov. 9, 2011).

127.    Attached hereto as Exhibit 124 is a true and correct copy of the Complaint in *Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, No. CIV-11-1284-D, ECF No. 1 (W.D. Okla. Nov. 1, 2011).

128.     Attached hereto as Exhibit 125 is Chart 24 ("Facts Triggering Plaintiff's Duty To Investigate Under German Law"), summarizing Charts 14, 17-23. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedures described in Paragraphs 49, 90, 100-01, 103, 120-22.

128.1   I supervised the process of preparing this chart, which summarizes the content of Plaintiff's Complaint, documents produced in this action, and publicly available documents. Based on the process used to create it, this chart reflects the contents of those documents.

128.2   To prepare the chart, Plaintiff's Complaint, documents produced in this action, and publicly available documents were reviewed according to the procedures described in Paragraphs 49, 90, 100-01, 116, 120-22. For each Covered Trust, information contained in the chart columns labeled "Pre-2012 Servicer Breaches Alleged in Complaint," "Pre-2012 Originator Breaches Alleged in Complaint," "Pre-2012 RMBS Investor Lawsuit?," "Certificates at Issue in Commerzbank Fraud Action," "Realized Losses as of Nov. 2009 and Oct. 2011," "Repurch as of Nov. 2009 and Oct. 2011," "Pre-2012 Mark-to-Market Prices (Internal)," "Price Range Projections," "Pre-2012 Sales as Alleged in Complaint, Ex. B," and "Pre-2012 Rating Agency Downgrades by Tranche" were populated according to the procedures described in Paragraphs 49, 90, 100-01, 116, 120-22.

128.3   The materials reviewed to prepare this chart were previously produced in this action or are otherwise publicly available, and are available for Plaintiff to review.

129.     Attached hereto as Exhibit 126 is Chart 25 ("Duties Under The Governing Agreements Arising On Or Around The Covered Trusts' Closing Dates"), setting forth the Closing Dates for the Covered Trusts and summarizing Governing Agreement provisions providing for certain duties thereafter.   This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

129.1   I supervised the process of preparing this chart, which summarizes the content of the Governing Agreements for the Covered Trusts, as well as the content of publicly available documents and certain documents produced in this action.

129.2   To prepare the chart, the Governing Agreements for each of the Covered Trusts were reviewed to identify the date of the PSA, the Closing Date, the time by which the party required to conduct the mortgage file review was required to complete such review, and the time period under which the obligated party was required to cure or repurchase loans with missing of defective documents, if at all.

129.3   The Final Certifications for each Covered Trust, and the dates of the same, were also located in U.S. Bank's production and third-party productions and added to the chart for each Covered Trust.

129.4   The chart column labeled "Latest Date for Obligated Party to Cure or Repurchase" was populated by using the date of the latest Final Certification delivered for each Covered Trust, and then adding the time for cure or repurchase specified in the Governing Agreements to that date.

129.5   Where a Final Certification could not be located for a Covered Trust, or where a Final Certification was undated, the latest date that a Final Certification could

be delivered under the terms of the Governing Agreements was used in lieu of the actual date of delivery of the Final Certification.

129.6 Where a Covered Trust had multiple Governing Agreements specifying the timing for the cure or repurchase of loans with missing or defective documents, and such time periods differed between agreements, the longest time period was used.

129.7 The Governing Agreements cited in this chart were all previously produced to Plaintiff in this action, or are publicly available, and are therefore available to Plaintiff to review.

130. Attached hereto as Exhibit 127 is Chart 26 ("Loan-Specific Information For Loans In The 39 Trusts"), setting forth a summary of loan-specific documents relating to the 39 Covered Trusts. This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

130.1 I supervised the preparation of this chart. Based on the process used to create it, this chart reflects the contents of documents showing U.S. Bank's receipt of loan-specific notice or documentation regarding a breach or potential breach of representations and warranties for certain loans in the Covered Trusts.

130.2 To prepare Chart 26, documents produced by U.S. Bank in this action were reviewed to locate documents evidencing U.S. Bank's receipt of loan-specific notice asserting breaches or potential breaches of representations and warranties. Appendix A to Plaintiff's Supplemental Responses and Objections to U.S. Bank National Association's Third Set of Interrogatories to Commerzbank AG, dated February 26, 2019 ("Plaintiff's App'x A"), which

cited to thousands of documents in U.S. Bank's production as purported evidence of U.S. Bank's receipt of written notice of breaches of representations and warranties, also was reviewed and analyzed.

130.3 The documents produced by U.S. Bank and those identified on Plaintiff's App'x A also were reviewed to locate documents evidencing (1) U.S. Bank's notice to obligated parties and other deal parties of its receipt of the loan-specific notices asserting breaches or potential breaches of representations and warranties, (2) any subsequent notice from another deal party to U.S. Bank of the obligated party's failure to cure, substitute, and/or repurchase loans after U.S. Bank's notice of loan-specific breach to it, and (3) any direction by another deal party to U.S. Bank to take further notice or enforcement action that would trigger a further obligation under the applicable PSA.

130.4 Dates, loan numbers, trust names, and production Bates numbers were extracted from the documents and added to a table to prepare the attached Chart 26.

130.5 The documents cited in Chart 26 include both evidence of notices to U.S. Bank as well as evidence of notices from U.S. Bank. Documents cited in the chart column "Document Reflecting Notice From U.S. Bank" are evidence of notices from U.S. Bank. Documents cited in the chart column "Document Reflecting Alleged Notice to U.S. Bank" are evidence of notices received by U.S. Bank.

130.6 Documents cited in the chart column "Document Reflecting Notice From U.S. Bank" are: (1) notices and repurchase demands that U.S. Bank sent to the relevant obligated parties for the Covered Trusts as to certain loans in the Covered Trusts; (2) U.S. Bank emails transmitting notices and repurchase

demands to the relevant obligated parties for the Covered Trusts; (3) letters from the relevant obligated parties responding to U.S. Bank's notice and repurchase demand for certain loans in the Covered Trusts; and (4) other letters and communications from other deal parties or Certificateholders alleging loan-specific breaches or potential breaches of representations and warranties that U.S. Bank forwarded as part of its notice to other parties and/or from which the relevant loan numbers can be determined.

130.7 Documents cited in the chart column "Document Reflecting Notice To U.S. Bank" are: (1) letters and communications from other deal parties to U.S. Bank alleging loan-specific breaches or potential breaches of representations and warranties; (2) letters and communications from other deal parties to obligated parties giving notice of loan-specific breaches or potential breaches of representations and warranties and/or demanding repurchase of loans due to breaches of representations and warranties; (3) letters and communications from Certificateholders alleging loan-specific breaches or potential breaches of representations and warranties; and (4) notices or communications from the obligated party that it would repurchase the mortgage loan or loans, or other documents showing that the loans were actually repurchased by the obligated party.

130.8 The dates cited on Chart 26 reflect the date of each cited document. Where the chart cites to a response from the relevant obligated party to U.S. Bank's notice and/or repurchase demand, the chart reflects the date of the obligated party's

response unless the response clearly states the date on which U.S. Bank sent its notice and repurchase demand.

130.9 The chart column "U.S. Bank Does Not Have A Notice Duty" was marked for each loan within a trust for which U.S. Bank does not have a duty to give notice of representation and warranty breaches, as reflected in Chart 47

130.10 The chart column "U.S. Bank Does Not Have An Enforcement Duty" was marked for each loan within a trust for which U.S. Bank does not have a duty to enforce the obligated party's duty to cure, substitute, or repurchase loans with representation and warranty breaches, as reflected in Charts 48 & 49.

130.11 The chart column "Enforcement Duty Prerequisites Were Not Met" was marked for each loan within a trust for which (1) U.S. Bank's duty to enforce the obligated party's duty to cure, substitute, or repurchase loans with representation and warranty breaches is not triggered until certain conditions precedent are met, as reflected in Chart 51, and (2) no evidence of the occurrence of those preconditions was located in the course of the review undertaken in preparing the chart.

130.12 The chart column "Another Deal Party Sent The Required Notice" was marked for each loan for which a document reflecting notice of breaches or potential breaches of representations and warranties was sent by another deal party to U.S. Bank and the obligated party, such that the notice requirements under the Governing Agreements were satisfied, and no additional notice from U.S. Bank was required.

130.13 The chart column "Bank Of America Was Trustee At The Time" was marked for each loan for which the applicable notice documents were dated prior to the date that U.S. Bank became trustee of the applicable Covered Trust. The applicable dates on which U.S. Bank succeeded as Trustee are set forth in U.S. Bank's Separate Statement of Undisputed Facts, ¶ 3.

130.14 The chart column "Any Notice Or Enforcement Would Have Been Futile" was marked for those loans where the statute of limitations on any action to enforce repurchase of loans ran before U.S. Bank received the purported notices of breaches of representations and warranties identified on this chart. The entries in this chart column were marked by cross-referencing the "Date of Alleged Notice to U.S. Bank" chart column against the "SOL End Date" chart column on Chart 52.

130.15 The chart columns "Trust Claims Arose Prior to Dec. 28, 2009 (NY) or Dec. 28, 2012 (Del.)" and "Claims Against Trustee Arose Prior To Aug. 29, 2008 (Palmer Sq. 3 Trusts) Or Dec. 28, 2009 (Barrington II Trusts)" were marked for each loan for which the applicable notice document is dated before August 29, 2008, December 28, 2009, or December 28, 2012, as applicable. The date of the document cited in the "Documents Reflecting Alleged Notice To U.S. Bank" chart column was used to populate these chart columns in the first instance. Where no alleged notice to U.S. Bank was located, the date of the document cited in the "Document Reflecting Notice From U.S. Bank" chart column was used to populate these chart columns. As noted on the cover sheet accompanying this chart, the chart column "Trust Claims Arose Prior to Dec.

28, 2009 (NY) or Dec. 28, 2012 (Del.)" was marked for those Covered Trusts for which New York's six-year limitations period for contract claims or Delaware's three-year limitations period for contract claims, as applicable, would govern Plaintiff's claims for the Covered Trusts for purposes of U.S. Bank's alternative statute-of-limitations arguments, as set forth on Charts 3, 29, and 30. As noted on the cover sheet accompanying this chart, the chart column "Claims Against Trustee Arose Prior To Aug. 29, 2008 (Palmer Sq. 3 Trusts) Or Dec. 28, 2009 (Barrington II Trusts)" was marked for those Covered Trusts for which Palmer Square 3 or Barrington II, as applicable, held the certificates such that Irish or Cayman statutes-of-limitations would govern Plaintiff's contract claims for the Covered Trusts, as set forth on Charts 2-C and 2-D.

130.16 The chart column "Claims Arose After Plaintiff Sold Its Certificates" was marked for each loan for which the applicable notice document is dated after the date on which Plaintiff had already sold all of its holdings in the applicable Covered Trust, as set forth on Chart 14.

130.17 The chart column "Claims Against Insolvent Obligated Party Barred By A Bar Date" was marked for each loan for which the applicable notice document is dated after the date on which claims against a bankrupt or insolvent obligated party were barred according to a bar date set in a bankruptcy or receivership, as set forth on Chart 53.

130.18 The chart column "Document Is A Notice Of Potential Breach" was marked where the applicable notice document to U.S. Bank is a loan-specific notice of "potential" or "possible" breaches of representations and warranties.

130.19 The chart column "Document Is A Notice Of Repurchase" was marked where the applicable notice document to U.S. Bank is a notice or communication from the obligated party that it would repurchase mortgage loans, or other documents showing that the loans were actually repurchased by the obligated party. For each of the loans identified in this chart column, we have not located any documents that could reflect U.S. Bank's receipt of a loan-specific notice asserting a breach of representations and warranties before U.S. Bank received the notice from the obligated party that it would repurchase the mortgage loans or before the loans were actually repurchased by the obligated party.

130.20 767 unique documents, relating to 9,951 unique loans, were collected from U.S. Bank's files and are referenced in Chart 26. Certain loans are reflected multiple times on Chart 26 due to multiple notices relating to those loans.

130.21 The documents referenced in this chart were collected from U.S. Bank or third-party productions in this action. The chart is a summary of these documents, all of which were made available to Plaintiff in this action by U.S. Bank's or third-parties' production of documents and are therefore available to Plaintiff to review.

131. Attached hereto as Exhibit 128 is Chart 27 ("Palmer Square 3 RMBS"), identifying the at-issue RMBS certificates in the Covered Trusts acquired by and transferred from Palmer Square 3 (the "Palmer Square 3 Certificates"), as well as information regarding the purchaser of the Palmer Square 3 Certificates. This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous documents.

131.1 I supervised the process of preparing this chart, which summarizes the content of certain documents produced in this action, as well as publicly available information. Based on the process used to create them, these charts reflect the contents of these documents.

131.2 To prepare the chart, Exhibit A to Plaintiff's Response to Interrogatory No. 1 was reviewed according to the procedure described in Paragraph 18. Information contained in the chart columns labeled "RMBS," "Tranche," "Date acquired by Palmer Square 3," and "Date transferred out of Palmer Square 3" reflects information contained in the documents reviewed according to the procedure described in that Paragraph.

131.3 Information available publicly on Intex was then reviewed to determine, for those Covered Trusts associated with the Palmer Square 3 Certificates, the cumulative realized losses to the Trust as reported in monthly certificateholder reporting statements ("remittance reports") from August 2008. The information contained in the chart column labeled "Cumulative realized losses to Trust as of Aug. 2008" reflects the publicly available information on Intex.

131.4 Information available publicly on Bloomberg regarding the ratings history for each Palmer Square 3 Certificate was then reviewed and transcribed into the chart. Information contained in the chart column labeled "Downgraded by Aug. 28, 2008?" reflects the publicly available information regarding the Palmer Square 3 Certificates' ratings histories, according to the process described in Paragraph 103.

131.5   The materials reviewed to prepare this Chart were all previously produced to Plaintiff in this action, or are otherwise publicly available, and are therefore available to Plaintiff to review.

132.    Attached hereto as Exhibit 129 is Chart 28 ("Barrington II RMBS"), identifying the at-issue RMBS certificates in the Covered Trusts acquired by and transferred from Barrington II (the "Barrington II Certificates"), as well as information regarding the purchaser of the Barrington II Certificates.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 131.

132.1   Where the relevant remittance reports for Chart 27 were dated August 2008, to prepare this chart remittance reports from November 2009 were reviewed.

132.2   Where the relevant ratings downgrades for Chart 27 were dated August 2008, to prepare this chart ratings downgrades prior to December 28, 2009 were reviewed.

133.    Attached hereto as Exhibit 130 is Chart 29 ("Summary of Statute of Limitations Arguments for Contract Claims Under BANA's Most Significant Relationship Test For Ohio's Borrowing Statute"), identifying the contract claims that are time-barred if the Court accepts BANA's view of the test for accrual under Ohio's borrowing statute.

133.1   I supervised the process of preparing this chart and other charts that summarize U.S. Bank's statute of limitations arguments in the event that the Court accepts BANA's arguments on statute of limitations.

133.2   To prepare Chart 29, the "Trust" and "Certificate" columns were populated for each of the 39 Trusts based on information in Exhibit B to Plaintiff's Complaint.

133.3 The "Place of Accrual" column for Chart 29 was then populated with the place of accrual (New York or Delaware), applying the argument in BANA's Memorandum of Law.

133.4 To populate the "Time-Barred Claims" column in Chart 29, the date listed in the "Latest Date for Obligated Party to Cure or Repurchase" in Exhibit 126 (Chart 25) for each certificate's trust was cross-referenced against the latest date the claims could have accrued under the law of the applicable place of accrual. If the listed date in Exhibit 126 was earlier than that latest date the claims could have accrued, "All pre-EOD document-defect claims" was included in the "Time-Barred Claims" column. Additionally, where Exhibit 127 (Chart 26) reflects loan-specific notices received before December 28, 2009 for certain of the 39 Trusts, the "Time-Barred Claims" column was populated to include "pre-EOD R&W claims based on loan-specific notices before December 28, 2009."

134. Attached hereto as Exhibit 131 is Chart 30 ("Summary of Statute of Limitations Arguments for Contract Claims Under BANA's View that Governing-Law Provisions Supply the Statute of Limitations for Certain Trusts and the Most Significant Relationship Test Applies Under Ohio's Borrowing Statute For Other Trusts"), identifying the contract claims that are time-barred if the Court accepts BANA's position that the governing-law provisions supply the statute of limitations for certain of the 39 Trusts and BANA's view of the test for accrual under Ohio's borrowing statute for other trusts.

134.1 To prepare Chart 30, the "Trust," "Certificate," and "Related Transaction" columns were populated for each of the 39 Trusts based on information in Exhibit B to Plaintiff's Complaint and Exhibits 14 and 15.

134.2 The "SoL supplied by governing-law provision" column in Chart 30 was populated with the jurisdiction identified in the relevant trust's governing-law provision where the governing-law provision states that "[t]his Agreement shall be construed in accordance with the laws of the State of New York and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws" (or materially identical language) and thus under BANA's argument supplies the applicable limitations period. The column was populated with "n/a" where the governing-law provision for the relevant trust contains language that, under BANA's argument, would not supply the applicable limitations period.

134.3 The "SoL jurisdictions accounting for borrowing statute" column in Chart 30 was populated as follows:

134.3.1 For certificates with a jurisdiction populated in the "SoL supplied by governing-law provision" column, the same jurisdiction was added to the "SoL jurisdictions accounting for borrowing statute" column for that certificate.

134.3.2 Where the jurisdiction in the "SoL supplied by governing-law provision" for the certificate is New York ("N.Y."), those certificates were cross-referenced against a list of the certificates in Exhibit 15, Charts 2-A, 2-B, 2-C, 2-E, and 2-F, which together identify the German-Bank Certificates. Where the certificates overlapped, "Germany" was added to the "SoL supplied by governing-law provision column" to reflect U.S. Bank's argument that, under New York's borrowing statute, claims accrue in the

place of injury and the German Banks holding the certificates at the time of accrual suffered injury in Germany. Where the certificates were previously held by Palmer Square 3, this column includes "(post-Aug. 29, 2008)" to reflect that only claims accruing after August 29, 2008 (the date Palmer Square 3 transferred the certificates) would have accrued in Germany.

134.3.3 Where the "SoL supplied by governing-law provision" was marked "n/a," the "SoL jurisdictions accounting for borrowing statute" column also was marked "n/a."

134.4 Where the "SoL supplied by governing-law provision" column was marked "n/a," the "SoL jurisdiction where governing-law provision does not supply SoL (Ohio most significant relationship test)" column was populated with the jurisdiction populated for the certificate in Chart 29's "Place of Accrual" column. The "SoL jurisdiction where governing-law provision does not supply SoL (Ohio most significant relationship test)" column was populated with "n/a" where the "SoL supplied by governing-law provision" was populated with either "N.Y." or "Del."

134.5 The "Time-barred claims" column was populated as follows:

134.5.1 The date listed in the "Latest Date for Obligated Party to Cure or Repurchase" in Exhibit 126 (Chart 25) for each certificate's trust was cross-referenced against the latest date the claims could have accrued under the law of the relevant place of accrual. If the listed date in Exhibit 126 was earlier than that latest date the claims could have accrued, "All pre-EOD document-defect claims" was included in the "Time-barred claims" column.

134.5.2 Where Exhibit 127 (Chart 26) reflects loan-specific notices received before December 28, 2009 for certain of the 39 Trusts, the "Time-barred claims" column was populated to reflect U.S. Bank's argument that pre-EOD R&W claims based on loan-specific notices before December 28, 2009 are time-barred under New York law.

134.5.3 Where "Germany" appeared in the "SoL jurisdictions accounting for borrowing statute" column, the "Time-barred claims" column was populated to reflect U.S. Bank's argument that all claims are time-barred under German law. Where the certificate was sold by Palmer Square 3, the "Time-barred claims" column reflects U.S. Bank's argument that all claims accruing August 30, 2008 or later are time-barred under German law.

135. Attached hereto as Exhibit 132 is Chart 31 ("Cure Period For Servicer Or Master Servicer Breach-Based Events Of Default Begins Running On Written Notice 'Requiring The Same To Be Remedied'"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

136. Attached hereto as Exhibit 133 are Chart 32-A ("U.S. Bank's Knowledge Of An Event Of Default Requires Actual Knowledge Of A Responsible Officer Of U.S. Bank"), Chart 32-B ("U.S. Bank's Knowledge Of An Event Of Default Requires Written Notice To A Responsible Officer Of U.S. Bank"), Chart 32-C ("U.S. Bank's Knowledge Of An Event Of Default Requires Actual Knowledge Of A Responsible Officer Of U.S. Bank Or Written Notice To U.S. Bank Or A Responsible Officer Of U.S. Bank"), and Chart 32-D ("Governing

Agreements Do Not Provide An Explicit Statement Of What Form Of Knowledge Or Notice Is Required To Trigger U.S. Bank's Post-EOD Duties"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

137. Attached hereto as Exhibit 134 is Chart 33 ("Definition Of Responsible Officer Under The PSAs"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

138. Attached hereto as Exhibit 135 are Chart 34-A ("Event Of Default Based Upon A Loss Trigger Requires The Occurrence Of Certain Other Conditions Precedent") and Chart 34-B ("Event Of Default Occurs Automatically Upon A Loss Trigger"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

139. Attached hereto as Exhibit 136 is Chart 35 ("Trusts For Which A Servicer's Or Master Servicer's Failure To Comply With Its Annual Certification Obligations Constitutes An Automatic Event Of Default"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

140.     Attached hereto as Exhibit 137 is a true and correct copy of the cited excerpts of Plaintiff's Second Set of Supplemental Responses and Objections to U.S. Bank National Association's Third Set of Interrogatories to Commerzbank AG, dated June 6, 2019.

141.     Attached hereto as Exhibit 138 is a true and correct copy of an October 12, 2007 letter from U.S. Bank to Wells Fargo Bank, N.A., previously produced in this action at USBCOMMERZ00940775.

142.     Attached hereto as Exhibit 139 is a true and correct copy of a December 28, 2009 letter from U.S. Bank to Bank of America Mortgage, previously produced in this action at USBCOMMERZ00936033.

143.     Attached hereto as Exhibit 140 is a true and correct copy of a January 26, 2010 letter from U.S. Bank to JPMorgan Chase Bank, previously produced in this action at USBCOMMERZ00743880.

144.     Attached hereto as Exhibit 141 is a true and correct copy of an October 15, 2010 letter from U.S. Bank to Master Servicers and Servicers, previously produced in this action at USBCOMMERZ00845560.

145.     Attached hereto as Exhibit 142 is a true and correct copy of a May 7, 2011 email from Charles Pedersen at U.S. Bank to Todd Boothroyd at Wells Fargo.  Attached to the email is a May 6, 2011 letter from U.S. Bank to Wells Fargo.  The email and attached letter were previously produced in this action at USBCOMMERZ01193704.

146.     Attached hereto as Exhibit 143 is a true and correct copy of the cited excerpts of the transcript of the deposition of Charles Pedersen in *Phoenix Light SF Ltd., et al. v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 14-cv-10116 (S.D.N.Y.), dated October 24, 2017, previously produced in this action at USBCOMMERZ01220336.

147.    Attached hereto as Exhibit 144 is a true and correct copy of a July 21, 2014 letter from U.S. Bank to Select Portfolio Servicing, previously produced in this action at USBCOMMERZ01687997.

148.    Attached hereto as Exhibit 145 is a true and correct copy of a July 22, 2014 letter from U.S. Bank to CitiMortgage Inc. regarding certain RMBS trusts not at issue in this action, previously produced in this action at USBCOMMERZ00751491.

149.    Attached hereto as Exhibit 146 is a true and correct copy of a February 6, 2015 letter from Nationstar Mortgage to Ocwen Loan Servicing, LLC regarding certain RMBS trusts not at issue in this action, previously produced in this action at USBCOMMERZ00856275 & USBCOMMERZ00856276.

150.    Attached hereto as Exhibit 147 is a true and correct copy of a July 21, 2014 letter from U.S. Bank to Wells Fargo Bank N.A. regarding certain RMBS trusts not at issue in this action, previously produced in this action at USBCOMMERZ01249685.

151.    Attached hereto as Exhibit 148 is a true and correct copy of a December 13, 2013 notice from U.S. Bank to holders of Certificates in certain RMBS trusts not at issue in this action, previously produced in this action at USBCOMMERZ01441429.

152.    Attached hereto as Exhibit 149 is a true and correct copy of a May 2, 2014 letter from U.S. Bank to Ocwen Loan Servicing, LLC, previously produced in this action at USBCOMMERZ00745684.

153.    Attached hereto as Exhibit 150 is a true and correct copy of a July 21, 2011 letter from U.S. Bank to Chase Home Finance, previously produced in this action at USBCOMMERZ00754143.

154.     Attached hereto as Exhibit 151 is a true and correct copy of a December 15, 2014 notice to holders of Certificates from U.S. Bank.  Attached as Exhibit B to the notice was a copy of Bank of America's annual 1122 compliance, dated February 25, 2014.  The notice and the attached exhibit were previously produced in this action at USBCOMMERZ00851548.

155.     Attached hereto as Exhibit 152 is a true and correct copy of the cited excerpts of a July 22, 2013 letter from U.S. Bank to PNC, previously produced in this action at USBCOMMERZ01682969.

156.     Attached hereto as Exhibit 153 is a true and correct copy of a July 13, 2012 letter from U.S. Bank to Washington Mutual Mortgage Securities, Corp., previously produced in this action at USBCOMMERZ01685213.

157.     Attached hereto as Exhibit 154 is a true and correct copy of a July 23, 2012 letter from U.S. Bank to Bank of America, N.A., previously produced in this action at USBCOMMERZ01685420.

158.     Attached hereto as Exhibit 155 is a true and correct copy of an October 9, 2014 letter from U.S. Bank to PHH Mortgage, previously produced in this action at USBCOMMERZ01685543.

159.     Attached hereto as Exhibit 156 is a true and correct copy of a July 26, 2011 letter from U.S. Bank to Litton Loan Servicing, L.P., previously produced in this action at USBCOMMERZ01691275.

160.     Attached hereto as Exhibit 157 is a true and correct copy of an April 13, 2012 letter from Marc Kasowitz on behalf of FHFA to U.S. Bank regarding the HEAT 2006-4 trust.  Attached as Exhibit A to FHFA's letter to U.S. Bank is an April 13, 2012 letter from FHFA to U.S. Bank,

JPMorgan, SPS, and Wells Fargo Bank, N.A. ("Wells Fargo"), regarding the HEAT 2006-4 trust. The letter and attachment were previously produced in this action at USBCOMMERZ00921661.

161.    Attached hereto as Exhibit 158 is a true and correct copy of a June 20, 2012 letter from Marc Kasowitz on behalf of FHFA to U.S. Bank regarding the HEAT 2006-6 and HEAT 2007-2 trusts, among others.  Attached as Exhibit A to FHFA's letter to U.S. Bank is a June 19, 2012 letter from FHFA to U.S. Bank, JPMorgan, Select Portfolio Servicing, and Wells Fargo regarding the HEAT 2006-6 and HEAT 2007-2 trusts, among others.  The letter and attachment were previously produced in this action at USBCOMMERZ00921926.

162.    Attached hereto as Exhibit 159 is a true and correct copy of a June 20, 2012 letter from Marc Kasowitz on behalf of FHFA to U.S. Bank regarding the SURF 2007-BC1 trust, among others.  Attached as Exhibit A to FHFA's letter to U.S. Bank was a June 19, 2012 letter from FHFA to U.S. Bank and Bank of America regarding the SURF 2007-BC1 trust, among others.  The letter and attachment were previously produced in this action at USBCOMMERZ00949852.

163.    Attached hereto as Exhibit 160 is a true and correct copy of a June 28, 2013 letter from Gibbs & Bruns to U.S. Bank, among other parties, on behalf of holders of Certificates issued by certain RMBS trusts, previously produced in this action at USBCOMMERZ01247643.

164.    Attached hereto as Exhibit 161 is a true and correct copy of the cited excerpts of a September 19, 2012 email, attaching a September 18, 2012 letter from Gibbs & Bruns to U.S. Bank, among other parties, on behalf of holders of Certificates in certain RMBS trusts, including the MSM 2006-15XS trust.  The email and attachment were previously produced in this action at USBCOMMERZ01322238.

165.    Attached hereto as Exhibit 162 is a true and correct copy of an April 30, 2014 letter from Gibbs & Bruns to U.S. Bank, among other parties, on behalf of holders of Certificates issued

by 119 RMBS trusts, including the GSAMP 2006-HE6, MABS 2005-FRE1, and MABS 2006-AM3 trusts. The letter was previously produced in this action at USBCOMMERZ01411654.

166.     Attached hereto as Exhibit 163 is a true and correct copy of a January 23, 2015 letter from Gibbs & Bruns to U.S. Bank, among other parties, on behalf of holders of Certificates issued by 119 RMBS trusts, including the GSAMP 2006-HE6, MABS 2005-FRE1, and MABS 2006-AM3 trusts. The letter was previously produced in this action at USBCOMMERZ00386938.

167.     Attached hereto as Exhibit 164 is a true and correct copy of an October 6, 2010 letter from the Asset Managers Group of the Securities Industry and Financial Markets Association to U.S. Bank, previously produced in this action at USBCOMMERZ01586796.

168.     Attached hereto as Exhibit 165 is a true and correct copy of a December 9, 2009 letter from the City of Los Angeles to U.S. Bank, previously produced in this action at USBCOMMERZ01182884.

169.     Attached hereto as Exhibit 166 is Chart 36 ("Summary Of Additional Information Relevant To Plaintiff's Contentions Regarding FHFA Letters"), containing references to Plaintiff's contention interrogatory responses and additional information or materials from Governing Agreements and/or U.S. Bank's production relevant and responsive to Plaintiff's contentions. This chart is submitted under Federal Rule of Evidence 1006 Federal Rule of Evidence 1006 as a summary of voluminous records.

169.1   I supervised the process of preparing these charts, as well as all other charts cited herein that summarize the content of Plaintiff's contention interrogatory responses, the Governing Agreements, and U.S. Bank's document production. Based on the process used to create them, these charts reflect the contents of

Plaintiff's contention interrogatory responses, the Governing Agreements, and U.S. Bank's document production.

169.2    To prepare the charts, Plaintiff's contention interrogatory responses were reviewed to identify materially similar allegations regarding the occurrence of Events of Default in the Covered Trusts.

169.3    Having determined that certain of Plaintiff's allegations were materially similar as to the types of Event of Default that occurred in the Covered Trusts, the relevant materials cited by Plaintiff in support of its contention interrogatory responses were grouped into categories according to the alleged type of Event of Default.

169.4    Material cited by Plaintiff in support of its Event of Default allegations within a particular category was then reviewed against the Governing Agreements and U.S. Bank's production to identify additional information and documents relevant and responsive to Plaintiff's contentions on a trust-by-trust and document-by-document basis.  Where a document from U.S. Bank's production is relevant to the contention, the chart identifies the specific document by Bates number.

169.5    For charts in which a particular Governing Agreement provision is relevant, the chart cross-references other charts submitted herewith that summarize the applicable Governing Agreement provisions.

169.6    Plaintiff's contention interrogatory responses, the Governing Agreements, and U.S. Bank's produced documents cited in the various charts attached to this declaration were all previously produced to Plaintiff in this action, or were

previously filed in this case or are otherwise publicly available and attached to this Declaration, and are therefore available to Plaintiff to review.

170.    Attached hereto as Exhibit 167 is a true and correct copy of the cited excerpts of the transcript of the deposition of U.S. Bank's Rule 30(b)(6) corporate witness Nicolas Valaperta in *Phoenix Light SF Ltd., et al. v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 14-cv-10116 (S.D.N.Y.), dated January 31, 2018, previously produced in this action at USBCOMMERZ01324115.

171.    Attached hereto as Exhibit 168 is a true and correct copy of the cited excerpts of the transcript of the deposition of U.S. Bank's Rule 30(b)(6) corporate witness Nicolas Valaperta in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 16-cv-04569 (S.D.N.Y.), dated March 27, 2019.

172.    Attached hereto as Exhibit 169 is a true and correct copy of the Master Direction and Indemnity Agreement between FHFA and U.S. Bank, dated September 11, 2012, previously produced in this action at USBCOMMERZ00826155.

173.    Attached hereto as Exhibit 170 is a true and correct copy of the Joinder Agreement to the Master Direction and Indemnity Agreement between FHFA and U.S. Bank, relating to the HEAT 2006-6 trust, dated December 18, 2012, previously produced in this action at USBCOMMERZ00826260.

174.    Attached hereto as Exhibit 171 is a true and correct copy of the Joinder Agreement to the Master Direction and Indemnity Agreement between FHFA and U.S. Bank, relating to the HEAT 2007-2 trust, dated March 28, 2013, previously produced in this action at USBCOMMERZ00826296.

175.    Attached hereto as Exhibit 172 is a true and correct copy of a February 23, 2015 informational notice from U.S. Bank to holders of Certificates issued by certain RMBS trusts.

Attached as Exhibit A to the informational notice is a copy of a January 23, 2015 letter from Gibbs & Bruns to U.S. Bank, among other parties, on behalf of holders of Certificates issued by 119 RMBS trusts, including the GSAMP 2006-HE6, MABS 2005-FRE1, and MABS 2006-AM3 trusts.. Attached as Exhibit B to the notice was a copy of a January 26, 2015 letter from Ocwen Financial Corporation to Gibbs & Bruns, responding to the January 23, 2015 letter. The notice and exhibits thereto were previously produced in this action at USBCOMMERZ00853541.

176.   Attached hereto as Exhibit 173 is a true and correct copy of the cited excerpts of a March 27, 2015 letter from a certificateholder to U.S. Bank, previously produced in this action at USBCOMMERZ00749130.

177.   Attached hereto as Exhibit 174 is a true and correct copy of the cited excerpts of a May 11, 2015 notice to holders of Certificates issued by certain RMBS trusts, previously produced in this action at USBCOMMERZ01015099.

178.   Attached hereto as Exhibit 175 is a true and correct copy of a November 16, 2012 letter from U.S. Bank, through its legal counsel, to Gibbs & Bruns in response to a September 18, 2012 letter from Gibbs & Bruns to U.S. Bank, Wells Fargo, Morgan Stanley ABS Capital I, HSBC Bank USA, N.A., and Deutsche Bank National Trust Company, on behalf of holders of Certificates issued by certain trusts, including the MSM 2006-15XS trust. Attached to U.S. Bank's letter are (1) an October 22, 2012 letter from Wells Fargo to Gibbs & Bruns, responding to Gibbs & Bruns' September 18, 2012 letter, and (2) Gibbs & Bruns' September 18, 2012 letter. The letter and attachments were previously produced in this action at USBCOMMERZ00828978.

179.   Attached hereto as Exhibit 176 is a true and correct copy of a June 12, 2015 letter from U.S. Bank to J.P. Morgan Chase Bank, N.A., previously produced in this action at USBCOMMERZ01685371.

180.    Attached hereto as Exhibit 177 is Chart 37 ("Summary Of Additional Information Relevant To Plaintiff's Contentions Regarding U.S. Bank Letters Relating To 'Missing' Certifications"), containing references to Plaintiff's Supplemental Responses and Objections to U.S. Bank National Association's Third-Set of Interrogatories to Commerzbank AG, dated Feb. 26, 2019, and Plaintiff's Second-Set of Supplemental Responses and Objections to U.S. Bank National Association's Third-Set of Interrogatories to Commerzbank AG, dated June 6, 2019 (together, the "contention interrogatory responses") and additional information or materials from Governing Agreements and/or U.S. Bank's production relevant and responsive to Plaintiff's contentions.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 169.

181.    Attached hereto as Exhibit 178 is Chart 38 ("Summary Of Plaintiff's Contentions Regarding U.S. Bank Letters Relating To 'Noncompliant' Certifications"), containing references to Plaintiff's contention interrogatory responses and information or materials from Governing Agreements and/or U.S. Bank's production relevant and responsive to Plaintiff's contentions.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in paragraph 169.

182.    Attached hereto as Exhibit 179 is a true and correct copy of a July 22, 2014 letter from U.S. Bank to CitiMortgage Inc., previously produced in this action at USBCOMMERZ00751488.

183.    Attached hereto as Exhibit 180 is a true and correct copy of a July 18, 2014 letter from U.S. Bank to Ocwen Loan Servicing LLC, previously produced in this action at USBCOMMERZ01687108.

184.     Attached hereto as Exhibit 181 is a true and correct copy of a February 27, 2014 annual compliance package submitted by Ocwen Loan Servicing, LLC, previously produced in this action at USBCOMMERZ00853021.

185.     Attached hereto as Exhibit 182 is a true and correct copy of a February 26, 2014 annual compliance package submitted by CitiMortgage, Inc., previously produced in this action at USBCOMMERZ00854455.

186.     Attached hereto as Exhibit 183 is a true and correct copy of a February 27, 2014 annual compliance package submitted by Ocwen Loan Servicing, LLC, previously produced in this action at USBCOMMERZ00854898.

187.     Attached hereto as Exhibit 184 is a true and correct copy of a May 19, 2015 notice from Wells Fargo to U.S. Bank regarding the JPALT 2007-S1 trust, previously produced in this action at USBCOMMERZ01703190.

188.     Attached hereto as Exhibit 185 is a true and correct copy of the cited excerpts of a September 25, 2009 certificateholder distribution summary regarding the GSAMP 2006-HE5 trust, which is available at www.ctslink.com.

189.     Attached hereto as Exhibit 186 is a true and correct copy of the cited excerpts of a March 25, 2015 certificateholder distribution summary regarding the GSAMP 2006-HE5 trust, previously produced in this action at USBCOMMERZ00928004.

190.     Attached hereto as Exhibit 187 is a true and correct copy of a November 5, 2008 email from Kimberly Braden to Kari Anderson, previously produced in this action at USBCOMMERZ00757475.

191.    Attached hereto as Exhibit 188 is a true and correct copy of the cited excerpts of a November 25, 2008 statement to certificateholders regarding the HEAT 2005-9 trust, previously produced in this action at USBCOMMERZ00166496.

192.    Attached hereto as Exhibit 189 is a true and correct copy of the cited excerpts of a January 26, 2009 statement to certificateholders regarding the ABSHE 2006-HE1 trust, previously produced in this action at USBCOMMERZ00149858.

193.    Attached hereto as Exhibit 190 is Chart 39 ("Summary Of Additional Information Relevant To Plaintiff's Contentions Regarding 'Missing' Platform-Level Servicer Certifications"), containing references to Plaintiff's contention interrogatory responses and additional information or materials from Governing Agreements and/or U.S. Bank's production relevant and responsive to Plaintiff's contentions.  This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in paragraph 169.

194.    Attached hereto as Exhibit 191 is a true and correct copy of a February 28, 2013 annual compliance package submitted by Wells Fargo, previously produced in this action at USBCOMMERZ00399059.

195.    Attached hereto as Exhibit 192 is a true and correct copy of excerpts of a December 20, 2013 annual compliance package submitted by Wells Fargo, with the attached schedule excerpted to show the Covered Trusts, previously produced in this action at USBCOMMERZ01079419.

196.    Attached hereto as Exhibit 193 is a true and correct copy of an October 27, 2010 email from U.S. Bank employee Sheryl Christopherson, previously produced in this action at USBCOMMERZ00902565.

197. Attached hereto as Exhibit 194 is a true and correct copy of a consent order entered into between Wells Fargo Bank, N.A. and the Office of the Comptroller of the Currency, dated April 13, 2011, previously produced in this action at USBCOMMERZ01005256.

198. Attached hereto as Exhibit 195 is a true and correct copy of a consent order entered into between U.S. Bank National Association, U.S. Bank National Association ND, and the Office of the Comptroller of the Currency, dated April 13, 2011, previously produced in this action at USBCOMMERZ01322148.

199. Attached hereto as Exhibit 196 are Chart 40-A ("Annual Platform-Level Certification Compliance Requirements") and Chart 40-B ("Annual Trust-Specific Certification Compliance Requirements"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

200. Attached hereto as Exhibit 197 is Chart 41 ("Summary Of Additional Information Relevant To Plaintiff's Allegations Of Events Of Default Based On Compliance Documents"), containing references to Plaintiff's contention interrogatory responses and additional information or materials from Governing Agreements and/or U.S. Bank's production relevant and responsive to Plaintiff's contentions. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 169.

201. Attached hereto as Exhibit 198 is Chart 42 ("Trusts For Which Plaintiff's Cited Platform-Level Compliance Certifications Do Not Relate To An Entity Whose Conduct Could Cause An Event Of Default Under The Applicable Governing Agreements"), containing references to Plaintiff's contention interrogatory responses and additional information or materials

from Governing Agreements and/or U.S. Bank's production relevant and responsive to Plaintiff's contentions. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 169.

202. Attached hereto as Exhibit 199 is a true and correct copy of PHH Mortgage's annual 1122 and 1123 compliance submission, dated February 28, 2014, previously produced in this action at USBCOMMERZ01079358.

203. Attached hereto as Exhibit 200 are Chart 43-A ("Additional Information Relevant To Plaintiff's Cited Trust-Specific Certifications") and Chart 43-B ("Additional Information Relevant To Plaintiff's Cited Trust-Specific Certifications"), containing references to Plaintiff's contention interrogatory responses and additional information or materials from Governing Agreements and/or U.S. Bank's production relevant and responsive to Plaintiff's contentions. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in paragraph 169.

204. Attached hereto as Exhibit 201 is a true and correct copy of the cited excerpts of the transcript of the deposition of Charles Pedersen in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 16-cv-04569 (S.D.N.Y.), dated December 18, 2018.

205. Attached hereto as Exhibit 202 is a true and correct copy of a December 11, 2014 notice from U.S. Bank to holders of Certificates in the WMALT 2007-OA2 trust, previously produced in this action at USBCOMMERZ00236072.

206. Attached hereto as Exhibit 203 is a true and correct copy of a December 9, 2016 notice from U.S. Bank to holders of Certificates in certain RMBS trusts, including the CMLTI 2007-AMC2, GSAA 2007-1, JPALT 2006-A6, and MABS 2006-NC2 Covered Trusts. The notice was previously produced in this action at USBCOMMERZ00118587.

207.     Attached hereto as Exhibit 204 is a true and correct copy of the cited excerpts of the Second Amended Complaint in *People of the State of California v. U.S. Bank Nat'l Ass'n*, Case No. BC488436 (Cal. Super. Ct.), dated August 19, 2013.

208.     Attached hereto as Exhibit 205 are Chart 44-A ("Summary Of Plaintiff's Contentions Of Events Of Default Based On 'Failure To Maintain REO Properties'") and Chart 44-B ("Trusts Not Included On Plaintiff's Cited 'Failure To Maintain REO Properties' Materials"), containing references to Plaintiff's contention interrogatory responses and additional information or materials from Governing Agreements and/or U.S. Bank's production relevant and responsive to Plaintiff's contentions.  These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in paragraph 169.

209.     Attached hereto as Exhibit 206 is a true and correct copy of the cited excerpts of the Supplemental Expert Report of Ingrid Beckles in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 16-cv-04569 (S.D.N.Y.), dated May 28, 2019.

210.     Attached hereto as Exhibit 207 is a true and correct copy of a January 10, 2012 email from Diane Reynolds to U.S. Bank employees, previously produced in this action at USBCOMMERZ01594176.

211.     Attached hereto as Exhibit 208 is a true and correct copy of an October 13, 2011 spreadsheet titled "10 13 2011 Chicago Demo by servicer.xls," previously produced in this action at USBCOMMERZ00844967.

212.     Attached hereto as Exhibit 209 is a true and correct copy of a March 1, 2011 spreadsheet titled "03 01 2011 the 12 30 2010 Property list w NY 03 08 2011updates by servicer for updating moving paids.xls," previously produced in this action at USBCOMMERZ01696147.

212.1 To prepare the PDF excerpt of the native Excel spreadsheet, the worksheet titled "New Violations Added" was filtered in column W to show any Covered Trust included therein.

212.2 The worksheet titled "Paid" was filtered in column W to show any Covered Trust included therein.

213. Attached hereto as Exhibit 210 is a true and correct copy of an online article titled "Bank of America, Ally Bank Extend Foreclosure Freeze To All 50 States," dated October 8, 2010, as updated April 26, 2011, publicly available at https://www.cbsnews.com/news/bank-of-america-ally-bank-extend-foreclosure-freeze-to-all-50-states/.

214. Attached hereto as Exhibit 211 is a true and correct copy of a June 5, 2013 report entitled "National Mortgage Settlement Servicing Standards and Noncompliance: Results of a National Housing Counselor Survey," publicly available at http://www.hsgcenter.org/wp-content/uploads/2013/06/NMS_Findings.pdf.

215. Attached hereto as Exhibit 212 is a true and correct copy of the cited excerpts of the transcript of the deposition of Eve Kaplan in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 16-cv-04569 (S.D.N.Y.), dated Jan. 24, 2019.

216. Attached hereto as Exhibit 213 is Chart 45 ("Servicer Or Master Servicer Has No Notice Duty With Respect To Material R&W Breaches"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

217. Attached hereto as Exhibit 214 is a true and correct copy of a September 18, 2014 letter from CitiMortgage Inc. to U.S. Bank, Citigroup Mortgage Loan Trust, Inc., CitiMortgage,

Inc., and Citibank, N.A., regarding the CMLTI 2005-10 trust, previously produced in this action at USBCOMMERZ00746405.

218.    Attached hereto as Exhibit 215 is a true and correct copy of a consent order entered into between Bank of America, N.A. and the Office of the Comptroller of the Currency, dated April 13, 2011, which is publicly available at https://www.occ.gov/topics/consumer-protection/foreclosure-prevention/correcting-foreclosure-practices.html.

219.    Attached hereto as Exhibit 216 is a true and correct copy of the Interagency Review of Foreclosure Policies and Practices, which is publicly available at https://www.federalreserve.gov/boarddocs/rptcongress/interagency_review_foreclosures_201104 13.pdf.

220.    Attached hereto as Exhibit 217 is a true and correct copy of the cited excerpts of the Rebuttal Expert Report of Marcel Bryar in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 16-cv-04569 (S.D.N.Y.), dated May 7, 2019.

221.    Attached hereto as Exhibit 218 is a true and correct copy of an excerpted export from U.S. Bank's EMBTrust database, generated on or about March 26, 2017, showing outstanding document exceptions for loans in the WMALT 2007-OA2 trust, previously produced in this action at USBCOMMERZ00373873.

221.1   To prepare the PDF export of the native Excel spreadsheet, the worksheet titled "Loan List" was excluded.

221.2   The worksheet titled "Exceptions" was printed to show the first 50 rows of data as an example of the information contained in the spreadsheet.

222.    Attached hereto as Exhibit 219 is a true and correct copy of excerpts of a tracking spreadsheet regarding the acquisition of Bank of America's securitization business, previously produced in this action at USBCOMMERZ00987304.

    222.1   To prepare the PDF export of the native Excel spreadsheet, the worksheet titled "Sheet 2" was excluded.

    222.2   The worksheet titled "Sheet 1" was filtered to show the WAMU 2007-OA2, WAMU 2007-OA6, WMALT 2007-OA2, and WMALT 2007-OC1 trusts.

    222.3   The worksheet titled "Sheet 4" was filtered to show the WAMU 2007-OA2, WAMU 2007-OA6, and WMALT 2007-OC1 trusts.

    222.4   The worksheet titled "Sheet 3" was printed to PDF in full.

223.    Attached hereto as Exhibit 220 are Chart 46-A ("GSAA 2006-12 Governing Agreements Requiring Cure Or Repurchase For Material R&W Breaches"), Chart 46-B ("GSAA 2007-1 Agreements Requiring Cure Or Repurchase For Material R&W Breaches") and Chart 46-C ("GSAMP 2006-HE5 Agreements Requiring Cure Or Repurchase For Material R&W Breaches"), setting forth sample provisions and identifying provisions from other Governing Agreements that are substantially identical for purposes of the Motion.  These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

224.    Attached hereto as Exhibit 221 are Chart 47-A ("U.S. Bank Does Not Have A Duty To Provide Notice Of Material R&W Breaches"), Chart 47-B ("U.S. Bank's Duty To Provide Notice Of A Material R&W Breach Is Triggered Upon Receipt Of Written Notice From Specified Deal Parties Of A Material R&W Breach"), Chart 47-C ("U.S. Bank's Duty To Provide Notice Of A Material R&W Breach Is Triggered Only Upon Discovery Of A Material R&W Breach"), Chart 47-D ("U.S. Bank's Duty To Provide Notice Of A Material R&W Breach Is Triggered Only Upon

Discovery Or Receipt Of Written Notice By U.S. Bank Of A Material R&W Breach"), and Chart 47-E ("U.S. Bank's Duty To Provide Notice Of A Material R&W Breach Is Triggered Only Upon Actual Knowledge Of A Material R&W Breach By A Responsible Officer Of The Trustee"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

225.    Attached hereto as Exhibit 222 are Chart 48-A ("The Servicer Is The Only Party Required To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Material R&W Breaches"), Chart 48-B ("The Securities Administrator Is The Only Party Required To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Material R&W Breaches"), and Chart 48-C ("The Depositor Is The Only Party Required To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Material R&W Breaches"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

226.    Attached hereto as Exhibit 223 is Chart 49 ("U.S. Bank Does Not Have A Duty To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Material R&W Breaches"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

227. Attached hereto as Exhibit 224 is Chart 50 ("Trusts For Which U.S. Bank Is Not Obligated To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Material R&W Breaches That Include 'Hold The Trust Fund' Provision"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

228. Attached hereto as Exhibit 225 are Chart 51-A ("U.S. Bank, As Trustee, Has An Obligation To Enforce Repurchase Obligations Due To Material R&W Breaches"), Chart 51-B ("U.S. Bank's Duty To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Material R&W Breaches Is Triggered By Receipt Of Written Notice Of A Failure To Cure"), Chart 51-C ("U.S. Bank's Duty To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Material R&W Breaches Is Triggered By Actual Knowledge Of A Responsible Officer Of The Trustee And Written Notice From The Depositor"), and Chart 51-D ("U.S. Bank's Duty To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Material R&W Breaches Is Triggered By Receipt Of Consent To Pursue Enforcement From The Depositor"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

229. Attached hereto as Exhibit 226 is a true and correct copy of the cited excerpts of the transcript of the deposition of Eve Kaplan in *Blackrock Core Bond Portfolio, et al. v. U.S. Bank Nat'l Ass'n*, Case No. 14-cv-09401 (S.D.N.Y.), dated June 8, 2017, previously produced in this action at USBCOMMERZ01234701.

230.    Attached hereto as Exhibit 227 is Chart 52 ("Closing Dates, Applicable Tolling Periods, And Final Dates On Which The Covered Trusts Had Viable Repurchase Claims Relating To Material R&W Breaches"), submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

230.1    I supervised the preparation of this chart. Based on the process used to create it, this chart summarizes the closing dates, the effective dates of tolling agreements, if any, and the final date on which the trusts' claims against obligated parties for Material R&W Breaches became untimely under New York's 6-year statute of limitations, taking into account any applicable tolling period.

230.2    To prepare Chart 52, the applicable Governing Agreements were reviewed to determine the Closing Date for each trust, according to the process described in paragraph 29. The chart column labeled "Trust" contains the trust names, and the chart column labeled "Closing Date" reflects the Closing Date set forth in the applicable Governing Agreements.

230.3    The Covered Trusts were then cross-referenced against those tolling agreements affecting Covered Trusts at issue in this action. The chart column labeled "Tolling Agreement Effective Date (if Any)" contains the earliest date on which a tolling agreement was in effect for a Covered Trust, or an entry of "N/A" where there is no such tolling agreement. The chart column labeled "Tolling Agreement Termination Date (if Any)" contains the final date on which a tolling agreement was in effect for a Covered Trust, or an entry of "N/A" where there is no such tolling agreement.

230.4 The time period during which the tolling agreement was in effect was then calculated and added to the six-year limitations period that would ordinarily apply to the Trusts' claims against Originators, Sponsors, or Sellers. The chart column labeled "SOL End Date" contains the date on which the underlying six-year limitations period, taking into account any applicable tolling, expired for the Covered Trusts.

230.5 The tolling agreements used in the preparation of this chart were all previously produced in this action or are publicly available, and are available for Plaintiff to review.

231. Attached hereto as Exhibit 228 is Chart 53 ("Bar Dates For Claims Against Insolvent Warrantors for Covered Trusts"), setting forth information regarding insolvent obligated parties and the applicable bar dates for relevant bankruptcies and receiverships. This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

231.1 I supervised the process of preparing this chart, which summarizes the content of certain documents produced in this action, as well as publicly available information. Based on the process used to create them, these charts reflect the contents of these documents.

231.2 This chart is limited to those Covered Trusts listed on Charts 26 and 27.

231.3 The Governing Agreements for those Covered Trusts addressed on Charts 26 and 27 were reviewed to identify the entity or entities obligated to cure, substitute, or repurchase loans with Material R&W Breaches (each, an "obligated party").

231.4    The list of obligated parties was then cross-referenced against bankruptcy court dockets to identify obligated parties that had filed for bankruptcy or were in receivership, and bar dates in the applicable bankruptcy or receivership.

231.5    The list of obligated parties in bankruptcies or receiverships, the applicable bar dates, and the list of Covered Trusts for which such obligated parties were warrantors were then cross-referenced against Charts 26 and 27 to determine instances where documents listed on Charts 26 and 27 were relevant to the applicable Covered Trust and obligated party and were dated after the applicable bar date in such party's bankruptcy or receivership.  Where a notice was dated after the applicable bar date, the obligated party was listed in the chart column "Warrantor."

231.6    The chart column "Impacted Trust(s)" reflects those Covered Trusts for which the entity was an obligated party, as set forth in the Governing Agreements, and a notice document on Charts 26 and/or 27 is dated after the applicable bar date in the obligated party's bankruptcy or receivership.

231.7    The chart column "Bar Date" reflects the bar date established in the applicable bankruptcy or receivership, after which pre-existing claims against the obligated party would no longer be viable.

231.8    The chart column "Bates Number for Document Evidencing Bar Date" reflects the Bates number of a document from U.S. Bank's production, or a reference to other publicly available information, from which the bar date can be identified.

231.9   The materials reviewed to prepare this chart were previously produced in this action or are otherwise publicly available, and are available for Plaintiff to review.

232.    Attached hereto as Exhibit 229 are Chart 54-A("Custodian Is The Only Party With A Duty To Give Notice Of Document Defects"), and Chart 54-B ("U.S. Bank Is Not Required To Give Notice Of Document Defects"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion.  These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

233.    Attached hereto as Exhibit 230 are Chart 55-A ("U.S. Bank Is Required To Provide Notice Of Document Defects Only If It Is The Party Conducting The Mortgage File Review, Or If It Discovers Or Receives Written Notice Of Document Defects Which Materially Adversely Affect The Value Of A Mortgage Loan Or The Interest Therein Of The Certificateholders For 13 CMLTI Trusts"), Chart 55-B ("Custodian Performed The Mortgage File Review For CMLTI Trusts"), Chart 55-C ("U.S. Bank Is Required To Provide Notice Of Document Defects Only If It Is The Party Conducting The Mortgage File Review, Or If It Receives Written Notice From The Custodian Of Document Defects That Materially Adversely Affect The Value Of A Mortgage Loan Or The Interest Therein Of The Certificateholders For The MABS 2006-AM2, MABS 2006-AM3, And MABS 2006-NC2 Trusts"), and Chart 55-D ("Custodian Performed The Mortgage File Review For MABS 2006-AM2, MABS 2006-AM3, And MABS 2006-NC2 Trusts"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion.  These charts are submitted under Federal Rule of Evidence 1006 as summaries of voluminous documents.

233.1   I supervised the process of preparing this chart, as well as all other charts cited herein that list custodial certifications and exception reports produced in this case. Based on the process used to create them, these charts reflect the contents of the custodial certifications and exception reports.

233.2   Charts 55-A and 55-C were prepared according to the procedure described in Paragraph 29.

233.3   To prepare charts 55-B and 55-D, documents produced by U.S. Bank and certain third parties were reviewed to identify Final Certifications and exception reports previously produced in this action for each relevant trust.

233.4   Where a Final Certification or exception report was located for the relevant Covered Trusts, each such document was listed by Bates number and identified on the chart according to the relevant Covered Trust with which it is associated.

233.5   The Final Certifications and exception reports were previously produced in this action, and are available for Plaintiff to review.

234.   Attached hereto as Exhibit 231 is Chart 56 ("U.S. Bank Is Required To Provide Deal Parties Notice Of Document Defects Only Upon Receipt Of Written Notice Of Materially Defective Documents, Or, Following The Date of Receipt Of The Custodian's Certifications, Missing Documents"), setting forth excerpted language from the PSA for the MSM 2006-15XS trust.

235.   Attached hereto as Exhibit 232 are Chart 57-A ("U.S. Bank Is Required To Provide Notice Of Document Defects Only Upon Discovery And/Or Written Notice"), and Chart 57-B ("U.S. Bank Has Limited Notice Duties For GSAMP 2006-HE5"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes

of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

236. Attached hereto as Exhibit 233 are Chart 58-A ("U.S. Bank's Notice Duty With Respect To Document Defects Was Limited To Ensuring Document Exceptions Were Listed And That Certifications And Exception Reports Were Delivered"), and Chart 58-B ("Final Certifications And Exception Reports Delivered For HEAT Trusts"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedures described in Paragraphs 29 and 233.

237. Attached hereto as Exhibit 234 is a true and correct copy of the Trust Receipt and Final Certification delivered by U.S. Bank for the ABSHE 2005-HE8 trust on or about October 27, 2006, previously produced in this action at USBCOMMERZ00930129.

238. Attached hereto as Exhibit 235 is a true and correct copy of an excerpt of the exception report accompanying the Trust Receipt and Final Certification delivered by U.S. Bank for the ABSHE 2005-HE8 trust on or about October 27, 2006, previously produced in this action at USBCOMMERZ00374154.

238.1 To prepare an excerpted PDF of the native Excel spreadsheet, the spreadsheet was filtered to show only the first 82 rows of data as an example of the information contained in the spreadsheet.

239. Attached hereto as Exhibit 236 is a true and correct copy of a November 9, 2006 letter from U.S. Bank to the transaction parties for the ABSHE 2005-HE8 trust, providing notice of document defects, and requesting that the Seller cure such defects or else repurchase all loans with material defects, previously produced in this action at USBCOMMERZ00943665.

240.     Attached hereto as Exhibit 237 is a true and correct copy of the Document Certification delivered by U.S. Bank as Custodian for the GSAMP 2006-HE5 trust, previously produced in this action at USBCOMMERZ00864545.

241.     Attached hereto as Exhibit 238 is a true and correct copy of excerpts of the exception report accompanying the Document Certification delivered by U.S. Bank as Custodian for the GSAMP 2006-HE5 trust, previously produced in this action at BANACMRZ000047111.

    241.1   To prepare an excerpted PDF of the native Excel spreadsheet, the worksheet titled "Loans" was excluded.

    241.2   The worksheet titled "Exceptions" was printed in full to PDF.

242.     Attached hereto as Exhibit 239 is a true and correct copy of the Trust Receipt and Final Certification delivered by Deutsche Bank for the ABSHE 2006-HE1 trust on or about February 6, 2007, previously produced in this action at USBCOMMERZ00932062.

243.     Attached hereto as Exhibit 240 is a true and correct copy of excerpts of the exception report accompanying the Trust Receipt and Final Certification delivered by Deutsche Bank for the ABSHE 2006-HE1 trust, on or about February 6, 2007, previously produced in this action at USBCOMMERZ00761268.

    243.1   To prepare an excerpted PDF of the native Excel spreadsheet, the spreadsheet was filtered to show only the first 91 rows of data as an example of the information contained in the spreadsheet.

244.     Attached hereto as Exhibit 241 is a true and correct copy of the Trust Receipt and Final Certification delivered by Wells Fargo for the ABSHE 2006-HE5 trust on or about July 12, 2007, previously produced in this action at USBCOMMERZ00930134.

245.     Attached hereto as Exhibit 242 is a true and correct copy of excerpts of the exception report accompanying the Trust Receipt and Final Certification delivered by Wells Fargo for the ABSHE 2006-HE5 trust on or about July 12, 2007, previously produced in this action at USBCOMMERZ00761380.

245.1   To prepare an excerpted PDF of the native Excel spreadsheet, the spreadsheet was filtered to show only the first 130 rows of data as an example of the information contained in the spreadsheet.

246.     Attached hereto as Exhibit 243 are Chart 59-A ("Servicer Is The Only Party Required To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Document Defects"), Chart 59-B ("Securities Administrator Is The Only Party Required To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Document Defects"), and Chart 59-C ("U.S. Bank Is Not Obligated To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Document Defects"), setting forth sample provisions and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion.  These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

247.     Attached hereto as Exhibit 244 are Chart 60-A ("U.S. Bank's Duty To Enforce The Obligated Party's Duty To Repurchase Loans Due To Document Defects Is Triggered Only Upon U.S. Bank's Receipt Of Written Notice Of Failure To Cure"), and Chart 60-B ("U.S. Bank's Duty To Enforce The Obligated Party's Duty To Repurchase Loans Due To Document Defects Is Triggered Only Upon U.S. Bank's Receipt Of Written Notice From The Depositor, Seller, Or Originator Of Materially Defective Or, Following The Date Of Receipt Of The Custodian's Certifications, Missing Documents"), setting forth sample provisions and identifying provisions

from other Covered Trusts that are substantially identical for purposes of the Motion. These charts are submitted under Federal Rule of Evidence 1006 and were prepared according to the procedure described in Paragraph 29.

248. Attached hereto as Exhibit 245 is Chart 61 ("Trusts For Which U.S. Bank Is Not Obligated To Enforce The Obligated Party's Duty To Substitute And/Or Repurchase Loans Due To Document Defects That Include 'Hold The Trust Fund' Provision"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

249. Attached hereto as Exhibit 246 is Chart 62 ("Trusts With No Completeness Representation And Warranty"), setting forth citations to the section of the Governing Agreements containing the representations and warranties for each trust that do not contain a representation and warranty that the Mortgage File will be complete, submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

249.1 I supervised the process of preparing this chart, as well as all other charts cited herein that summarize the content of the Governing Agreements for the Covered Trusts. Based on the process used to create it, this chart reflects the contents of the Governing Agreements cited therein.

249.2 To prepare the chart, the representation and warranty sections of the Governing Agreements for each of the Covered Trusts were reviewed to identify Covered Trusts for which there was no representation and warranty that arguably required the Mortgage File to be complete.

249.3 The Governing Agreements cited in the various charts attached to this declaration were all previously produced to Plaintiff in this action, or were previously filed in this case or are otherwise publicly available, and are therefore available to Plaintiff to review.

250.    Attached hereto as Exhibit 247 is a true and correct copy of Exhibit 1200 in the deposition of U.S. Bank's Rule 30(b)(6) corporate witness Eve Kaplan in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 16-cv-04569 (S.D.N.Y.), dated March 19, 2019.

251.    Attached hereto as Exhibit 248 is a true and correct copy of the cited excerpts of the transcript of the deposition of Sorell Elbert in *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, Case No. 16-cv-04569 (S.D.N.Y.), dated March 5, 2019.

252.    Attached hereto as Exhibit 249 is a true and correct copy of the Termination of Trust Administration Agreements and Assumption of Duties and Obligations by U.S. Bank National Association, related to the FFMER 2007-2 and MLMI 2006-AHL1 trusts, dated March 25, 2011, previously produced in this action at USBCOMMERZ01299619.

253.    Attached hereto as Exhibit 250 is a true and correct copy of the Notice of Assignment and Assumption by U.S. Bank National Association for the HEAT 2005-2 trust, dated May 27, 2011, previously produced in this action at USBCOMMERZ00762386.

254.    Attached hereto as Exhibit 251 is a true and correct copy of the Notice of Assignment and Assumption by U.S. Bank National Association for the HEAT 2005-4 trust, dated May 27, 2011, previously produced in this action at USBCOMMERZ01605161.

255.    Attached hereto as Exhibit 252 is a true and correct copy of the Notice of Assignment and Assumption by U.S. Bank National Association for the HEAT 2005-9 trust, dated May 27, 2011, previously produced in this action at USBCOMMERZ01605707.

256. Attached hereto as Exhibit 253 is a true and correct copy of the Notice of Assignment and Assumption by U.S. Bank National Association for the HEAT 2006-4 trust, dated May 27, 2011, previously produced in this action at USBCOMMERZ00896559.

257. Attached hereto as Exhibit 254 is a true and correct copy of the Notice of Assignment and Assumption by U.S. Bank National Association for the HEAT 2006-6 trust, dated May 27, 2011, previously produced in this action at USBCOMMERZ00885031.

258. Attached hereto as Exhibit 255 is Chart 63 ("No-Action Clause Trusts"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

259. Attached hereto as Exhibit 256 is a true and correct copy of the cited excerpts of the Prospectus Supplement for the JPMAC 2006-CW2 trust, previously produced in this action at USBCOMMERZ00282240.

260. Attached hereto as Exhibit 257 is a true and correct copy of a March 30, 2009 "Trustee Resignation and Appointment" from U.S. Bank to Wells Fargo Bank, N.A., previously produced in this action at USBCOMMERZ01450494.

261. Attached hereto as Exhibit 258 is a true and correct copy of a trade ticket for CMLTI 2006-WFHE4 dated May 23, 2012, previously produced in this action at DCP_THR_03048539.

262. Attached hereto as Exhibit 259 is a true and correct copy of an August 31, 2010 notice from the Bank of New York Mellon to holders of JPMAC 2005-FRE1, previously produced at USBCOMMERZ00861619.

263. Attached hereto as Exhibit 260 is Chart 64 ("U.S. Bank Is Not Required To Provide Notice of Document Defects Under Section 2.02 Of The PSA For Six JPMAC Trusts"), setting

forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

264.    Attached hereto as Exhibit 261 is a true and correct copy of the Notice of Assignment and Assumption by U.S. Bank National Association, dated May 27, 2011, regarding U.S. Bank's succession to the role of Custodian for CSAB 2006-4, previously produced in this action at USBCOMMERZ00937097.

265.    Attached hereto as Exhibit 262 is a true and correct copy of the Final Certification delivered by Wells Fargo for the MARM 2007-HF2 trust on or about October 29, 2007, previously produced in this action at USBCOMMERZ00884522.

266.    Attached hereto as Exhibit 263 is a true and correct copy of an excerpt of the exception report accompanying the Final Certification delivered by Wells Fargo for the MARM 2007-HF2 trust on or about October 29, 2007, previously produced in this action at USBCOMMERZ00379942.

266.1   To prepare the PDF excerpt of this native Excel spreadsheet, the spreadsheet was filtered to show the first 118 rows of data as an example of the information contained in the spreadsheet.

267.    Attached hereto as Exhibit 264 is Chart 65 ("Trustee Does Not Receive Servicer Or Master Servicer Certifications"), setting forth a sample provision and identifying provisions from other Covered Trusts that are substantially identical for purposes of the Motion. This chart is submitted under Federal Rule of Evidence 1006 and was prepared according to the procedure described in Paragraph 29.

268. Attached hereto as Exhibit 265 is a true and correct copy of the FDIC's webpage regarding the last day to file proofs of claim in the Washington Mutual receivership. The document was previously publicly available at https://closedbanks.fdic.gov/drrip/EXT/CSDetails (last accessed and printed March 29, 2018).

269. Attached hereto as Exhibit 266 is a true and correct copy of the cited excerpts of Plaintiff's Responses and Objections to U.S. Bank National Association's Fourth Set of Interrogatories to Commerzbank AG, dated February 11, 2019.

270. Attached hereto as Exhibit 267 is a true and correct copy of the cited excerpts of Plaintiff's Supplemental Responses and Objections to U.S. Bank National Association's Interrogatory Nos. 5 and 18 to Commerzbank AG, dated March 7, 2019.

271. Attached hereto as Exhibit 268 is Chart 66 ("German-Bank Certificates: First Losses"), setting forth a summary of information regarding losses in the German-Bank Trusts' Certificates. This chart is submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

271.1 I supervised the process of preparing this chart, which summarizes the content of certain documents produced in this action, as well as publicly available information. Based on the process used to create them, these charts reflect the contents of these documents.

271.2 To prepare Chart 66, trust, tranche, and holder information regarding the German-Bank Trusts was collected pursuant to the process described in Paragraph 18.

271.3 Information available publicly on Intex was then reviewed to determine, for each German-Bank Trust Certificate, the date of the first realized loss, if any,

in such Certificate.  The chart column "Date of First Realized Loss" reflects the date on which each German-Bank Trust Certificate first reported a realized loss, if any.

271.4   The information reviewed to prepare this Chart is all publicly available, and is therefore available to Plaintiff to review.

272.   Attached hereto as Exhibit 269 is a true and correct copy of a April 28, 2008 memorandum among Dresdner employees relating to Dresdner's ABS-related exposure, previously produced in this action at CB_USB04913596.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  August 1, 2019
       Boston, Massachusetts

Michael T. Marcucci