UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

COMMERZBANK AG,

                                 Plaintiff,

                -against-

U.S. BANK NATIONAL ASSOCIATION and BANK
OF AMERICA, NA,

                              Defendants.

Index No. 16-cv-04569-WHP

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF RYAN A. KANE
IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

RYAN A. KANE declares under penalties of perjury under 28 U.S.C. §1746 as follows:

1.      I am a partner at Wollmuth Maher & Deutsch LLP, counsel for Plaintiff Commerzbank AG ("Commerzbank") in the above-captioned action. I submit this Declaration in opposition to Defendants' motions for summary judgment.

2.      I have personal knowledge of the facts set forth in this Declaration based upon my day-to-day supervision of the litigation and our firm's extensive review and analysis of documents and testimony produced in the litigation.

3.      This Declaration is to describe the attached exhibits and content and foundation of the several charts, pursuant to Fed. R. Evid. 1006, that also are attached as exhibits to the Declaration. (The chart numbers and exhibit numbers are the same).  In keeping with this Court's direction, the attached charts summarize in more accessible form the content of the voluminous records used to prepare them. For each chart, this Declaration describes the title of the chart, the basic factual issue to which the chart is relevant, and what records were used to prepare the chart.

4.      Due to the voluminous nature and similarities of the governing agreements, we have prepared charts in lieu of the full documents. These charts were prepared to highlight the relevant PSA provisions, however, upon the Court's request, we will provide the Court with copies of the full documents.

5.      This chart summarizes the charts attached as exhibits to this Declaration:

| Category | Chart No. | Title |
|---|---|---|
| **Commerzbank's At-Issue Certificates** | 1 | Dresdner's Acquisition of Certificates |
| **Commerzbank's At-Issue Certificates** | 2 | Commerzbank's Acquisition of Certificates via Merger with Dresdner |
| **Commerzbank's At-Issue Certificates** | 3 | Eurohypo's Acquisition and Transfer of Certificates |
| **Commerzbank's At-Issue Certificates** | 4 | Commerzbank's Acquisition of Certificates via Transfer from Eurohypo |
| **Commerzbank's At-Issue Certificates** | 5 | Barrington II's Acquisition and Transfer of Certificates |
| **Commerzbank's At-Issue Certificates** | 6 | Commerzbank's Acquisition of Certificates via Transfer from Barrington II |
| **Commerzbank's At-Issue Certificates** | 7 | Sold Certificates |
| **Commerzbank's At-Issue Certificates** | 8 | Commerzbank's Additional Certificates in Trusts with a Sold Certificate |
| **Commerzbank's At-Issue Certificates** | 9 | Certificate Owner Defined as Beneficial Owner of Book-Entry Certificates |
| **PSA Provisions** | 10 | Trustee Has Notice and Enforcement Duties for Document Exceptions in 48 Trusts |
| **PSA Provisions** | 11 | Trusts Where BANA Served as Custodian |
| **PSA Provisions** | 12 | Trusts Where the Trustee Only Has Notice Duties for R&W Breaches for 9 Trusts |
| **PSA Provisions** | 13 | Trustee Notice and Enforcement Duties for R&W Breaches for 47 Trusts |
| **PSA Provisions** | 14 | R&Ws Based On Completeness of the Mortgage File, Title Insurance Policy, and Mortgage Note |
| **PSA Provisions** | 15 | Servicers' and Master Servicers' Duty to Prudently Service the Mortgage Loans |
| **PSA Provisions** | 16 | Master Servicers' Duty to Monitor Servicers |
| **PSA Provisions** | 17 | Servicers' and Master Servicers' Annual Certification Duties |
| **PSA Provisions** | 18 | Nonrecoverable Advances |
| **PSA Provisions** | 19 | Trustee's Reporting Requirements |
| **PSA Provisions** | 20 | Cumulative Loss EODs |
| **PSA Provisions** | 21 | EODs Triggered Upon Failure to Comply with Servicer Certification PSA Provisions |
| **PSA Provisions** | 22 | Servicer Downgrade EODs |
| **PSA Provisions** | 23 | Depositor EODs |
| **PSA Provisions** | 24 | Trustee Must Provide Notice of Completed or Nascent EODs for 36 Trusts |
| **PSA Provisions** | 25 | Sections 8.01 and 8.02 (or the Equivalent Provisions) |
| **PSA Provisions** | 26 | Indemnification |
| **PSA Provisions** | 27 | Master Servicer May Not Resign Without Trustee Consent and Officer's Certificate and Opinion of Counsel |
| **PSA Provisions** | 28 | Delivery of Exception Reports |
| **PSA Provisions** | 29 | Servicer Provides Distribution Statement by Noon |

| PSA Provisions | 30 | Preparation and Distribution of Monthly Distribution Reports |
|---|---|---|
| PSA Provisions | 31 | Conveyance of the Mortgage Loans |
| PSA Provisions | 32 | Trustee to Act on Behalf of Certificateholders |
| PSA Provisions | 33 | Terminology of EODs in PSAs |
| PSA Provisions | 34 | Sponsor or Seller Has Backstop Repurchase Obligation |
| PSA Provisions | 35 | The Master Servicers' and Servicers' Duty to Maintain REO Properties |
| PSA Provisions | 36 | When Custodian and Trustee are Different Parties, the Custodian Must Act on Behalf of Trustee |
| PSA Provisions | 37 | Servicers' and Master Servicers' EODs |
| Summary of Evidence | 38 | Breach Notices Received by USB for the 39 Trusts |
| Summary of Evidence | 39 | Additional Breach Notices Received by USB for the 39 Trusts |
| Summary of Evidence | 40 | Breach Notices Received by USB for the NAC Trusts |
| Summary of Evidence | 41 | Breach Notices Received by BANA |
| Summary of Evidence | 42 | Servicer Certification Evidence Summary |
| Summary of Evidence | 43 | USB's Knowledge of Systemic Loan Problems in At-Issue Trusts that it Never Shared with Certificateholders |
| Summary of Evidence | 44 | Delinquency Information for January 2010 |
| Summary of Evidence | 45 | Delinquency Information Prior to BANA's Resignation |

### **Charts Regarding Commerzbank's At-Issue Certificates**

6.      Annexed hereto as Exhibit 1 is Chart 1 titled "Dresdner's Acquisition of Certificates," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

      a.      This chart, Dresdner's Acquisition of Certificates, was prepared under my direction and supervision.

      b.      To prepare this chart, the individual trade records produced in this action were reviewed to identify all relevant Certificates.

      c.      The identifying information was then entered into the chart based on the review of the individual trade records.

      d.      The trade records used to create the chart annexed to this declaration were produced by Plaintiff in this action.

7.      Annexed hereto as Exhibit 2 is Chart 2 titled "Commerzbank's Acquisition of Certificates via Merger with Dresdner," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a. This chart, Commerzbank's Acquisition of Certificates via Merger with Dresdner, was prepared under my direction and supervision.

b. To prepare this chart, the individual trade records produced in this action were reviewed to identify all relevant Certificates.

c. The identifying information was then entered into the chart based on the review of the individual trade records.

d. The trade records used to create the chart annexed to this declaration were produced by Plaintiff in this action.

8. Annexed hereto as Exhibit 3 is Chart 3 titled "Eurohypo's Acquisition and Transfer of Certificates," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a. This chart, Eurohypo's Acquisition and Transfer of Certificates, was prepared under my direction and supervision.

b. To prepare this chart, the individual trade records produced in this action were reviewed to identify all relevant Certificates.

c. The identifying information was then entered into the chart based on the review of the individual trade records.

d. The trade records used to create the chart annexed to this declaration were produced by Plaintiff in this action.

9. Annexed hereto as Exhibit 4 is Chart 4 titled "Commerzbank's Acquisition of Certificates via Transfer from Eurohypo," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a. This chart, Commerzbank's Acquisition of Certificates via Transfer from Eurohypo, was prepared under my direction and supervision.

b. To prepare this chart, the individual trade records produced in this action were reviewed to identify all relevant Certificates.

c. The identifying information was then entered into the chart based on the review of the individual trade records.

d. The trade records used to create the chart annexed to this declaration were produced by Plaintiff in this action.

10.     Annexed hereto as Exhibit 5 is Chart 5 titled "Barrington II's Acquisition and Transfer of Certificates," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a. This chart, Barrington II's Acquisition and Transfer of Certificates, was prepared under my direction and supervision.

b. To prepare this chart, the individual trade records produced in this action were reviewed to identify all relevant Certificates.

c. The identifying information was then entered into the chart based on the review of the individual trade records.

d. The trade records used to create the chart annexed to this declaration were produced by Plaintiff in this action.

11.     Annexed hereto as Exhibit 6 is Chart 6 titled "Commerzbank's Acquisition of Certificates via Transfer from Barrington II," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

    a.   This chart, Commerzbank's Acquisition of Certificates via Transfer from Barrington II, was prepared under my direction and supervision.

    b.   To prepare this chart, the individual trade records produced in this action were reviewed to identify all relevant Certificates.

    c.   The identifying information was then entered into the chart based on the review of the individual trade records.

    d.   The trade records used to create the chart annexed to this declaration were produced by Plaintiff in this action.

12.    Annexed hereto as Exhibit 7 is Chart 7 titled "Sold Certificates," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

    a.   This chart, Sold Certificates, was prepared under my direction and supervision.

    b.   To prepare this chart, the individual trade records produced in this action were reviewed to identify all relevant Certificates.

    c.   The identifying information was then entered into the chart based on the review of the individual trade records.

    d.   The trade records used to create the chart annexed to this declaration were produced by Plaintiff in this action.

13.    Annexed hereto as Exhibit 8 is Chart 8 titled "Commerzbank's Additional Certificates in Trusts with a Sold Certificate," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

    a.   This chart, Commerzbank's Additional Certificates in Trusts with a Sold Certificate, was prepared under my direction and supervision.

b.   To prepare this chart, the individual trade records produced in this action were reviewed to identify all relevant Certificates.

c.   The identifying information was then entered into the chart based on the review of the individual trade records.

d.   The trade records used to create the chart annexed to this declaration were produced by Plaintiff in this action.

14.   Annexed hereto as Exhibit 9 is Chart 9 titled "Certificate Owner Defined as Beneficial Owner of Book-Entry Certificates," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, Certificate Owner Defined as Beneficial Owner of Book-Entry Certificates, was prepared under my direction and supervision.

b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

15.   Annexed hereto as Exhibit 10 is Chart 10 titled "Trustee Has Notice and Enforcement Duties for Document Exceptions in 48 Trusts," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, Trustee Has Notice and Enforcement Duties for Document Exceptions in 48 Trusts, was prepared under my direction and supervision.

b.  To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.  The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.  The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

16.   Annexed hereto as Exhibit 11 is Chart 11 titled "Trusts Where BANA Served as Custodian," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.  This chart, Trusts Where BANA Served as Custodian, was prepared under my direction and supervision.

b.  To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.  The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.  The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

17.   Annexed hereto as Exhibit 12 is Chart 12 titled "Trustee Notice Duties for R&W Breaches for 9 Trusts," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

    a.   This chart, Trusts Where the Trustee Only Has Notice Duties for R&W Breaches for 9 Trusts, was prepared under my direction and supervision.

    b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

    c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

    d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

18.    Annexed hereto as Exhibit 13 is Chart 13 titled "Trustee Notice and Enforcement Duties for R&W Breaches for 47 Trusts" submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

    a.   This chart, Trustee Notice and Enforcement Duties for R&W Breaches for 47 Trusts, was prepared under my direction and supervision.

    b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

    c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

    d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

19.     Annexed hereto as Exhibit 14 is Chart 14 titled "R&Ws Based on Completeness of the Mortgage File, Title Insurance Policy, and Mortgage Note" submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

       a.   This chart, R&Ws Based On Completeness of the Mortgage File, Title Insurance Policy, and Mortgage Note, was prepared under my direction and supervision.

       b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

       c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

       d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

20.     Annexed hereto as Exhibit 15 is Chart 15 titled "Servicers' and Master Servicers' Duty to Prudently Service the Mortgage Loans," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

       a.   This chart, Servicers' and Master Servicers' Duty to Prudently Service the Mortgage Loans, was prepared under my direction and supervision.

       b.   To prepare this chart, the individual PSAs, MSTAs, and SAs produced in this action were reviewed to identify all relevant provisions.

       c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

21.   Annexed hereto as Exhibit 16 is Chart 16 titled "The Master Servicers' Duty to Monitor Servicers," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, The Master Servicers' Duty to Monitor Servicers, was prepared under my direction and supervision.

b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

22.   Annexed hereto as Exhibit 17 is Chart 17 titled "Servicers' and Master Servicers' Annual Certification Duties," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, Servicers' and Master Servicers' Annual Certification Duties, was prepared under my direction and supervision.

b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

     c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

     d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

23.    Annexed hereto as Exhibit 18 is Chart 18 titled "Nonrecoverable Advances," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

     a.   This chart, Nonrecoverable Advances, was prepared under my direction and supervision.

     b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

     c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

     d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

24.    Annexed hereto as Exhibit 19 is Chart 19 titled "Trustee's Reporting Requirements," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

     a.   This chart, Trustee's Reporting Requirements, was prepared under my direction and supervision.

     b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.  The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.  The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

25.  Annexed hereto as Exhibit 20 is Chart 20 titled "Cumulative Loss EODs," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.  This chart, Cumulative Loss EODs, was prepared under my direction and supervision.

b.  To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.  The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.  The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

26.  Annexed hereto as Exhibit 21 is Chart 21 titled "EODs Triggered Upon Failure to Comply with Servicer Certification PSA Provisions," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.  This chart, EODs Triggered Upon Failure to Comply with Servicer Certification PSA Provisions, was prepared under my direction and supervision.

13

b.  To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.  The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.  The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

27.  Annexed hereto as Exhibit 22 is Chart 22 titled "Servicer Downgrade EODs," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.  This chart, Servicer Downgrade EODs, was prepared under my direction and supervision.

b.  To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.  The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.  The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

28.  Annexed hereto as Exhibit 23 is Chart 23 titled "Depositor EODs," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.  This chart, Depositor EODs, was prepared under my direction and supervision.

    b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

    c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

    d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

29.    Annexed hereto as Exhibit 24 is Chart 24 titled "Trustee Must Provide Notice of Completed or Nascent EODs for 36 Trusts," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

    a.   This chart, Trustee Must Provide Notice of Completed or Nascent EODs for 36 Trusts, was prepared under my direction and supervision.

    b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

    c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

    d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

30.    Annexed hereto as Exhibit 25 is Chart 25 titled "Sections 8.01 and 8.02 (or the Equivalent Provisions)," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

    a.   This chart, Sections 8.01 and 8.02 (or the Equivalent Provisions), was prepared under my direction and supervision.

    b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

    c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

    d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

31.    Annexed hereto as Exhibit 26 is Chart 26 titled "Indemnification," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

    a.   This chart, Indemnification, was prepared under my direction and supervision.

    b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

    c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

    d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

32.    Annexed hereto as Exhibit 27 is Chart 27 titled "Master Servicer May Not Resign Without Trustee Consent and Officer's Certification and Opinion of Counsel," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

     a.    This chart, Master Servicer May Not Resign Without Trustee Consent and Officer's Certification and Opinion of Counsel, was prepared under my direction and supervision.

     b.    To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

     c.    The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

     d.    The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

33.     Annexed hereto as Exhibit 28 is Chart 28 titled "Delivery of Exception Reports," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

     a.    This chart, Delivery of Exception Reports, was prepared under my direction and supervision.

     b.    To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

     c.    The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

     d.    The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

34.     Annexed hereto as Exhibit 29 is Chart 29 titled "Servicer Provides Distribution Statements by Noon," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, Servicer Provides Distribution Statements by Noon, was prepared under my direction and supervision.

b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

35.     Annexed hereto as Exhibit 30 is Chart 30 titled "Preparation and Distribution of Monthly Distribution Reports" submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, Preparation of Remittance Reports, was prepared under my direction and supervision.

b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

18

d. The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

36. Annexed hereto as Exhibit 31 is Chart 31 titled "Conveyance of the Mortgage Loans," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a. This chart, Conveyance of the Mortgage Loans, was prepared under my direction and supervision.

b. To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c. The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d. The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

37. Annexed hereto as Exhibit 32 is Chart 32 titled "Trustee to Act on Behalf of Certificateholders," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a. This chart, Trustee to Act on Behalf of Certificateholders, was prepared under my direction and supervision.

b. To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c. The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

      d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

38.    Annexed hereto as Exhibit 33 is Chart 33 titled "Terminology of EODs in PSAs," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

      a.   This chart, Terminology of EODs in PSAs, was prepared under my direction and supervision.

      b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

      c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

      d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

39.    Annexed hereto as Exhibit 34 is Chart 34 titled "Sponsor or Seller Has Backstop Repurchase Obligation" submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

      a.   This chart, Sponsor or Seller Has Backstop Repurchase Obligation, was prepared under my direction and supervision.

      b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

      c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

40.   Annexed hereto as Exhibit 35 is Chart 35 titled "Master Servicers' and Servicers' Duty to Maintain REO Properties" submitted under the Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, Master Servicers' and Servicers' Duty to Maintain REO Properties, was prepared under my direction and supervision.

b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

41.   Annexed hereto as Exhibit 36 is Chart 36 titled "When Custodian and Trustee are Different Parties, the Custodian Must Act on Behalf of Trustee," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, When Custodian and Trustee are Different Parties, the Custodian Must Act on Behalf of Trustee, was prepared under my direction and supervision.

b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

     c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

     d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

42.    Annexed hereto as Exhibit 37 is Chart 37 titled "Servicers' and Master Servicers' EODs," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

     a.   This chart, Servicers' and Master Servicers' EODs, was prepared under my direction and supervision.

     b.   To prepare this chart, the individual PSAs and MSTAs produced in this action were reviewed to identify all relevant provisions.

     c.   The identifying information was then entered into the chart based on the review of the individual PSAs and MSTAs.

     d.   The individual PSAs and MSTAs used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

43.    Annexed hereto as Exhibit 38 is Chart 38 titled "Breach Notices Received by USB for the 39 Trusts," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

     a.   This chart, Breach Notices Received by USB for the 39 Trusts, was prepared under my direction and supervision.

     b.   This chart reflects the contents of documents showing U.S. Bank's receipt of written loan-specific notice or documentation regarding breaches of

representations and warranties for loans underlying the 39 Covered Trusts after taking into account the relative sale date of Plaintiff's certificates and a comparison of repurchase data generated by matching available loan numbers to MBSData and Intex IDs.

c.  To create this chart, documents produced by U.S. Bank were reviewed to locate documents that contained evidence of U.S. Bank's receipt of written loan-specific notice or documentation.

d.  The documents produced by U.S. Bank were reviewed to locate documents evidencing U.S. Bank's notice and receipt of documentation regarding breaches of representations and warranties for loans underlying the Covered Trusts, including documents reflecting dates, loan numbers, trust names, Bates numbers, and related correspondence, and that relevant information was extracted from the documents to prepare this chart.

e.  The chart column "Date on Breach Notice" reflects the date that appears on the documentary communication indicating written notice to U.S. Bank of loan-specific breaches of representations and warranties produced by Defendant in this action.

f.  Documents cited in the chart column "Bates" reflect either communication from other deal parties to U.S. Bank, communications from primary mortgage insurers to U.S. Bank, communications from investors to U.S. Bank, or communications from U.S. Bank to other deal parties of loan-specific breaches of representations and warranties.

g.   Documents cited in the chart column "Related Correspondence" reflect communications between U.S. Bank, other deal parties, primary mortgage insurers, investors, and/or other parties concerning loan-specific breaches of representations and warranties.

h.   The individual documents used to create the chart annexed to this declaration were produced by Defendants or third parties in this action and are therefore available to Defendants for review.

44.   Annexed hereto as Exhibit 39 is Chart 39 titled "Additional Breach Notices Received by USB for the 39 Trusts," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, Additional Breach Notices Received by USB for the 39 Trusts, was prepared under my direction and supervision.

b.   This chart reflects the contents of documents showing U.S. Bank's receipt of written loan-specific notice or documentation regarding breaches representations and warranties for loans underlying the 39 Covered Trusts that were not identified by U.S. Bank after taking into account the relative sale date of Plaintiff's certificates and a comparison of repurchase data generated by matching available loan numbers to MBSData and Intex IDs.

c.   To create this chart, documents produced by U.S. Bank were reviewed to locate documents that contained evidence of U.S. Bank's receipt of written loan-specific notice or documentation.

d.   The documents produced by U.S. Bank were reviewed to locate documents evidencing U.S. Bank's notice and receipt of documentation regarding

24

breaches of representations and warranties for loans underlying the Covered

Trusts, including documents reflecting dates, loan numbers, trust names, Bates

numbers, and related correspondence, and that relevant information was

extracted from the documents to prepare this chart.

e.   The chart column "Date on Breach Notice" reflects the date that appears on

the documentary communication indicating notice to U.S. Bank of loan-

specific breaches of representations and warranties produced by Defendant in

this action.

f.   Documents cited in the chart column "Bates" reflect either communication

from other deal parties to U.S. Bank, communications from primary mortgage

insurers to U.S. Bank, communications from investors to U.S. Bank, or

communications from U.S. Bank to other deal parties of loan-specific

breaches of representations and warranties.

g.   Documents cited in the chart column "Related Correspondence" reflect

communications between U.S. Bank, other deal parties, primary mortgage

insurers, investors, and/or other parties concerning loan-specific breaches of

representations and warranties.

h.   The individual documents used to create the chart annexed to this declaration

were produced by Defendants or third parties in this action and are therefore

available to Defendants for review.

45.     Annexed hereto as Exhibit 40 is Chart 40 titled "Breach Notices Received by

USB for the NAC Trusts," submitted under Federal Rule of Evidence 1006 as a summary of

voluminous records.

25

a.   This chart, Breach Notices Received by USB for the NAC Trusts, was prepared under my direction and supervision.

b.   This chart reflects the contents of documents showing U.S. Bank's receipt of loan-specific notice or documentation regarding breaches of representations and warranties for loans underlying the NAC Trusts after taking into account the relative sale date of Plaintiff's certificates and a comparison of repurchase data generated by matching available loan numbers to MBSData and Intex IDs.

c.    To create this chart, documents produced by U.S. Bank were reviewed to locate documents that contained evidence of U.S. Bank's receipt of loan-specific notice or documentation.

d.   The documents produced by U.S. Bank were reviewed to locate documents evidencing U.S. Bank's notice and receipt of documentation regarding breaches of representations and warranties for loans underlying the Covered Trusts, including documents reflecting dates, loan numbers, trust names, Bates numbers, and related correspondence, and that relevant information was extracted from the documents to prepare this chart.

e.   The chart column "Date on Breach Notice" reflects the date that appears on the documentary communication indicating notice to U.S. Bank of loan-specific breaches of representations and warranties produced by Defendant in this action.

f.   Documents cited in the chart column "Bates" reflect either communication from other deal parties to U.S. Bank, communications from primary mortgage

insurers to U.S. Bank, communications from investors to U.S. Bank, or communications from U.S. Bank to other deal parties of loan-specific breaches of representations and warranties.

g.    Documents cited in the chart column "Related Correspondence" reflect communications between U.S. Bank, other deal parties, primary mortgage insurers, investors, and/or other parties concerning loan-specific breaches of representations and warranties.

h.    The individual documents used to create the chart annexed to this declaration were produced by Defendants or third parties in this action and are therefore available to Defendants for review.

46.    Annexed hereto as Exhibit 41 is Chart 41 titled "Breach Notices Received by BANA," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.    This chart, Breach Notices Received by BANA, was prepared under my direction and supervision.

b.    This chart reflects the contents of documents showing BANA's receipt of written loan-specific notice or documentation regarding breaches of representations and warranties for loans underlying the BANA Trusts identified by Plaintiff after taking into account the relative sale date of Plaintiff's certificates and a comparison of repurchase data generated by matching available loan numbers to MBSData and Intex IDs.

c.    To create this chart, documents produced by BANA and U.S. Bank were reviewed to locate documents that contained evidence of BANA's receipt of written loan-specific notice or documentation.

d.   The documents produced by U.S. Bank and BANA, were reviewed to locate documents evidencing BANA's notice and receipt of documentation regarding breaches of representations and warranties for loans underlying the BANA Trusts, including documents reflecting dates, loan numbers, trust names, Bates numbers, and related correspondence, and that relevant information was extracted from the documents to prepare this chart.

e.   The chart column "Date on Breach Notice" reflects the date that appears on the documentary communication indicating notice to U.S. Bank of loan-specific breaches of representations and warranties produced by Defendant in this action.

f.   Documents cited in the chart column "Bates" reflect either communication from other deal parties to U.S. Bank, communications from primary mortgage insurers to U.S. Bank, communications from investors to U.S. Bank, or communications from U.S. Bank to other deal parties of loan-specific breaches of representations and warranties.

g.   Documents cited in the chart column "Related Correspondence" reflect communications between BANA, U.S. Bank, other deal parties, primary mortgage insurers, investors, and/or other parties concerning loan-specific breaches of representations and warranties.

h.   The individual documents used to create the chart annexed to this declaration were produced by Defendants or third parties in this action and are therefore available to Defendants for review.

47.     Annexed hereto as Exhibit 42 is Chart 42 titled "Summary of Servicer Certification Evidence," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, Servicer Certification Evidence Summary, was prepared under my direction and supervision.

b.   To create this chart, documents produced by BANA and U.S. Bank were reviewed to locate documents that contained evidence of the Servicers' or Master Servicers' disclosed noncompliance with applicable servicing criteria, certifications that did not comply with servicing regulations, untimely certifications, missing certifications, and related letters from U.S. Bank the Servicers and Master Servicers regarding their various forms of noncompliance.

c.   Documents cited in chart column "Disclosed Material Noncompliance" reflect servicer certifications or annual statements of compliance from the Servicer or Master Servicer to U.S. Bank and BANA disclosing material noncompliance with applicable servicing criteria.

d.   Documents cited in chart column "Certification Did Not Comply with Servicing Regulations" reflect servicer certifications or annual statements of compliance that were delivered to U.S. Bank that did not meet the applicable regulation requirements.

e.   Documents cited in chart column "Untimely Certification" reflect servicer certifications or annual statements of compliance that were untimely delivered to U.S. Bank.

f.   Documents cited in the chart column "Missing Certification" reflect servicer certifications required to be delivered to U.S. Bank that were not so delivered.

g.   Documents cited in "USB Letter Sent to Servicer" reflects letters sent to Servicers or Master Servicers from U.S. Bank regarding disclosed noncompliance, servicer certifications that did not comply with servicing regulations, and undelivered servicer certifications.

h.   The individual documents used to create the chart annexed to this declaration were produced by Defendants in this action and are therefore available to Defendants to review.

48.    Annexed hereto as Exhibit 43 is Chart 43 titled "USB's Knowledge of Systemic Loan Problems in At-Issue Trusts that it Never Shared with Certificateholders," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

a.   This chart, USB's Knowledge of Systemic Loan Problems in At-Issue Trusts that it Never Shared with Certificateholders, was prepared under my direction and supervision.

b.   I supervised the process of preparing this chart, which summarizes the content of the complaints in the cases referenced in the chart. Based on the process used to create it, this chart reflects the contents of those complaints.

c.   To prepare this chart, court dockets and filings were reviewed for complaints filed by U.S. Bank involving Sponsors and Originators. The complaints were reviewed and the RMBS trusts at issue in the complaints were cross-referenced against the Covered Trusts at issue in this action, as well as the Originators and Sponsors, generally, for the Covered Trusts at issue.

d.   Information contained in the chart is derived from the publicly filed information relating to the cases in the chart.

e.   The materials reviewed to prepare this chart are publicly available, and are available for Defendants' review.

49.    Annexed hereto as Exhibit 44 is Chart 44 titled "Delinquency Information for January 2010," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records, identifying information reported on the January 2010 remittance reports for each of the Covered Trusts regarding mortgage loans that were delinquent, in foreclosure and had realized losses.

a.   This chart, Delinquency Information for January 2010, was prepared under my direction and supervision.

b.   I supervised the preparation of this chart, which summarizes the content of certain documents produced in this action, as well as publicly available information. Based on the process used to create it, this chart summarizes content of these documents.

c.   To prepare the chart, the January 2010 remittance reports were collected and reviewed for the Covered Trusts. The remittance reports for the Covered Trusts were either previously produced in this action or publicly available. Information contained in the chart columns labeled "90+Day," "Foreclosure" and "Realized Losses" reflects the information contained on the applicable remittance reports for each Covered Trust for January 2010.

    d.   The remittance reports reviewed to prepare this chart were all previously produced by Defendants in this action or are otherwise publicly available and are therefore available to Defendants for review.

50.    Annexed hereto as Exhibit 45 is Chart 45 titled "Delinquency Information Prior to BANA's Resignation," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records, identifying information reported on the remittance reports issued immediately prior to BANA's resignation date as Trustee for each of the listed Covered Trusts regarding mortgage loans that were delinquent, in foreclosure, and had realized losses.

    a.   This chart, Delinquency Information Prior to BANA's Resignation, was prepared under my direction and supervision.

    b.   I supervised the preparation of this chart, which summarizes the content of certain documents produced in this action, as well as publicly available information. Based on the process used to create it, this chart summarizes content of these documents.

    c.   To prepare the chart, the remittance reports issued immediately prior to BANA's resignation date as Trustee were collected and reviewed for the Covered Trusts. The remittance reports for the Covered Trusts were either previously produced in this action or publicly available. Information contained in the chart columns labeled "90+Day," "Foreclosure" and "Realized Losses" reflects the information contained on the applicable remittance report for January 2010.

    a.   The remittance reports reviewed to prepare this chart were all previously

produced by Defendants in this action, or are otherwise publicly available and

are therefore available to Defendants to review.

51.    Attached hereto as Exhibit 46 is a true and correct copy of the Assignment

Agreement for Barrington II CDO Ltd. dated December 24, 2013, previously produced in this

action at CB_USB07151564.

52.    Attached hereto as Exhibit 47 is a true and correct copy of excerpts of the

document dated November 8, 2013, previously produced in this action at

USBCOMMERZ01526098.[1]

53.    Attached hereto as Exhibit 48 is a true and correct copy of Bank of America,

N.A.'s Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories to Bank

of America, N.A. in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.),

dated December 12, 2018.

54.    Attached hereto as Exhibit 49 is a true and correct copy of cited excerpts of the

transcript of the 30(b)(6) deposition of Susan Franklin in *Phoenix Light SF DAC v. U.S. Bank

Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.), dated February 1, 2018.

55.    Attached hereto as Exhibit 50 is a true and correct copy of the Articles of

Association of Commerzbank Aktiengesellschaft, dated May 24, 2016.

56.    Attached hereto as Exhibit 51 is a true and correct copy of the registration

information for Palmer Square 3 Limited with Ireland's Companies Registration Office, dated

June 22, 2007.

---

[1] We have included the relevant excerpts of certain voluminous documents and transcripts. We will provide completed copies of the excerpted documents and transcripts at the Court's request.

57.     Attached hereto as Exhibit 52 is a true and correct copy of a letter from the liquidator to Palmer Square 3 Limited dated December 10, 2013, previously produced in this action at CB_USB07151896.

58.     Attached hereto as Exhibit 53 is a true and correct copy of a Commerzbank press release dated May 17, 2016 regarding the winding up of Hypothekenbank Frankfurt AG.

59.     Attached hereto as Exhibit 54 is a true and correct copy of the Confirmation of Assignment Agreement dated December 11, 2013, previously produced in this action at CB_USB07151430.

60.     Attached hereto as Exhibit 55 is a true and correct copy of the registration information for Barrington II CDO Ltd with the Cayman Island's General Registry.

61.     Attached hereto as Exhibit 56 is a true and correct copy of a compilation of all of Commerzbank AG's sold Certificates.

62.     Attached hereto as Exhibit 57 is a true and correct copy of a letter from Gibbs & Bruns LLP to U.S. Bank National Association dated January 31, 2012, previously produced in this action at USBCOMMERZ00921681.

63.     Attached hereto as Exhibit 58 is a true and correct copy of an email dated November 14, 2006, previously produced in this action at BANACMRZ000140769.

64.     Attached hereto as Exhibit 59 is a true and correct copy of cited excerpts of a document previously produced in this action at BANACMRZ000399099.

65.     Attached hereto as Exhibit 60 is a true and correct copy of a presentation previously produced in this action at BANACMRZ000412245.

66.     Attached hereto as Exhibit 61 is a true and correct copy of a document previously produced in this action at BANACMRZ000462855.

67.     Attached hereto as Exhibit 62 is a true and correct copy of the monthly remittance report for the BSABS 2005-HE10 trust, dated November 27, 2006, previously produced in this action at USBCOMMERZ00246883.

68.     Attached hereto as Exhibit 63 is an exhibit prepared by my law firm compiling true and correct copies of letters from U.S. Bank National Association to various deal parties between 2005 and 2006.

69.     Attached hereto as Exhibit 64 is an exhibit prepared by my law firm compiling true and correct copies of letters from U.S. Bank National Association to various deal parties in 2009.

70.     Attached hereto as Exhibit 65 is a true and correct copy of a U.S. Bank 2099 Procedure form, previously produced in this action at USBCOMMERZ01563363.

71.     Attached hereto as Exhibit 66 is a true and correct copy of a letter from Morgan Stanley Capital I Inc. dated May 28, 2009, previously produced in this action at BANACMRZ000154976.

72.     Attached hereto as Exhibit 67 is a true and correct copy of an email dated December 24, 2010, previously produced in this action at BANACMRZ000507976.

73.     Attached hereto as Exhibit 68 is a true and correct copy of a letter dated March 7, 2007, previously produced in this action at BANACMRZ000439534.

74.     Attached hereto as Exhibit 69 is a true and correct copy of an email dated August 3, 2009, previously produced in this action at BANACMRZ000256618.

75.     Attached hereto as Exhibit 70 is a true and correct copy of an email dated July 22, 2009, previously produced in this action at BANACMRZ000490860.

76.     Attached hereto as Exhibit 71 is a true and correct copy of an email from Sunil Chowdry to Ellayne Famatid, dated August 31, 2009, previously produced in this action at BANACMRZ000249294.

77.     Attached hereto as Exhibit 72 is a true and correct copy of an email dated November 6, 2009, previously produced in this action at BANACMRZ000496631.

78.     Attached hereto as Exhibit 73 is a true and correct copy of an email dated September 28, 2009, previously produced in this action at BANACMRZ000235067.

79.     Attached hereto as Exhibit 74 is a true and correct copy of an email dated October 21, 2009, previously produced in this action at BANACMRZ000176041.

80.     Attached hereto as Exhibit 75 is a true and correct copy of a letter dated July 20, 2010, previously produced in this action at BANACMRZ000472049.

81.     Attached hereto as Exhibit 76 is a true and correct copy of an email dated December 17, 2010, previously produced in this action at BANACMRZ000166682.

82.     Attached hereto as Exhibit 77 is a true and correct copy of an email dated November 10, 2010, previously produced in this action at BANACMRZ000505785.

83.     Attached hereto as Exhibit 78 is a true and correct copy of draft letters previously produced in this action at BANACMRZ000252919.

84.     Attached hereto as Exhibit 79 is a true and correct copy of a letter from Allstate Insurance Company to LaSalle Bank National Association dated November 19, 2010, previously produced in this action at BANACMRZ000146479.

85.     Attached hereto as Exhibit 80 is a true and correct copy of the Proof of Claim filed in the Washington Mutual bankruptcy, previously produced in this action at BANACMRZ000285121.

86.     Attached hereto as Exhibit 81 is a true and correct copy of a letter from the FDIC to Bank of America, N.A. dated October 23, 2009, previously produced in this action at USBCOMMERZ00967624.

87.     Attached hereto as Exhibit 82 is a true and correct excerpted copy of the amended complaint filed in *Deutsche Bank Nat'l Trust Co. v. Fed. Deposit Ins. Corp.*, No. 09-cv-1656 (D.C. Cir).

88.     Attached hereto as Exhibit 83 is a true and correct copy of the settlement agreement between Deutsche Bank, JPMorgan Chase Bank N.A., Washington Mutual Mortgage Securities Corporation, and the FDIC.

89.     Attached hereto as Exhibit 84 is a true and correct copy of a document titled "US LGTS Standard of Care Recommendations, previously produced in this action at BANACMRZ000252528.

90.     Attached hereto as Exhibit 85 is a true and correct copy of 17 C.F.R. 229.1122.

91.     Attached hereto as Exhibit 86 is a true and correct copy of Regulation AB and Related Rules last updated on September 6, 2016.

92.     Attached hereto as Exhibit 87 is a true and correct copy of the Washington Mutual Bank Servicer compliance statement for WAMU 2007-OA2 for the year 2007 previously produced in this action at USBCOMMERZ00845309.

93.     Attached hereto as Exhibit 88 is a true and correct copy of the Litton Loan Servicing Compliance Statement for GSAMP 2006-HE5 for the year 2008, previously produced in this action at BANACMRZ000081184.

94.     Attached hereto as Exhibit 89 is a true and correct copy of cited excerpts of the transcript of the 30(b)(6) deposition of Susan Franklin in *Commerzbank v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.), dated March 14, 2019.

95.     Attached hereto as Exhibit 90 is a true and correct copy of an email from Kimberly Jacobs dated October 6, 2010, previously produced in this action at USBCOMMERZ01217154.

96.     Attached hereto as Exhibit 91 is a true and correct copy of a letter from SIFMA to Bank of America, N.A. dated October 6, 2010, previously produced in this action BANACMRZ000500162.

97.     Attached hereto as Exhibit 92 is a true and correct copy of an email chain between Jessica Elliott and Cristeena Naser, previously produced in this action at BANACMRZ000479489.

98.     Attached hereto as Exhibit 93 is a true and correct copy of an email chain between Jessica Elliott and Tim Cameron, previously produced in this action at BANACMRZ000467876.

99.     Attached hereto as Exhibit 94 is a true and correct copy of an email from Jessica Elliott to Daniel Radick, Matthew Smith, and Susan Feld dated November 2, 2010 previously produced in this action at BANACMRZ000461437.

100.    Attached hereto as Exhibit 95 is a true and correct copy of a letter from Assured Guaranty to Bank of America, N.A. dated November 4, 2010, previously produced in this action at BANACMRZ000500164.

101.    Attached hereto as Exhibit 96 is a true and correct copy of a letter from Bank of America Merrill Lynch dated November 30, 2010, previously produced in this action at BANACMRZ000455606.

102.   Attached hereto as Exhibit 97 is a true and correct copy of an Officer's Certificate for the MLMI 2006-AHL1 trust, previously produced in this action at BANACMRZ000059200.

103.   Attached hereto as Exhibit 98 is a true and correct copy of an email from Ellayne Famatid dated January 28, 2010, previously produced in this action at BANACMRZ000388957.

104.   Attached hereto as Exhibit 99 is a true and correct copy of an email and cited excerpts of its attachment dated November 11, 2010, previously produced in this action at BANACMRZ000240921.

105.   Attached hereto as Exhibit 100 is a true and correct copy of an email from Luis Clemente to Ellayne Famatid dated April 28, 2010, previously produced in this action at BANACMRZ000489894.

106.   Attached hereto as Exhibit 101 is a true and correct copy of an email and cited excerpts of its attachment dated October 7, 2010, previously produced in this action at BANACMRZ000210609.

107.   Attached hereto as Exhibit 102 is a true and correct copy of an email and cited excerpts of its attachment dated October 7, 2010, previously produced in this action at BANACMRZ000152698.

108.   Attached hereto as Exhibit 103 is a true and correct copy of an email from Bob McDonald and cited excerpts of its attachment dated November 5, 2010, previously produced in this action at BANACMRZ000197779.

109.   Attached hereto as Exhibit 104 is a true and correct copy of an email and cited excerpts of its attachment dated November 5, 2010, previously produced in this action at BANACMRZ000232896.

110.    Attached hereto as Exhibit 105 is a true and correct copy of an email with the subject line "Reimbursement of Advances Letter to Servicer" and excerpts of its attachments from Susan Feld dated, December 16, 2010, previously produced in this action at BANACMRZ000295881.

111.    Attached hereto as Exhibit 106 is a true and correct copy of an email with the subject line "Reimbursement of Advances Letter to Servicer" and its attachments from Susan Feld dated December 16, 2010, previously produced in this action at BANACMRZ000264666.

112.    Attached hereto as Exhibit 107 is a true and correct copy of an email from Susan Franklin dated December 23, 2010, previously produced in this action at BANACMRZ000252489.

113.    Attached hereto as Exhibit 108 is a true and correct copy of an email and its attachment from Susan Franklin dated June 2, 2009, previously produced in this action at BANACMRZ000256616.

114.    Attached hereto as Exhibit 109 is a true and correct copy of the certificateholder distribution summary for September 2009 for GSAMP 2006-HE5.

115.    Attached hereto as Exhibit 110 is a true and correct copy of excerpts of the certificateholder distribution summary for July 2011 for GSAMP 2006-HE5.

116.    Attached hereto as Exhibit 111 is a true and correct copy of the Notice of Event of Default to Select Portfolio Servicing, Inc. from Wells Fargo for GSAMP 2006-HE5 dated November 15, 2010.

117.    Attached hereto as Exhibit 112 is a true and correct copy of the Wells Fargo Notice of Litton Event of Default for GSAMP 2006-HE5 dated November 15, 2010.

118.    Attached hereto as Exhibit 113 is a true and correct copy of Management's Assertion on Compliance with Item 1122 Criteria by LaSalle Bank National Association for 2006, previously produced in this action at BANACMRZ000346872.

119.    Attached hereto as Exhibit 114 is a true and correct copy of Management's Assertion on Compliance with Item 1122 Criteria by LaSalle Bank National Association for 2007, previously produced in this action at USBCOMMERZ00949429.

120.    Attached hereto as Exhibit 115 is a true and correct copy of excerpts from the deposition of Brett Jetter in *Commerzbank v. Deutsche Bank Nat'l Tr.*, No. 15-cv-10031 dated January 23, 2018.

121.    Attached hereto as Exhibit 116 is a true and correct copy of 17 C.F.R. 229.1121

122.    Attached hereto as Exhibit 117 is a true and correct copy of the certificateholder distribution report for FFMER 2007-2 dated December 26, 2007.

123.    Attached hereto as Exhibit 118 is a true and correct copy of the certificateholder distribution report for MLMI 2006-AHL1 dated December 26, 2006.

124.    Attached hereto as Exhibit 119 is a true and correct copy of a press release from Bank of America titled "Bank of America Buys Merrill Lynch Creating Unique Financial Services Firm" dated September 15, 2008.

125.    Attached hereto as Exhibit 120 is a true and correct copy of a January 1, 2009 article titled "Bank of America completes Merrill Lynch purchase."

126.    Attached hereto as Exhibit 121 is a true and correct copy of a press release from Bank of America titled "Bank of America Agrees to Purchase Countrywide Financial Corp." dated January 11, 2008.

127.    Attached hereto as Exhibit 122 is a true and correct copy of a July 1, 2008 article titled "BofA Gets Its Countrywide Deal, for Better or Worse."

128.    Attached hereto as Exhibit 123 is a true and correct copy of an email from Vijay Radhakishun to Robert Boelstler dated November 2, 2011, previously produced in this action at CB_USB07835770.

129.    Attached hereto as Exhibit 124 is a true and correct copy of an email from Vijay Radhakishun to Marco Grimaldi dated November 3, 2011, previously produced in this action at CB_USB08455239.

130.    Attached hereto as Exhibit 125 is a true and correct copy of Deposition Exhibit 12 from the deposition of Oliver Bader in *Commerzbank AG v. Wells Fargo Bank N.A.*, No. 15-cv-10033, dated Jan. 31, 2017, previously produced in this action.

131.    Attached hereto as Exhibit 126 is a true and correct copy of an email, with excerpts of its attachment, from Robert Boelstler to Vijay Radhakishun dated November 3, 2011, previously produced in this action at CB_USB00425948.

132.    Attached hereto as Exhibit 127 is a true and correct copy of an email from Robert Boelstler to multiple recipients, dated November 17, 2011, previously produced in this action at CB_USB00082133.

133.    Attached hereto as Exhibit 128 is a true and correct copy of excerpts of trade tickets previously produced in this action at CB_USB07151937, CB_USB07151953, CB_USB07151975, CB_USB07152184, CB_USB07152262, CB_USB07152268, and CB_USB07152304.

134.     Attached hereto as Exhibit 129 is a true and correct copy of cited excerpts of an internal business record recording assets held at Commerzbank London Branch and managed by the PRU, previously produced in this action at CB_USB00515362.

135.     Attached hereto as Exhibit 130 is a true and correct copy of an email from Fanny Seeto to John Reid dated September 8, 2010, previously produced in this action at CB_USB00433116.

136.     Attached hereto as Exhibit 131 is a true and correct copy of Exhibit 1279 entered in the 30(b)(6) deposition of Robert Boelstler in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.), dated April 26, 2019, previously produced in this action.

137.     Attached hereto as Exhibit 132 is a true and correct copy of cited excerpts of the transcript of the deposition of Robert Boelstler in *Commerzbank AG v. HSBC Bank USA, Nat'l Ass'n*, No. 15-cv-10032 (S.D.N.Y.), dated June 12, 2017.

138.     Attached hereto as Exhibit 133 is a true and correct copy of cited excerpts of the transcript of the deposition of Sharon Bryant in *Commerzbank AG v. HSBC Bank USA, Nat'l Ass'n*, No. 15-cv-10032 (S.D.N.Y.), dated June 13, 2017.

139.     Attached hereto as Exhibit 134 is a true and correct copy of cited excerpts of the transcript of the deposition of John Reid in *Commerzbank AG v. Deutsche Bank Nat'l Tr. Co.*, No. 15-cv-10031 (S.D.N.Y.), dated March 22, 2018.

140.     Attached hereto as Exhibit 135 is a true and correct copy of cited excerpts of the transcript of the 30(b)(6) deposition of Robert Boelstler in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.), dated April 26, 2019.

141.    Attached hereto as Exhibit 136 is a true and correct copy of Exhibit 1298 entered in the 30(b)(6) deposition of Robert Boelstler in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.), dated April 26, 2019, previously produced in this action.

142.    Attached hereto as Exhibit 137 is a true and correct copy of action steps for bankruptcies, previously produced in this action at USBCOMMERZ00902587.

143.    Attached hereto as Exhibit 138 is a true and correct copy of cited excerpts of the transcript of the deposition of Scott Strodthoff in *Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.), dated June 1, 2017, previously produced in this action at USBCOMMERZ01225721.

144.    Attached hereto as Exhibit 139 is a true and correct copy of the omnibus reply brief of trustees in the *In re Residential Capital, LLC* bankruptcy.

145.    Attached hereto as Exhibit 140 is a true and correct copy of cited excerpts of the transcript of the 30(b)(6) deposition of Nicolas Valaperta in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.), dated March 27, 2019.

146.    Attached hereto as Exhibit 141 is a true and correct copy of a Proof of Claim submitted by U.S. Bank National Association in the bankruptcy for Residential Capital LLC, previously produced in this action at USBCOMMERZ00967513.

147.    Attached hereto as Exhibit 142 is a true and correct copy of a Proof of Claim submitted by U.S. Bank National Association in the bankruptcy for Accredited Home Lenders, previously produced in this action at USBCOMMERZ01612760.

148.    Attached hereto as Exhibit 143 is a true and correct copy of a Proof of Claim submitted by U.S. Bank National Association in the bankruptcy for New Century Capital, previously produced in this action at USBCOMMERZ01660562.

149.     Attached hereto as Exhibit 144 is a true and correct copy of cited excerpts of the transcript of the deposition of Sharon Bryant in *Commerzbank AG v. Wells Fargo Bank, N.A.*, No. 14-cv-10033 (S.D.N.Y.), dated February 15, 2017.

150.     Attached hereto as Exhibit 145 is an exhibit prepared by my law firm identifying deal parties for the at-issue Trusts.

151.     Attached hereto as Exhibit 146 is a true and correct copy of cited excerpts of the transcript of the 30(b)(6) deposition of Simon Bowmer in *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank N.A.*, No. 14-cv-9371, dated June 7, 2017.

152.     Attached hereto as Exhibit 147 is a true and correct copy of cited excerpts of the transcript of the deposition of Vijay Radhakishun *Commerzbank AG v. HSBC Bank USA, Nat'l Ass'n*, No. 15-cv-10032 (S.D.N.Y.), dated April 27, 2017.

153.     Attached hereto as Exhibit 148 is a true and correct copy of cited excerpts of the transcript of the deposition of Brett Jetter in *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank N.A.*, No. 14-cv-9371, dated February 2, 2017.

154.     Attached hereto as Exhibit 149 is a true and correct copy of cited excerpts of the transcript of the deposition of Brett Jetter in *Commerzbank AG v. U.S. Bank National Ass'n,* No. 16-cv-04569, dated December 7, 2018.

155.     Attached hereto as Exhibit 150 is a true and correct copy of Exhibit 20 entered in the deposition of Fraser Malcolm in *Commerzbank AG v. U.S. Bank, Nat'l Ass'n*, No. 1:16-cv-04569, dated July 26, 2019.

156.     Attached hereto as Exhibit 151 is a true and correct copy of a powerpoint from Dynamic Credit Partners, LLC, dated January 2007, previously produced in this action at CB_USB07253447.

157.     Attached hereto as Exhibit 152 is a true and correct copy of cited excerpts of the transcript of the deposition of Fraser Malcolm in *Commerzbank AG v. U.S. Bank, Nat'l Ass'n*, No. 1:16-cv-04569, dated July 26, 2019.

158.     Attached hereto as Exhibit 153 is a true and correct copy of Exhibit 5 entered in the deposition of Fraser Malcolm in *Commerzbank AG v. U.S. Bank, Nat'l Ass'n*, No. 1:16-cv-04569, dated July 26, 2019.

159.     Attached hereto as Exhibit 154 is a true and correct copy of Exhibit 7 entered in the deposition of Fraser Malcolm in *Commerzbank AG v. U.S. Bank, Nat'l Ass'n*, No. 1:16-cv-04569, dated July 26, 2019.

160.     Attached hereto as Exhibit 155 is a true and correct copy of November 2009 remittance report for CMLTI 2005-10.

161.     Attached hereto as Exhibit 156 is a true and correct copy of November 2009 remittance report for CMLTI 2005-HE1.

162.     Attached hereto as Exhibit 157 is a true and correct copy of November 2009 remittance report for CMLTI 2006-AR7.

163.     Attached hereto as Exhibit 158 is a true and correct copy of October 2011 remittance report for BSARM 2006-2.

164.     Attached hereto as Exhibit 159 is a true and correct copy of October 2011 remittance report for CMLTI 2005-10.

165.     Attached hereto as Exhibit 160 is a true and correct copy of October 2011 remittance report for CMLTI 2005-HE1.

166.     Attached hereto as Exhibit 161 is a true and correct copy of October 2011 remittance report for CMLTI 2006-AR7.

167.    Attached hereto as Exhibit 162 is a true and correct copy of a document, previously produced in this action at USBCOMMERZ01753942.

168.    Attached hereto as Exhibit 163 is a true and correct copy of a letter for MABS 2006-AM2 dated June 4, 2009, previously produced in this action at USBCOMMERZ00944807.

169.    Attached hereto as Exhibit 164 is a true and correct copy of a letter for MABS 2006-NC2 dated June 4, 2009, previously produced in this action at USBCOMMERZ00944809.

170.    Attached hereto as Exhibit 165 is a true and correct copy of a letter for MABS 2006-2005-FRE1 dated June 4, 2009, previously produced in this action at USBCOMMERZ00944806.

171.    Attached hereto as Exhibit 166 is a true and correct copy of a letter for HEAT Trusts dated June 19, 2009, previously produced in this action at USBCOMMERZ00951329.

172.    Attached hereto as Exhibit 167 is a true and correct copy of the complaint filed in *U.S. Bank Nat'l Ass'n, solely in its capacity as Trustee of the Home Equity Asset Trust 2007-2 (HEAT 2007-2) v. DLJ Mortg. Capital*, No. 651174/2013 (Sup. Ct. N.Y. Cty.), dated July 31, 2013.

173.    Attached hereto as Exhibit 168 is a true and correct copy of the complaint filed in *Specialty Underwriting and Residential Finance Trust, Series 2007-BC1 (SURF 2007-BC1), by U.S. Bank Nat'l Ass'n, solely in its capacity as Trustee v. Merrill Lynch Mortg. Inv'rs, Inc., and Merrill Lynch Mortg. Lending, Inc.*, No. 651375/2014 (Sup. Ct. N.Y. Cty.), dated December 28, 2016.

174.    Attached hereto as Exhibit 169 is an exhibit created by my law firm compiling true and correct copies of letters U.S. Bank sent to servicers in October of 2007 related to

mortgage loan foreclosures and other remedies under servicing duties, previously produced in this action.

175.    Attached hereto as Exhibit 170 is an exhibit created by my law firm compiling true and correct copies of letters U.S. Bank sent to servicers in December of 2009 and January of 2010, previously produced in this action.

176.    Attached hereto as Exhibit 171 is an exhibit created by my law firm compiling true and correct copies of letters U.S. Bank sent to servicers in 2011, previously produced in this action.

177.    Attached hereto as Exhibit 172 is a true and correct copy of a letter sent by U.S. Bank to a Servicer dated June 12, 2015, previously produced in this action at USBCOMMERZ01554779.

178.    Attached hereto as Exhibit 173 is a true and correct copy of a letter from U.S. Bank dated June 15, 2015, previously produced in this action at USBCOMMERZ01614185.

179.    Attached hereto as Exhibit 174 is an exhibit prepared by my law firm compiling true and correct copies of letters to servicers regarding late compliance.

180.    Attached hereto as Exhibit 175 is a true and correct copy of a letter sent by U.S. Bank to a Servicer dated July 18, 2014, previously produced in this action at USBCOMMERZ01688080.

181.    Attached hereto as Exhibit 176 is an exhibit prepared by my law firm compiling true and correct copies of letters to servicers regarding noncompliant reports, previously produced in this action.

182.    Attached hereto as Exhibit 177 is a true and correct copy of a draft notice to holders of HEAT 2005-9 regarding SPS failing the SPS Termination Test, previously produced in this action at USBCOMMERZ00950600.

183.    Attached hereto as Exhibit 178 is a true and correct copy of cited excerpts of the deposition transcript of Elizabeth Brewster in *Blackrock Core Bond Portfolio v. U.S. Bank Nat'l Ass'n*, No. 14-cv-09401 (S.D.N.Y.), dated June 30, 2017, previously produced in this action at USBCOMMERZ01230983.

184.    Attached hereto as Exhibit 179 is an exhibit prepared by my law firm compiling true and correct copies of excerpts of servicer statements of compliance, previously produced in this action at BANACMRZ000266345, USBCOMMERZ00933769, USBCOMMERZ01677857, USBCOMMERZ00933808, and USBCOMMERZ00754164.

185.    Attached hereto as Exhibit 180 is a true and correct copy of cited excerpts of the transcript of the deposition of Charles Pedersen in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.), dated December 18, 2018.

186.    Attached hereto as Exhibit 181 is a true and correct copy of the document dated November 2011, previously produced in this action at USBCOMMERZ01613544.

187.    Attached hereto as Exhibit 182 is a true and correct copy of a spreadsheet dated March 8, 2011, previously produced in this action at USBCOMMERZ01696147.

188.    Attached hereto as Exhibit 183 is a true and correct copy of cited excerpts of the deposition transcript of Eve Kaplan in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.), dated January 24, 2019.

189.     Attached hereto as Exhibit 184 is a true and correct copy of Exhibit 753 entered in the deposition of Elizabeth Brewster in *Blackrock Core Bond Portfolio v. U.S. Bank Nat'l Ass'n*, No. 14-cv-09401 (S.D.N.Y.), previously produced in this action at USBCOMMERZ01231462.

190.     Attached hereto as Exhibit 185 is a true and correct copy of a USB Letter to Fremont dated November 21, 2008, previously produced in this action at USBCOMMERZ01584209.

191.     Attached hereto as Exhibit 186 is a true and correct copy of an Adjustable Rate Note, previously produced in this action at USBCOMMERZ00448398.

192.     Attached hereto as Exhibit 187 is a true and correct copy of cited excerpts of the transcript of the deposition of Timothy Pillar in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, dated June 13, 2017, previously produced in this action at USBCOMMERZ01221319.

193.     Attached hereto as Exhibit 188 is a true and correct copy of a letter dated August 30, 2013, previously produced in this action at USBCOMMERZ00885840.

194.     Attached hereto as Exhibit 189 is a true and correct copy of a HomeEq Servicing letter to Wells Fargo, dated May 14, 2007, previously produced in this action at USBCOMMERZ00944915.

195.     Attached hereto as Exhibit 190 is a true and correct copy of cited excerpts of the transcript of the deposition of Elisabeth Brewster in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 dated June 29, 2017, previously produced in this action at USBCOMMERZ01213421.

196.     Attached hereto as Exhibit 191 is a true and correct copy of a JPMorgan Mortgage Loan Sale Agreement, dated March 10, 2005, previously produced in this action at USBCOMMERZ01638857.

197.    Attached hereto as Exhibit 192 is a true and correct copy of a Representation and Warranties Agreement, dated August 25, 2006, previously produced in this action at BANACMRZ000042859.

198.    Attached hereto as Exhibit 193 is a true and correct copy of excerpts of Defendant U.S. Bank National Association's Supplemental Objections and Responses to Interrogatories 3, 4, 6, 8 and 10 in Plaintiff's First Set of Interrogatories, in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated December 21, 2018.

199.    Attached hereto as Exhibit 194 is a true and correct copy of an internal report for MSM 2006-15XS, previously produced in this action at USBCOMMERZ00369959.

200.    Attached hereto as Exhibit 195 is a true and correct copy of U.S. Bank's proposed intervenor complaint filed in *Assured Guar. Mun. Corp. v. DLJ Mortg. Capital Inc.*, No. 652837/2011 (Sup. Ct. N.Y. Cty.) dated November 20, 2014, previously produced in this action at USBCOMMERZ00829095.

201.    Attached hereto as Exhibit 196 is a true and correct copy of cited excerpts of the transcript of the deposition of Diane Reynolds in *Blackrock Core Bond Portfolio v. U.S. Bank Nat'l Ass'n*, No. 14-cv-09401 (S.D.N.Y.) dated July 27, 2017, previously produced in this action at USBCOMMERZ01321234.

202.    Attached hereto as Exhibit 197 is a true and correct copy of excerpts of the Prospectus Supplement for ABSHE 2006-HE1 dated February 3, 2006, previously produced in this action at USBCOMMERZ00284641.

203.    Attached hereto as Exhibit 198 is a true and correct copy of cited excerpts of the transcript of the deposition of Latonia Hubbs in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated February 7, 2019.

204.     Attached hereto as Exhibit 199 is a true and correct copy of cited excerpts of the transcript of the 30(b)(6) deposition of Eve Kaplan in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated March 19, 2019.

205.     Attached hereto as Exhibit 200 is a true and correct copy of cited excerpts of the transcript of the deposition of Diane Reynolds in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated November 15, 2018.

206.     Attached hereto as Exhibit 201 is a true and correct copy of cited excerpts of the transcript of the deposition of James Byrnes in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated Nov. 21, 2017, previously produced in this action at USBCOMMERZ01214487.

207.     Attached hereto as Exhibit 202 is a true and correct copy of an email from McKee Nelson LLP to U.S. Bank dated October 28, 2005, previously produced in this action at USBCOMMERZ00889983.

208.     Attached hereto as Exhibit 203 is a true and correct copy of cited excerpts of the transcript of the deposition of Melissa Rosal in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated October 12, 2018.

209.     Attached hereto as Exhibit 204 is a true and correct copy of cited excerpts of the deposition of Michelle Moeller in *Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y) dated October 25, 2017, previously produced in this action at USBCOMMERZ01219939.

210.     Attached hereto as Exhibit 205 is a true and correct copy of cited excerpts of the transcript of the deposition of April Lancsak in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*,

No. 14-cv-10116 (S.D.N.Y.) dated August 24, 2017, previously produced in this action at USBCOMMERZ01218443.

211.    Attached hereto as Exhibit 206 is a true and correct copy of cited excerpts of the transcript of the deposition of Kimberly Jacobs in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated November 14, 2017, previously produced in this action at USBCOMMERZ01216714.

212.    Attached hereto as Exhibit 207 is a true and correct copy of cited excerpts of the transcript of the deposition of Erin Folsom in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated October 11, 2017, previously produced in this action at USBCOMMERZ01215147.

213.    Attached hereto as Exhibit 208 is a true and correct copy of cited excerpts of the transcript of the deposition of Nicolas Valaperta in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated July 18, 2017, previously produced in this action at USBCOMMERZ01226577.

214.    Attached hereto as Exhibit 209 is a true and correct copy of excerpts of U.S. Bank National Association's Supplemental Objections and Responses to Plaintiff's Second Set of Interrogatories 13 and 14 in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated March 1, 2019.

215.    Attached hereto as Exhibit 210 is a true and correct copy of a document created by U.S. Bank dated September 2012, previously produced in this action at USBCOMMERZ01561782.

216.    Attached hereto as Exhibit 211 is a true and correct copy of a document created by U.S. Bank dated October 2013, previously produced in this action at USBCOMMERZ00381503.

217.    Attached hereto as Exhibit 212 is a true and correct copy of a document created by U.S. Bank dated May 2015, previously produced in this action at USBCOMMERZ00381431.

218.    Attached hereto as Exhibit 213 is a true and correct copy of cited excerpts of the transcript of the deposition of Eve Kaplan in *Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated June 9, 2017, previously produced in this action at USBCOMMERZ01217309.

219.    Attached hereto as Exhibit 214 is a true and correct copy of cited excerpts of the transcript of the deposition of Michael Bengtson in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated December 12, 2018.

220.    Attached hereto as Exhibit 215 is a true and correct copy of cited excerpts of the transcript of the deposition of Dawn Zanotti in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated January 15, 2019.

221.    Attached hereto as Exhibit 216 is a true and correct copy of cited excerpts of the transcript of the deposition of Shannon Rantz in *Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated July 13, 2017, previously produced in this action at USBCOMMERZ01222139.

222.    Attached hereto as Exhibit 217 is a true and correct copy of the monthly remittance report for the ABSHE 2006-HE1 trust dated February 27, 2006, previously produced in this action at USBCOMMERZ00150517.

223.    Attached hereto as Exhibit 218 is a true and correct copy of cited excerpts of the transcript of the deposition of Michelle Moeller in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated December 4, 2018.

224.    Attached hereto as Exhibit 219 is a true and correct copy of cited excerpts of the transcript of the deposition of Jessica Elliot *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated December 6, 2018.

225.    Attached hereto as Exhibit 220 is a true and correct copy of a document dated February 2011, previously produced in this action at USBCOMMERZ01753943.

226.    Attached hereto as Exhibit 221 is a true and correct copy of a letter from U.S. Bank to EMC Mortgage Corporation dated October 21, 2008, previously produced in this action at USBCOMMERZ00386775

227.    Attached hereto as Exhibit 222 is a true and correct copy of excerpts of Defendant U.S. Bank National Association's Supplemental Objections and Responses to Interrogatories 1, 11 and 12 in Plaintiff's First Set of Interrogatories in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated December 7, 2018.

228.    Attached hereto as Exhibit 223 is a true and correct copy of the Summons with Notice filed in *Fed. Hous. Fin. Agency, as Conservator for the Fed. Home Loan Mortg. Corp., on behalf of the Trustee of the Home Equity Asset Tr. 2006-6 (HEAT 2006-6) v. DLJ Mortgage Capital, Inc.*, No. 652644/2012 (Sup. Ct. N.Y. Cty.)), dated July 31, 2012.

229.    Attached hereto as Exhibit 224 is a true and correct copy of the consolidated complaint filed in *Home Equity Asset Trust 2006-6 (HEAT 2006-6), by U.S. Bank Nat'l Ass'n, solely in its capacity as Trustee, v. DLJ Mortg. Capital, Inc.*, No. 652644/2012 (Sup. Ct. N.Y. Cty. Jan. 31, 2013).

230.    Attached hereto as Exhibit 225 is a true and correct copy of the order granting DLJ's motion to dismiss with prejudice in *Home Equity Asset Trust 2006-5 (HEAT 2006-5), by U.S. Bank Nat'l Ass'n, solely in its capacity as Trustee, v. DLJ Mortg. Capital, Inc.*, No. 652344/2012 (Sup. Ct. N.Y. Cty. Jan. 3, 2014).

231.    Attached hereto as Exhibit 226 is a true and correct copy of the Summons with Notice filed in *Specialty Underwriting and Residential Finance Trust, Series 2007-BC1 (SURF 2007-BC1), by U.S. Bank Nat'l Ass'n, solely in its capacity as Trustee v. Merrill Lynch Mortg. Inv'rs, Inc., and Merrill Lynch Mortg. Lending, Inc.*, No. 651375/2014 (Sup. Ct. N.Y. Cty.) dated May 2, 2014, previously produced in this action at USBCOMMERZ01006684.

232.    Attached hereto as Exhibit 227 is a true and correct copy of the stipulation and order staying proceedings filed in *Specialty Underwriting and Residential Finance Trust, Series 2007-BC1 (SURF 2007-BC1), by U.S. Bank Nat'l Ass'n, solely in its capacity as Trustee v. Merrill Lynch Mortg. Inv'rs, Inc., and Merrill Lynch Mortg. Lending, Inc.*, No. 651375/2014 (Sup. Ct. N.Y. Cty.) dated October 26, 2018.

233.    Attached hereto as Exhibit 228 is a true and correct copy of the Canver LLC investor letter to the court filed in *Specialty Underwriting and Residential Finance Trust, Series 2007-BC1 (SURF 2007-BC1), by U.S. Bank Nat'l Ass'n, solely in its capacity as Trustee v. Merrill Lynch Mortg. Inv'rs, Inc., and Merrill Lynch Mortg. Lending, Inc.*, No. 651375/2014 (Sup. Ct. N.Y. Cty.), dated August 5, 2019.

234.    Attached hereto as Exhibit 229 is a true and correct copy of the Tolling Agreement dated July 29, 2011 between the Federal Housing Finance Agency and the Federal National Mortgage Association, among other parties, previously produced in this action at USBCOMMERZ01091594.

235.     Attached hereto as Exhibit 230 is a true and correct copy of cited excerpts of the transcript of the 30(b)(6) deposition of Nicolas Valaperta in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated January 31, 2018, previously produced in this action at USBCOMMERZ01324115.

236.     Attached hereto as Exhibit 231 is a true and correct copy a document dated April 25, 2015, previously produced in this action at USBCOMMERZ01561722.

237.     Attached hereto as Exhibit 232 is a true and correct copy of the Summons with Notice filed in *U.S. Bank Nat'l Ass'n, as Trustee for Merrill Lynch First Franklin Mortg. Loan Trust, Series 2007-2 v. Bank of Am. Corp.*, No. 652427/2019 (Sup. Ct. N.Y. Cty.) dated April 24, 2019.

238.     Attached hereto as Exhibit 233 is a true and correct copy of the Tolling Agreement dated June 25, 2012 between U.S. Bank National Association and the Bank of America, N.A, among other parties, previously produced in this action at USBCOMMERZ00753765.

239.     Attached hereto as Exhibit 234 is a true and correct copy of the Tolling Agreement dated December 6, 2012 between U.S. Bank National Association and EMC Mortgage LLC, among other parties, previously produced in this action at USBCOMMERZ01561585.

240.     Attached hereto as Exhibit 235 is a true and correct copy of the Proof of Claim submitted by U.S. Bank National Association in the bankruptcy for Aegis Mortgage Corporation, previously produced in this action at USBCOMMERZ01594050.

241.    Attached hereto as Exhibit 236 is a true and correct copy of the Deposition Exhibit 1239 entered in the U.S. Bank 30(b)(6) deposition in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.).

242.    Attached hereto as Exhibit 237 is a true and correct copy of the Proof of Claim submitted by U.S. Bank National Association in the bankruptcy for Accredited Home Lenders, previously produced in this action at USBCOMMERZ01594076.

243.    Attached hereto as Exhibit 238 is a true and correct copy of the order approving U.S. Bank's motion for a settlement stipulation, previously produced in this action at USBCOMMERZ01591135.

244.    Attached hereto as Exhibit 239 is a true and correct copy of the Proof of Claim submitted by U.S. Bank National Association in the bankruptcy for American Home Mortgage Holdings, Inc, previously produced in this action at USBCOMMERZ01696993.

245.    Attached hereto as Exhibit 240 is a true and correct copy of the Proof of Claim submitted by U.S. Bank National Association in the FDIC receivership for AmTrust, previously produced in this action at USBCOMMERZ01612935.

246.    Attached hereto as Exhibit 241 is a true and correct copy of the Proof of Claim submitted by U.S. Bank National Association in the bankruptcy for NC Capital, previously produced in this action at USBCOMMERZ01649643.

247.    Attached hereto as Exhibit 242 is a true and correct copy of the Proof of Claim submitted by U.S. Bank National Association in the bankruptcy for NC Capital, previously produced in this action at USBCOMMERZ01652863.

248.    Attached hereto as Exhibit 243 is a an exhibit prepared by my law firm compiling true and correct copies of Gibbs and Bruns letters, previously produced in this action.

249.     Attached hereto as Exhibit 244 is a true and correct copy of the amended consolidated complaint filed in *Home Equity Asset Trust 2006-6 (HEAT 2006-6), by U.S. Bank Nat'l Ass'n, solely in its capacity as Trustee, v. DLJ Mortg. Capital, Inc.*, No. 652344/2012 (Sup. Ct. N.Y. Cty. July 3, 2013), previously produced in this action at USBCOMMERZ01241225.

250.     Attached hereto as Exhibit 245 is a true and correct copy of Deposition Exhibit 1209 entered in the U.S. Bank 30(b)(6) deposition in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.).

251.     Attached hereto as Exhibit 246 is an exhibit prepared by my law firm compiling true and correct copy of requests made by Certificateholders to U.S. Bank.

252.     Attached hereto as Exhibit 247 is a true and correct copy of a spreadsheet created by U.S. Bank, previously produced in this action at USBCOMMERZ01701898.

253.     Attached hereto as Exhibit 248 is a true and correct copy of a Law 360 article regarding U.S. Bank's settlement with UBS for $850M in put-back suit.

254.     Attached hereto as Exhibit 249 is a true and correct copy of Talcott Franklin P.C. letter dated July 20, 2010, previously produced in this action at USBCOMMERZ00843643.

255.     Attached hereto as Exhibit 250 is a true and correct copy of a letter from the Association of Mortgage Investors to U.S. Bank dated July 21, 2011, previously produced in this action at USBCOMMERZ00972808.

256.     Attached hereto as Exhibit 251 is a true and correct copy of an email from Scott Strodthoff to Thomas Joyce dated September 2, 2011, previously produced in this action at USBCOMMERZ00901792.

257.     Attached hereto as Exhibit 252 is a true and correct copy of a Gibbs & Bruns letter dated October 17, 2011, previously produced in this action at USBCOMMERZ00862727.

258.    Attached hereto as Exhibit 253 is a true and correct copy of an email dated September 27, 2013, with excerpts of an attachment, previously produced in this action at USBCOMMERZ01447627.

259.    Attached hereto as Exhibit 254 is a true and correct copy of the US State Senate Permanent Subcommittee on Investigations regarding Wall Street and the Financial Crisis.

260.    Attached hereto as Exhibit 255 is a true and correct copy of the Department of Justice Settlement Agreement with JPMorgan, dated November 19, 2013.

261.    Attached hereto as Exhibit 256 is a true and correct copy of the statement of facts from the Department of Justice Settlement with JPMorgan.

262.    Attached hereto as Exhibit 257 is a true and correct copy of the Department of Justice Settlement Agreement with Citigroup, dated July 11, 2014.

263.    Attached hereto as Exhibit 258 is a true and correct copy of the Department of Justice Settlement Agreement Annex, listing covered trusts with Citigroup, dated July 11, 2014. Citigroup.

264.    Attached hereto as Exhibit 259 is a true and correct copy of the statement of facts from the Department of Justice Settlement with Citigroup.

265.    Attached hereto as Exhibit 260 is a true and correct copy of the Department of Justice Settlement Agreement with Bank of America, dated August 20, 2014.

266.    Attached hereto as Exhibit 261 is a true and correct copy of the Department of Justice Settlement Agreement Annex, listing covered trusts for Bank of America, dated August 20, 2014.

267.    Attached hereto as Exhibit 262 is a true and correct copy of the statement of facts from the Department of Justice Settlement with Bank of America.

268.     Attached hereto as Exhibit 263 is a true and correct copy of the Department of Justice Settlement Agreement with Morgan Stanley, dated February 11, 2016.

269.     Attached hereto as Exhibit 264 is a true and correct copy of the Department of Justice Settlement Agreement with Goldman Sachs, dated April 11, 2016.

270.     Attached hereto as Exhibit 265 is a true and correct copy of the Department of Justice Settlement Agreement Annex, listing covered trusts for Goldman Sachs, dated April 11, 2016.

271.     Attached hereto as Exhibit 266 is a true and correct copy of the statement of facts from the Department of Justice Settlement with Goldman Sachs.

272.     Attached hereto as Exhibit 267 is a true and correct copy of the Department of Justice Settlement Agreement with Credit Suisse, dated January 18, 2017.

273.     Attached hereto as Exhibit 268 is a true and correct copy of the Department of Justice Settlement Agreement Annex, listing covered trusts for Credit Suisse, dated January 18, 2017.

274.     Attached hereto as Exhibit 269 is a true and correct copy of the statement of facts from the Department of Justice Settlement with Credit Suisse

275.     Attached hereto as Exhibit 270 is a true and correct copy of the Department of Justice Settlement Agreement with Barclays, dated March 29, 2018.

276.     Attached hereto as Exhibit 271 is a true and correct copy of the Department of Justice Settlement Agreement with Wells Fargo, dated August 1, 2018.

277.     Attached hereto as Exhibit 272 is a true and correct copy of the complaint in *U.S. v. UBS Securities LLC*, No. 18-cv-06369.

278.     Attached hereto as Exhibit 273 is a true and correct copy of an email from Elizabeth Taraila dated July 14, 2014, previously produced in this action at USBCOMMERZ01318513.

279.     Attached hereto as Exhibit 274 is a true and correct copy of an email from Eve Kaplan to Kimberly Jacobs dated November 6, 2014, previously produced in this action at USBCOMMERZ01305520.

280.     Attached hereto as Exhibit 275 is a true and correct copy of a powerpoint slide, previously produced in this action at CB_USB03643783.

281.     Attached hereto as Exhibit 276 is a true and correct copy of 17 C.F.R. 229.1123

282.     Attached hereto as Exhibit 277 is a true and correct copy of the annual statement of compliance for the year ending 2008 from Litton Loan Servicing LP, previously produced in this action at USBCOMMERZ00876070.

283.     Attached hereto as Exhibit 278 is a true and correct copy of a notice from JPMorgan to U.S. Bank, previously produced in this action at USBCOMMERZ00757635.

284.     Attached hereto as Exhibit 279 is a true and correct copy of the Management Assertion of Compliance from Litton Loan Servicing LP for the year 2011, previously produced in this action at USBCOMMERZ01678240.

285.     Attached hereto as Exhibit 280 is a true and correct copy of a notice from Ocwen Loan Servicing, LLC dated February 27, 2014, previously produced in this action at USBCOMMERZ00890671.

286.     Attached hereto as Exhibit 281 is a true and correct copy of a notice from Ocwen Loan Servicing, LLC dated February 27, 2014, previously produced in this action at USBCOMMERZ00950500.

287.     Attached hereto as Exhibit 282 is a true and correct copy of the officer's certificate from Bank of America dated February 28, 2012, previously produced in this action at USBCOMMERZ00750758.

288.     Attached hereto as Exhibit 283 is a true and correct copy of excerpts of a notice from JPMorgan dated March 26, 2010, previously produced in this action at USBCOMMERZ01681295.

289.     Attached hereto as Exhibit 284 is a true and correct copy of the annual statement of compliance for the year ending 2010 from JPMorgan Chase Bank, National Association, previously produced in this action at USBCOMMERZ01193272.

290.     Attached hereto as Exhibit 285 is a true and correct copy of cited excerpts of the deposition of Erika Forshtay in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated November 19, 2018.

291.     Attached hereto as Exhibit 286 is a true and correct copy of cited excerpts of the deposition transcript of Ed Frere in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated June 21, 2017, previously produced in this action at USBCOMMERZ01216011.

292.     Attached hereto as Exhibit 287 is a true and correct copy of the annual statement of compliance for the year ending 2011 from JPMorgan Chase Bank, National Association, previously produced in this action at USBCOMMERZ00396586.

293.     Attached hereto as Exhibit 288 is a true and correct copy of the annual statement of compliance for the year ending 2011 from JPMorgan Chase Bank, National Association, previously produced in this action at USBCOMMERZ01323857.

294.     Attached hereto as Exhibit 289 is a true and correct copy of the annual statement of compliance for the year ending 2012 from PHH Mortgage Corporation, previously produced in this action at USBCOMMERZ00880121.

295.     Attached hereto as Exhibit 290 is a true and correct copy of the annual statement of compliance for the year ending 2010 from Litton Loan Servicing LP, previously produced in this action at USBCOMMERZ00854719.

296.     Attached hereto as Exhibit 291 is a true and correct copy of the annual statement of compliance for the year ending 2010 from CitiMortgage, previously produced in this action at USBCOMMERZ01673842.

297.     Attached hereto as Exhibit 292 is a true and correct copy of the annual statement of compliance for the year ending 2011 from CitiMortgage, previously produced in this action at USBCOMMERZ00854363.

298.     Attached hereto as Exhibit 293 is a true and correct copy of the annual statement of compliance for the year ending 2012 from CitiMortgage, previously produced in this action at USBCOMMERZ00832516.

299.     Attached hereto as Exhibit 294 is a true and correct copy of the CitiMortgage Management Assertion of Compliance for the year 2013, previously produced in this action at USBCOMMERZ00851938.

300.     Attached hereto as Exhibit 295 is a true and correct copy of a draft letter dated November 2014, previously produced in this action at USBCOMMERZ01688223.

301.     Attached hereto as Exhibit 296 is a true and correct copy of Countrywide Home Loans, Inc.'s assertion of compliance, previously produced in this action at USBCOMMERZ00394530.

302.    Attached hereto as Exhibit 297 is a true and correct copy of Countrywide Home Loans, Inc.'s assertion of compliance, previously produced in this action at USBCOMMERZ00394528.

303.    Attached hereto as Exhibit 298 is a true and correct copy of BAC Home Loan Servicing, LP's annual certification of compliance for the year ending 2009, previously produced in this action at USBCOMMERZ00882148.

304.    Attached hereto as Exhibit 299 is a true and correct copy of BAC Home Loan Servicing, LP's annual certification of compliance for the year ending 2010, previously produced in this action at USBCOMMERZ00885759.

305.    Attached hereto as Exhibit 300 is a true and correct copy of Bank of America's annual certification of compliance for the year ending 2012, previously produced in this action at USBCOMMERZ00750778.

306.    Attached hereto as Exhibit 301 is a true and correct excerpted copy of Bank of America's annual certification of compliance for the year ending 2013, previously produced in this action at USBCOMMERZ00065373.

307.    Attached hereto as Exhibit 302 is a true and correct copy of Bank of America's annual certification of compliance for the year ending 2014, previously produced in this action at USBCOMMERZ01614832.

308.    Attached hereto as Exhibit 303 is a true and correct copy of the cited excerpts of the deposition of Mildred Smith in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 1:16-cv-0456-WHP (S.D.N.Y.) dated December 14, 2018.

309.     Attached hereto as Exhibit 304 is a true and correct copy of cited excerpts of the deposition of Joan Chubb in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated January 29, 2019.

310.     Attached hereto as Exhibit 305 is a true and correct copy of cited excerpts of the deposition transcript of Tamara Schultz-Fugh in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated October 26, 2017, previously produced in this action at USBCOMMERZ01225217.

311.     Attached hereto as Exhibit 306 is a true and correct copy of cited excerpts of the deposition transcript of John Linssen in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated October 11, 2017, previously produced in this action at USBCOMMERZ01219239.

312.     Attached hereto as Exhibit 307 is a true and correct copy of cited excerpts of the deposition transcript of Becky Warren in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated October 24, 2017, previously produced in this action at USBCOMMERZ01227925.

313.     Attached hereto as Exhibit 308 is an exhibit prepared by my law firm compiling true and correct copies of letters to servicers regarding disclosures of noncompliance.

314.     Attached hereto as Exhibit 309 is a true and correct copy of excerpts of Defendant, U.S. Bank National Association's Objections and Responses to Plaintiff's Third Set of Interrogatories in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated February 11, 2019.

315.     Attached hereto as Exhibit 310 is a true and correct copy of the ABSHE 2005-HE8 remittance report created by Wells Fargo dated July 26, 2010

316.     Attached hereto as Exhibit 311 is a true and correct copy of the March 2015 Working Paper, previously produced in this action at USBCOMMERZ01005189.

317.     Attached hereto as Exhibit 312 is a true and correct copy of cited excerpts of the transcript of the deposition of Diane L. Reynolds in *Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated July 26, 2017, previously produced in this action at USBCOMMERZ01323350.

318.     Attached hereto as Exhibit 313 is a true and correct copy of an article from the Office of the Comptroller of the Currency "Correcting Foreclosure Practices" also available at https://www.occ.gov/topics/consumers-and-communities/consumer-protection/foreclosure-prevention/correcting-foreclosure-practices/correcting-foreclosure-practices.html, updated January 31, 2017.

319.     Attached hereto as Exhibit 314 is a true and correct copy of an article previously produced in this action at USBCOMMERZ00987904.

320.     Attached hereto as Exhibit 315 is a true and correct copy of a Federal Housing Finance Agency press release dated October 13, 2010, previously produced in this action at USBCOMMERZ01220939.

321.     Attached hereto as Exhibit 316 is a true and correct copy of a letter from Chase Home Finance LLP to U.S. Bank National Association dated November 10, 2010, previously produced in this action at USBCOMMERZ01220942.

322.     Attached hereto as Exhibit 317 is a true and correct copy of cited excerpts of the transcript of the deposition of Charles Pedersen in *Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116 (S.D.N.Y.) dated October 24, 2017, previously produced in this action at USBCOMMERZ01220336.

323.     Attached hereto as Exhibit 318 is a true and correct copy of a letter from JPMorgan Chase Bank, N.A. to U.S. Bank National Association dated May 16, 2011, previously produced in this action at USBCOMMERZ00950268.

324.     Attached hereto as Exhibit 319 is a true and correct copy of a letter dated June 21, 2011 previously produced in this action at USBCOMMERZ00744422 and marked as Deposition Exhibit 692 entered in the deposition of Charles Pedersen in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.).

325.     Attached hereto as Exhibit 320 is a true and correct copy of the Notice of Trust Instruction Petition dated May 9, 2017, previously produced in this action at USBCOMMERZ01727940.

326.     Attached hereto as Exhibit 321 is a true and correct copy of a letter from Wells Fargo dated May 1, 2012, previously produced in this action at USBCOMMERZ00757677.

327.     Attached hereto as Exhibit 322 is a true and correct copy of a letter from Select Portfolio Servicing, Inc. dated June 12, 2012, previously produced in this action at USBCOMMERZ00874375.

328.     Attached hereto as Exhibit 323 is a true and correct copy of a spreadsheet created by U.S. Bank, previously produced in this action at USBCOMMERZ01718674.

329.     Attached hereto as Exhibit 324 is a true and correct copy of a letter from Bank of America dated August 6, 2012, previously produced in this action at USBCOMMERZ00829125.

330.     Attached hereto as Exhibit 325 is a true and correct copy of a letter from Gibbs and Bruns dated April 30, 2014, previously produced in this action at USBCOMMERZ01411654.

331.    Attached hereto as Exhibit 326 is a true and correct copy of U.S. Bank National Association's March 2, 2009 Management's Assertion of Compliance with RegAB, previously produced in this action at USBCOMMERZ00993227.

332.    Attached hereto as Exhibit 327 is a true and correct copy of cited excerpts of the transcript of the 30(b)(6) deposition of Eve Kaplan *in Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-10116 (Feb. 2, 2018), previously produced in this action at USBCOMMERZ00992505.

333.    Attached hereto as Exhibit 328 is a true and correct copy of a Distribution Package for GSAMP 2006-HE6 dated September 25, 2009, previously produced in this action at USBCOMMERZ00390887.

334.    Attached hereto as Exhibit 329 is a true and correct copy of a December 2011 document prepared by U.S. Bank, previously produced in this action at USBCOMMERZ00383895

335.    Attached hereto as Exhibit 330 is a true and correct copy of excerpts from U.S. Bank's Responses and Objections to Plaintiff's First Request for Admission, in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.), dated April 16, 2019.

336.    Attached hereto as Exhibit 331 is a true and correct copy of a Moody's Research Document dated April 5, 2012.

337.    Attached hereto as Exhibit 332 is a true and correct copy of a Moody's Research Document dated May 3, 2011.

338.    Attached hereto as Exhibit 333 is a true and correct copy of a document dated April 30, 2007, previously produced in this action at USBCOMMERZ01185614.

339.    Attached hereto as Exhibit 334 is a true and correct copy of a document dated August 1, 2012, previously produced in this action at USBCOMMERZ00381331.

340.    Attached hereto as Exhibit 335 is a true and correct copy of a letter from EMC Mortgage Corporation to Bank of America Merrill Lynch dated October 28, 2010, previously produced in this action at BANACMRZ000169195.

341.    Attached hereto as Exhibit 336 is a true and correct copy of the Consent Order by JPMorgan Chase & Co. and EMC Mortgage Corporation with the Board of Governors of the Federal Reserve System, dated April 13, 2011.

342.    Attached hereto as Exhibit 337 is a true and correct copy of an email dated October 25, 2010, previously produced in this action at BANACMRZ000458933.

343.    Attached hereto as Exhibit 338 is a true and correct copy of an email concerning a news article dated August 31, 2011, previously produced in this action at USBCOMMERZ00901819.

344.    Attached hereto as Exhibit 339 is a true and correct copy of the summons and notice filed in *Assured Guar. Mun. Corp. v. DLJ Mortg. Capital Inc.*, No. 652837/2011 (Sup. Ct. N.Y. Cty.) dated October 17, 2011, previously produced in this action at USBCOMMERZ01566401.

345.    Attached hereto as Exhibit 340 is a true and correct copy of a letter from Assured Guaranty to U.S. Bank for CSAB 2006-4 dated September 19, 2011, previously produced in this action at USBCOMMERZ01667883.

346.    Attached hereto as Exhibit 341 is a true and correct copy of a letter from Assured Guaranty to U.S. Bank for CSAB 2006-4 dated May 18, 2012, previously produced in this action at USBCOMMERZ01671869.

347.    Attached hereto as Exhibit 342 is a true and correct copy of a letter sent by Assured Guaranty to U.S. Bank for CSAB 2006-4, dated January 9, 2013, previously produced in this action at USBCOMMERZ01671898.

348.    Attached hereto as Exhibit 343 is a true and correct copy of cited excerpts of the transcript of the deposition of Timothy Pillar in *Commerzbank AG v. U.S. Bank, Nat'l Ass'n*, No. 1:16-cv-04569 dated November 28, 2018.

349.    Attached hereto as Exhibit 344 is a true and correct copy of letter to Timothy Pillar dated November 18, 2014, previously produced in this action at USBCOMMERZ01545181.

350.    Attached hereto as Exhibit 345 is a true and correct copy of U.S. Bank's memorandum of law in support of its proposed intervenor complaint filed in *Assured Guar. Mun. Corp. v. DLJ Mortg. Capital Inc.*, No. 652837/2011 (Sup. Ct. N.Y. Cty.) dated November 20, 2014, previously produced in this action at USBCOMMERZ01410872.

351.    Attached hereto as Exhibit 346 is a true and correct copy of the Transcript of Oral Argument on Motion to Intervene in *Assured Guar. Mun. Corp. v. DLJ Mortg. Capital Inc.*, No. 652837/2011 (Sup. Ct. N.Y. Cty.) dated March 5, 2015, and filed March 11, 2015.

352.    Attached hereto as Exhibit 347 is a true and correct copy of an order denying U.S. Bank's motion to intervene in *Assured Guar. Mun. Corp. v. DLJ Mortg. Capital Inc.*, No. 652837/2011 (Sup. Ct. N.Y. Cty.) dated March 5, 2015.

353.    Attached hereto as Exhibit 348 is a true and correct copy of the Citigroup RMBS Trust Settlement Agreement, entered into on April 7, 2014 and modified on December 5, 2014, previously produced in this action at USBCOMMERZ01200135.

354.    Attached hereto as Exhibit 349 is a true and correct copy of the First Amended Petition for *In re U.S. Bank, Nat'l Ass'n*, No. 653902/2014 (Sup. Ct. N.Y. Cty.).

355.    Attached hereto as Exhibit 350 is a true and correct copy of the RMBS Trust Settlement including JP Morgan, previously produced in this action at USBCOMMERZ00976997.

356.    Attached hereto as Exhibit 351 is a true and correct copy of the Certificateholder distribution summary for August 2011 for GSAMP 2006-HE5.

357.    Attached hereto as Exhibit 352 is a true and correct copy of the Department of Justice Settlement Agreement Annex for JP Morgan, dated November 19, 2013.

358.    Attached hereto as Exhibit 353 is a true and correct copy of the annual statement of compliance for the year ending 2011 from PHH Mortgage Corporation dated February 29, 2012, previously produced in this action at USBCOMMERZ01079347.

359.    Attached hereto as Exhibit 354 is a true and correct copy of Defendant U.S. Bank National Association's Supplemental Objections and Responses to Interrogatories 1 and 9 in Plaintiff's First Set of Interrogatories in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated February 26, 2019.

360.    Attached hereto as Exhibit 355 is a true and correct copy of cited excerpts of the transcript of the deposition of Elizabeth Taraila in *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 16-cv-04569 (S.D.N.Y.) dated January 18, 2019.

361.    Attached hereto as Exhibit 356 is a true and correct copy of a letter from Select Portfolio Servicing, Inc. dated August 14, 2012, previously produced in this action at USBCOMMERZ00921946.

362.    Attached hereto as Exhibit 357 is a true and correct copy of a letter from Wells Fargo dated July 6, 2012, previously produced in this action at USBCOMMERZ00921940.

363.    Attached hereto as Exhibit 358 is a true and correct copy of the final certification for MARM 2007-HF2 dated October 29, 2007, previously produced in this action at USBCOMMERZ00884522.

364.    Attached hereto as Exhibit 359 is a true and correct copy of the Interagency Review of Foreclosure Policies and Practices, previously produced in this action at USBCOMMERZ01235438.

365.    Attached hereto as Exhibit 360 is an exhibit prepared by my law firm compiling true and correct excerpted copies of remittance reports.

366.    Attached hereto as Exhibit 361 is an exhibit prepared by my law firm compiling true and correct copies of U.S. Bank's annual reports.

367.    Attached hereto as Exhibit 362 is an exhibit prepared by my law firm compiling true and correct copies of BANA's annual reports.

368.    Attached hereto as Exhibit 363 is a true and correct copy of a document previously produced in this action at BANACMRZ000501474.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 1, 2019                              /s/ Ryan A. Kane
   New York, New York                    Ryan A. Kane