# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

_____

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

October 25, 2019

*By ECF*
The Honorable William H. Pauley III
United States District Court Judge
United States District Court for the Southern District of New York
500 Peral Street, Courtroom 20B
New York, New York 10007-1312

Re:  *Commerzbank AG v. U.S. Bank Nat'l Ass'n, et al.*, No. 16-cv-04569
**Notice of Supplemental Authority**

Dear Judge Pauley:

We write to submit as supplemental authority to Plaintiff's opposition to summary judgment papers (ECF Nos. 319, 322-29) the recent decision of Judge Stein in *National Credit Union Administration Board v. Deutsche Bank National Trust Company*, No. 14-cv-8919 (SHS), 2019 WL 5190889 (S.D.N.Y. Oct. 15, 2019) (Exhibit 1).

Judge Stein rejected arguments concerning *Fixed Income Shares: Series M v. Citibank, N.A.*, 157 A.D.3d 541 (1st Dep't 2018) and *Blackrock Balanced Capital Portfolio (FI) v. U.S. Bank Nat'l Ass'n*, 165 A.D.3d 526 (1st Dep't 2018) that are essentially identical to Defendants' arguments here, *see* USB Br. at 16-17 (ECF No. 307); BANA Br. at 32-24 (ECF No. 302), endorsing the many cases in this district cited by Plaintiff, including the motion to dismiss decision by Your Honor in this case, concerning the prevention doctrine. *See* Pltf's Br. at 35-38 (ECF No. 322). *NCUA v. Deutsche Bank* holds that these cases are "better reasoned than the short, vague First Department decisions cited by [the defendant]," and that:

> Because the First Department never expounded on its "active conduct" distinction nor explained why an RMBS trustee should be able to avoid alleged liability for breach of contract on a technicality that came about through its own alleged wrongdoing, the Court is persuaded that "the [New York] Court of Appeals would decide otherwise." *Reddington,* 511 F.3d at 133. NCUA has plausibly alleged that EODs did occur, and the Court will not dismiss its breach of contract claims on grounds that they did not.

*NCUA v. Deutsche Bank*, 2019 WL 5190889, at *15.

Judge Stein also rejected the defendant's argument that the summary order, *Bakal v. U.S. Bank Nat'l Ass'n*, 747 F. App'x 32 (2d Cir. 2019), supported its position relating to the prevention doctrine (the same argument BANA makes here (BANA Br. at 24-25)) because "the *Bakal* panel did not mention the prevention doctrine nor engage with the aforementioned First Department cases." *Id.* at *15 n.13.

With respect to pre-Event of Default claims, the court held that *Commerce Bank v. Bank of New York Mellon*, 141 A.D.3d 413 (1st Dep't 2016) "[did] not purport to change the law and cites to Southern District of New York RMBS cases favorably," *NCUA v. Deutsche Bank*, 2019 WL 5190889, at *14, and does not therefore undercut the decisions in this District, including the motion to dismiss decision in this case, holding that a trustee has a duty to "nose to the source" and to take action upon notice or discovery. *Id.* at *14-15 (citing *BlackRock Allocation Target Shares: Series* S. *Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 247 F. Supp. 3d 377, 393 (S.D.N.Y. 2017) and *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, 277 F. Supp. 3d 483, 492 (S.D.N.Y. 2017)).[1]

Very respectfully,

*/s/ Ryan A. Kane*

Ryan A. Kane

Attachment
cc: Counsel of Record (via ECF)

---

[1] Although Judge Stein dismissed the plaintiffs' tort claims based on the economic loss doctrine, Judge Stein recognized that there is a split among courts in this district. *Id.* at *17 (recognizing that Your Honor's motion to dismiss decision allowed tort claims to proceed). Plaintiff believes that its tort claims are proper for the reasons previously stated in its opposition. *See* Pltf's Br. at 39-45 (ECF No. 322).