```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------  X
                                          :
COMMERZBANK AG,                           :    16cv4569 (DLC)
                                          :
                    Plaintiff,            :    ORDER
                                          :
          -v-                             :
                                          :
U.S. BANK N.A., et al.,                   :
                                          :
                    Defendants.           :
                                          :
----------------------------------------  X
```

DENISE COTE, District Judge:

The plaintiff in this case alleges contract and tort claims involving a number of residential mortgage-backed securities trusts. In 2019, the defendants moved for summary judgment on a number of grounds, including that the plaintiff lacked standing to pursue claims regarding trust certificates that it had subsequently sold. One of those sold certificates is known as CSAB 2006-4 A6A. In an Opinion of April 28, 2020 (the "April 2020 Opinion"), Judge Pauley, to whom this case was previously assigned, agreed and granted summary judgment to the defendants on claims stemming from sold certificates. Commerzbank AG v. U.S. Bank Nat'l Ass'n, 457 F.Supp.3d 233, 243 (S.D.N.Y. 2020). The plaintiff's motion for reconsideration of the April 2020 Opinion's reasoning on sold certificates was denied on February 16, 2021. Commerzbank AG v. U.S. Bank Nat'l Ass'n, No. 16cv4569, 2021 WL 603045, at *2-3 (S.D.N.Y. Feb. 16, 2021).

After this case was reassigned to this Court, the parties highlighted an inconsistency in the April 2020 Opinion. The April 2020 Opinion at one point lists CSAB 2006-4 A6A as a sold certificate, 457 F.Supp.3d at 241 n.5, and thereby claims to dismiss the plaintiff's claims related to CSAB 2006-4 A6A for lack of standing. But in a footnote cataloging the plaintiffs' surviving claims ("Footnote 45"), the April 2020 Opinion lists the plaintiff's tort claims involving CSAB 2006-4 A6A as among those surviving. Id. at 263 n.45.

The parties do not dispute that CSAB 2006-4 A6A is a sold certificate and the plaintiff does not move again for reconsideration of the April 2020 Opinion's reasoning granting the defendants' motion for summary judgment on all claims related to sold certificates. The defendants suggest that the tort claims involving CSAB 2006-4 A6A were erroneously listed as surviving claims in Footnote 45, and the Court agrees. Accordingly, it is hereby

ORDERED that summary judgment is granted to the defendants on the plaintiff's tort claims involving CSAB 2006-4 A6A nunc pro tunc as of April 28, 2020.

Dated:   New York, New York
         September 9, 2021

                                    _____
                                          DENISE COTE
                                    United States District Judge