```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
COMMERZBANK A.G.,                        :    16cv4569 (DLC)
                                         :
                    Plaintiff,           :    OPINION AND ORDER
          -v-                            :
                                         :
U.S. BANK N.A.,                          :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Ryan Anthony Kane
Brad Jeffrey Axelrod
Bridget Elizabeth Croutier
Christian Skinner-Klee
David H Wollmuth
Grant Bercari
Jay Gerald Safer
Maxwell George Dillan
Melissa Ann Finkelstein
Michael Christopher Ledley
Philip Ransom Schatz
Roselind Franciska Hallinan
Scott C Ferrier
Sean Patrick McGonigle
Steven Sanford Fitzgerald
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10110

Niraj Jayant Parekh
Barnes & Thornburg LLP
390 Madison Avenue
12th Floor
New York, NY 10017

For defendant:
David F. Adler
Erik Doughty
Michael T. Marcucci

Jones Day (Boston)
100 High Street
Boston, MA 02110

David Leichtman
Lechtman Law PLLC
228 East 45th Street
Suite 605
New York, NY 10017

Michael Collyard
Thomas M. Ferndt
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 Lasalle Plaza, 800 Lasalle Avenue
Minneapolis, MN 55402

Albert J. Rota
Jones Day (NYC)
250 Vesey Street
34th Floor
New York, NY 10281

Amanda Rose Parker
Calland Ferraro
Jeff Smith
Joseph Cassalia Barry
Joseph Zachary Czerwien
Louis A. Chaiten
Shimson Balanson
Jones Day (Cleveland)
901 Lakeside Avenue
Cleveland, OH 44114

Samuel Lewis Walling
Jones Day (Minneapolis)
90 S. 7th St.
Ste. 4950
Minneapolis, MN 55402

DENISE COTE, District Judge:

    Plaintiff Commerzbank A.G. ("Commerzbank") has moved to reopen the case so that it can file a motion to reconsider a summary judgment opinion, issued nearly two years ago, based on

2

a change in Ohio law that occurred a year ago. For the reasons given below, Commerzbank's request is untimely. Its motion is therefore denied.

## **Background**

This Court assumes familiarity with the prior Opinions issued in this case and summarizes only the facts necessary to decide this motion. See Commerzbank A.G. v. U.S. Bank Nat'l Ass'n, 277 F. Supp. 3d 483 (S.D.N.Y. 2017) ("Commerzbank I"); Commerzbank AG v. U.S. Bank Nat'l Ass'n, 457 F. Supp. 3d 233 (S.D.N.Y. 2020) ("Commerzbank II"). This case arises out of Commerzbank's investment between 2005 and 2007 in residential mortgage-backed security ("RMBS") trust certificates. Commerzbank II, 457 F. Supp. 3d at 238–39. On December 28, 2015, Commerzbank brought suit against U.S. Bank N.A. ("U.S. Bank") and Bank of America N.A. ("Bank of America") in the Southern District of Ohio, alleging that they breached their duty as RMBS trustees to monitor, notify, and take action against the providers of the mortgages making up the trust for breaches of the trusts' governing documents. Id. at 239. The case was transferred to the Southern District of New York in 2016, and assigned to the Honorable William H. Pauley III.

On September 27, 2017, Judge Pauley granted in part the defendants' motion to dismiss Commerzbank's claims, dismissing all claims arising from 17 of the trusts at issue. Commerzbank

I, 277 F. Supp. 3d at 499–501. Commerzbank and Bank of America agreed to settle their claims on December 11, 2019, and stipulated to a dismissal of the claims against Bank of America on February 19, 2020. Afterward, only Commerzbank's claims against U.S. Bank remained. Those claims arose from 56 trusts. Commerzbank II, 456 F. Supp. 3d at 238, 240.

On April 28, 2020, Judge Pauley granted in part U.S. Bank's motion for summary judgment on the claims against it. Id. at 263. With that decision, all that remained for trial were the plaintiff's claims regarding eight certificates ("Trial Certificates"). Id. at 263 n.43.

Relevant here, summary judgment was granted against Commerzbank's claims arising from 51 certificates held by German entities, because those claims were barred by the statute of limitations. Id. at 245, 263. Judge Pauley found that Ohio law determined the applicable statute of limitations, but that Ohio law required claims arising from the German certificates to be timely under Germany's three-year statute of limitations. Id. at 244–45. Because Commerzbank's causes of action had accrued as early as 2007, Judge Pauley dismissed Commerzbank's claims arising from the German certificates ("German Certificates"). Id. at 246–48.

Commerzbank moved to reconsider the summary judgment decision on May 12, 2020, arguing, among other things, that its

4

claims arising from the German Certificates were not time barred. Commerzbank's motion was denied on February 16, 2021. Commerzbank AG v. U.S. Bank Nat'l Ass'n, 16CV04569, 2021 WL 603045 (S.D.N.Y. Feb. 16, 2021), modified by 2021 WL 4124509 (S.D.N.Y. Sept. 9, 2021).

After the decision on the summary judgment motion issued, the parties began the most time-consuming and expensive part of the discovery process, which they termed Phase 2 expert discovery. During this period, the parties engaged in loan-level re-underwriting and performed their damages calculations. In August 2021, they exchanged seven expert reports. Two more reports were exchanged in September 2021, and expert depositions were taken during October and November of 2021. Daubert motions were filed in December 2021.

Meanwhile, the case was reassigned to this Court on July 27, 2021. In August, the parties submitted letters describing the status of the litigation and jointly proposed a schedule for the completion of discovery and the filing of the pretrial order on March 25, 2022. In its letter summarizing the status of the litigation, Commerzbank explained that Judge Pauley had used Ohio choice-of-law principles to dismiss some of its claims under Germany's statute of limitations. On September 7, this Court adopted the parties' proposed schedule and placed the action on the June 2022 trial ready calendar. The Court also

5

required the parties to engage in settlement discussions in October before their preferred forum. The parties thereafter began serious settlement discussions and selected a mediator.

On February 8, 2022, after the parties had filed their Daubert motions, Commerzbank and U.S. Bank informed the Court that they had reached a settlement in principle regarding Commerzbank's claims arising from Trial Certificates. They anticipated filing a stipulation of dismissal with prejudice by the end of the month and requested a stay of the litigation. The next day, the Court issued an Order discontinuing the case, giving the parties 30 days to move to restore the action.

On March 8, 2022 -- two days before the 30-day period was set to expire, and one day after it had received its settlement payment -- Commerzbank moved to reopen the case. Commerzbank expressed its intention to move for reconsideration with respect to 18 of the German Certificates dismissed in the April 28, 2020 summary judgment Order. Commerzbank explained that it would argue on reconsideration that an intervening change in Ohio law, which had retroactive effect, no longer required Commerzbank's claims on the German Certificates to be timely under German law. Commerzbank added that the motion regarding the German Certificates would not affect the settlement that the parties had just concluded.

6

The change in Ohio law on which Commerzbank was relying in its March 8 request occurred almost precisely one year earlier: on March 11, 2021.  This was a little over a month after Judge Pauley had denied Commerzbank's motion for reconsideration of his decision finding the claims on the German Certificates untimely.  The statute took effect roughly eight months before Commerzbank's pending motion, that is, on June 16, 2021.  See Ohio Rev. Code Ann. § 2305.03(B); 2021 Ohio Laws 1 (S.B. 13).

This Court issued an Order on March 9, 2022 reopening the action with respect to the certificates that were not subject to the parties' settlement.  It required the parties to submit briefs solely addressing the timeliness of Commerzbank's request to reopen the case in order to move for reconsideration of the 2020 Opinion.  Commerzbank filed its brief on March 15.  It argues that the amendment to the Ohio law "probably would have changed" Judge Pauley's ruling regarding the German Certificates.  U.S. Bank filed an opposition brief on March 18, and Commerzbank replied on March 21.

## Discussion

Local Rule 6.3 requires that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."  Commerzbank expressed its intention to move for reconsideration

7

on March 8, 2022 -- almost two years after the issuance of the summary judgment opinion it seeks to have reconsidered, and almost a year after the enactment of the Ohio law providing the basis for its motion.  Multiple courts in this District have held that failure to comply with Local Rule 6.3 provides a sufficient basis to deny a motion for reconsideration.  See McGraw-Hill Global Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases).  Commerzbank's application to file a motion for reconsideration is therefore untimely.

Commerzbank argues that Local Rule 6.3 does not apply to motions for reconsideration based on intervening changes in law, and that its motion is therefore timely.  Nothing in the text of the rule, however, contains any such exclusion.  See Local Civ. R. 6.3.  At most, Rule 6.3's fourteen-day clock might restart when an intervening change in law occurs.  See Palin v. N.Y. Times Co., 482 F. Supp. 3d 208, 224 n.15 (S.D.N.Y. 2020).  But the Ohio statute providing the basis for Commerzbank's planned motion for reconsideration became law on March 11, 2021, and took effect on June 16, 2021.  See Ohio Rev. Code Ann. § 2305.03(B).  Even if the fourteen-day clock restarted on each of these dates, Commerzbank's request is untimely.

Commerzbank also points to Federal Rule of Civil Procedure 54(b), which states that a district court's opinion "may be

8

revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." But just because a district court has the authority to alter its decision does not mean that it must or should do so.  In particular, district courts may adopt and enforce local rules consistent with the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 83(a)(1).  Here, Local Rule 6.3 imposes a time limit on motions for reconsideration that Commerzbank has not met. Commerzbank's application to submit a motion for reconsideration may therefore be denied as untimely, and Rule 54(b) does not require otherwise.

Commerzbank argues that its delay moving for reconsideration should be forgiven because it only "discovered" the change in Ohio law while "engaged in productive settlement discussions" regarding the Trial Certificates.  It admits that it did not advise opposing counsel or the Court at that time of either the change in the law or its intention to move for reconsideration of the 2020 summary judgment decision.[1]  Instead, it waited until after it had received the settlement payment from U.S. Bank to advise the Court of its desire to move for reconsideration.  Whether due to strategic considerations or

---

[1] Commerzbank has not identified the date on which it became aware of the change in Ohio law, even after U.S. Bank pointed out in its opposition brief that Commerzbank was being "cagey" about exactly when it learned of the change.

9

simply lack of diligence, this delay is not excusable. See Gonzalez v. Crosby, 545 U.S. 524, 537 (2005); Off. Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 168 (2d Cir. 2003).

Moreover, reopening the case now would prejudice the defendant. Had Commerzbank raised the issue in a timely manner, and had it prevailed both on the motion for reconsideration and in defeating each of U.S. Bank's summary judgment arguments regarding the German Certificates, its claims under the German Certificates could have been litigated concurrently with its other claims. In particular, the Phase 2 expert discovery could have incorporated the German Certificates and the 15 separate expert reports, their related 11 Daubert motions, and each of the expert depositions could have addressed all of the certificates destined for trial. Instead, Commerzbank's delay allowed it to pocket the money from the settlement of the claims on the Trial Certificates, while keeping its arguments regarding the German Certificates in reserve. This tactical choice was made even though it ran the risk of increasing the cost and length of this litigation. Reopening the case would create perverse incentives and encourage gamesmanship.

As importantly, Commerzbank's delay deprived the district court of almost a year of time in which to manage this litigation in the most effective way. Commerzbank's attempt to

10

restart expensive and time-consuming Phase 2 expert discovery on 18 Certificates first issued nearly two decades ago, on a schedule of its own choosing instead of one managed by a court that has a complete understanding of the parties' claims and positions, is inconsistent with "the just, speedy, and inexpensive determination" of its claims.  Fed. R. Civ. P. 1.

Finally, in its reply brief Commerzbank argues that it would promote judicial efficiency to consider Ohio's updated statute of limitations on a motion for reconsideration. Commerzbank argues that a failure to address the merits of its motion for reconsideration now will leave consideration of those merits for the appellate process, where the Court of Appeals will be "compelled" to reverse the summary judgment Opinion. The Court of Appeals will, of course, decide for itself what arguments have been properly preserved for appeal.  On this record, however, Commerzbank has not shown that this case should be reopened by this Court to permit it to bring an untimely motion for reconsideration.

## Conclusion

Commerzbank's March 8, 2022 motion is denied. The Clerk of Court shall close the case.

Dated:     New York, New York
           March 25, 2022

                                        _____
                                        DENISE COTE
                                        United States District Judge