```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
COMMERZBANK A.G.,                        :
                        Plaintiff,       :
                                         :        16cv4569 (DLC)
              -v-                        :
                                         :        OPINION AND
U.S. BANK NATIONAL ASSOCIATION,          :           ORDER
                                         :
                        Defendant.       :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Jay S. Handlin
David H. Wollmuth
R. Scott Thompson
Roselind F. Hallinan
Grant J. Bercari
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue, 12th Floor
New York, New York 10110

For defendant:
Michael T. Marcucci
David F. Adler
Jones Day
100 High Street, 21st Floor
Boston, MA 02100-1781

Louis A. Chaiten
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

Samuel L. Walling
Jones Day
90 South Seventh Street, Suite 4950
Minneapolis, Minnesota 55402

Albert J. Rota
2727 N. Harwood Street, Suite 500

Dallas, Texas 75201-1515

DENISE COTE, District Judge:

The defendant, U.S. Bank, seeks reconsideration of prior rulings that the plaintiff's tort and contract claims are not duplicative.  See Commerzbank AG v. U.S. Bank Nat'l Assoc., 277 F. Supp. 3d 483 (S.D.N.Y. 2017) ("Commerzbank I"); Commerzbank AG v. U.S. Bank Nat'l Assoc., 457 F. Supp. 3d 233 (S.D.N.Y. 2020), as modified by 2021 WL 4124509 (S.D.N.Y. Sep. 9, 2021) ("Commerzbank II").  For the following reasons, the motion is denied.

## Background

This Opinion assumes familiarity with the prior Opinions issued in this case, including the recent decision by the Court of Appeals, Commerzbank AG v. U.S. Bank, N.A., 100 F.4th 362 (2d Cir. 2024) ("Commerzbank III"), and summarizes only the facts necessary to decide this motion.  This case arises out of Commerzbank's investment between 2005 and 2007 in residential mortgage-backed security ("RMBS") trust certificates.  On December 28, 2015, Commerzbank A.G. ("Commerzbank") brought suit against U.S. Bank and Bank of America N.A. ("Bank of America") in the Southern District of Ohio, alleging that they breached their duty as RMBS trustees to monitor, notify, and take action against the providers of the mortgages making up the trust for

2

breaches of the trusts' governing documents.  The case was transferred to the Southern District of New York in 2016 and assigned to the Honorable William H. Pauley III.

On September 27, 2017, Judge Pauley granted in part the defendants' motion to dismiss Commerzbank's claims.  Judge Pauley dismissed all claims arising from 17 of the trusts that contained "no-action clauses" in the underlying agreements. Commerzbank I, 277 F. Supp. 3d at 495-96.  Judge Pauley held that the no-action clauses barred Commerzbank's claims as to these trusts because Commerzbank failed to make a demand to sue on the trust administrators and securities administrators before initiating this litigation against the trustee.  Id. at 496. Relevant here, Judge Pauley further held that Commerzbank's tort claims on the remaining trusts were not barred by the "economic loss rule," nor were they barred as duplicative of Commerzbank's contract claims.  Id. at 496-98.

Commerzbank and Bank of America agreed to settle their claims on December 11, 2019, and stipulated to a dismissal of the claims against Bank of America on February 19, 2020. Afterward, only Commerzbank's claims against U.S. Bank arising from 56 trusts remained.

On April 28, 2020, Judge Pauley granted in part U.S. Bank's motion for summary judgment on the remaining claims against it.

3

Commerzbank II, 457 F. Supp. 3d at 263.  U.S. Bank's motion was granted as to the claims arising from all but one of the trusts with no-action clauses in the underlying agreements.  Id. at 261.  As to the tort claims on the remaining trusts, Judge Pauley held again that the economic loss doctrine did not bar the tort claims.  Id. at 262.  He noted that the plaintiff's tort claims arose from duties that are independent from the contractual duties and that the tort claims were not identical to the contract claims.  Id. at 261.  Commerzbank moved to reconsider summary judgment on other grounds.  The motion was denied on February 16, 2021.  Commerzbank AG v. U.S. Bank Nat'l Ass'n, 16cv0459, 2021 WL 603045 (S.D.N.Y. Feb. 16, 2021), modified by 2021 WL 4124509 (S.D.N.Y. Sept. 9, 2021).

The case was reassigned to this Court on July 27, 2021.  On February 8, 2022, Commerzbank and U.S. Bank informed the Court that they had settled the case.  The next day, the Court issued an Order discontinuing the case, giving the parties 30 days to move to restore the action.  On March 8, Commerzbank moved to reopen the case and expressed its intent to move for reconsideration with respect to some of the certificates dismissed in the April 28, 2020 summary judgment Order.  On March 25, the motion to reopen was denied and the case was

4

closed.  Commerzbank AG v. U.S. Bank Nat'l Ass'n, 16cv0459 (DLC), 2022 WL 884968 (S.D.N.Y. Mar. 25, 2022).

Commerzbank filed an appeal to the Second Circuit on April 18, 2022, challenging, among other things, the decisions on the motions to dismiss and for summary judgment concerning the No Action Trusts.  On April 30, 2024, the Second Circuit vacated dismissal of Commerzbank's claims on the No Action Trusts. Commerzbank III, 100 F.4th at 375-76.  The mandate issued on May 24.

On May 14, U.S. Bank filed this motion for reconsideration, asserting that there has been an intervening change of controlling law.  The motion was fully submitted on June 28.

## Discussion

It is necessary first to consider whether the mandate from the Second Circuit Court of Appeals permits consideration of the motion for reconsideration.  Ordinarily a district court "must proceed in accordance with the mandate as was established by the appellate court" and "has no discretion in carrying out the mandate."  Callahan v. County of Suffolk, 96 F.4th 362, 367 (2d Cir. 2024) (citation omitted).  The Court of Appeals remanded this action for the district court to "decide upon closer inspection whether [certain notice parties] are sufficiently conflicted such that making a demand of them would be as futile

5

an application of the No Action Clauses as demanding that trustees sue themselves." Commerzbank III, 100 F. 4th at 375-76. While the appeal was pending, a decision which the defendant considers critical to this litigation was issued by the New York Court of Appeals. The Second Circuit Court of Appeals has explained that when developments occur after a mandate issues, a district court may diverge from the explicit mandate. Callahan, 96 F.4th at 368. Because the defendant's motion is denied, it is unnecessary to resolve whether the reopening of this litigation to address the motion for reconsideration, based on the issuance of a decision described to the Court of Appeals in a 28(j) letter, is permitted by the mandate.

The standard for granting a motion for reconsideration is "strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). A motion for reconsideration "is not an opportunity for a petitioner to relitigate an issue already decided or present arguments that could have been made before the judgment was entered." Ethridge v. Bell, 49 F.4th 674, 688 (2d Cir. 2022) (citation omitted). A motion for reconsideration may only be granted in "limited circumstances" when the petitioner identifies "an intervening change of controlling law, the availability of new evidence or the need to correct a clear

error or prevent manifest injustice." Id. (citation omitted). The decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Local Rule 6.3 requires any notice of a motion for reconsideration to be filed and served within fourteen days after entry of the challenged order or judgment. S.D.N.Y. L.R. 6.3. A district court "generally has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Commerzbank III, 100 F.4th at 377 (citation omitted). The decision that U.S. Bank argues constitutes an intervening change in law was issued by the New York Court of Appeals in June of 2023, during the pendency of Commerzbank's appeal. See IKB International, S.A. v. Wells Fargo Bank, N.A., 40 N.Y.3d 277 (2023) ("IKB").[1] Finding that this is the first opportunity that Commerzbank has had to argue the significance of IKB for these proceedings, the motion for reconsideration will be deemed to have been timely filed.

U.S. Bank's motion for reconsideration nonetheless fails. U.S. Bank argues that IKB warrants reconsideration of

---

[1] U.S. Bank brought IKB to the attention of the Court of Appeals on June 16, 2023 through a 28(j) letter, but the Second Circuit's decision does not address IKB.

Commerzbank I and Commerzbank II, decisions issued pursuant to motions for dismissal and for summary judgment, respectively. In relevant part, IKB considered whether certain tort claims could be maintained at the same time as certain contract claims in an RMBS litigation and held that the economic loss doctrine "does not have application beyond the products liability context" and thus does not apply to RMBS litigation. IKB, 40 N.Y.3d at 290. IKB then considered whether the tort claims at issue were duplicative of the contract claims and described the test for such an examination. Id. at 290-91.

The defendant has twice argued that the tort and contract claims were duplicative, first in its motion to dismiss and next in its motion for summary judgment. Both times, Judge Pauley rejected this argument. In Commerzbank I, after determining that the economic loss doctrine did not bar the plaintiff's tort claims, Judge Pauley explicitly considered whether the tort claims were duplicative of the contract claims and found that they were not. 277 F. Supp. 3d at 497-99. Judge Pauley found that Commerzbank's breach of fiduciary duty claims were not duplicative because they "extend to acts that are outside the scope of contractual duties," and that its negligence claims were not duplicative because they arose "out of a separate, extra-contractual duty whose breach may subject the Trustees to

8

tort liability." Id. at 497-98. In Commerzbank II, after reiterating that the economic loss doctrine did not bar the tort claims, Judge Pauley noted again that "[n]one of Commerzbank's tort claims are identical to its contract claims" and that "Commerzbank's tort claims differ from its contract claims." 457 F. Supp. 3d at 261.

The defendant argues that Judge Pauley "invoked" the economic loss doctrine in his analysis. But in addition to evaluating whether the economic loss doctrine applied, Judge Pauley separately found in both Commerzbank I and Commerzbank II that the tort and contract claims are not duplicative. IKB noted that "[a] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." IKB, 40 N.Y.3d at 290. This is the very standard that Judge Pauley applied. Thus, the motion for reconsideration fails.

Conclusion

U.S. Bank's May 14, 2024 motion for reconsideration is denied.

Dated:    New York, New York
          July 18, 2024

_____<br>
DENISE COTE<br>
United States District Judge

9